No. 23-13085

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

IN RE: GEORGIA SENATE BILL 202

Appeal from the U.S. District Court
for the Northern District of Georgia
No. 1:21-mi-55555 (Boulee, J.)

## INTERVENOR-APPELLANTS' OPPOSITION
## TO MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

William Bradley Carver, Sr.
Baxter D. Drennon
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
BCarver@hallboothsmith.com
BDrennon@hallboothsmith.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
(703) 243-9423
patrick@consovoymccarthy.com

Gilbert C. Dickey
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

*Counsel for RNC, NRSC, NRCC, and Georgia Republican Party*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Per Circuit Rule 26.1, Appellants Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and Georgia Republican Party, Inc., certify that the following have an interest in the outcome of this appeal:

1. Abbott, Robert, *Defendant*

2. Abudu, Nancy, *Attorney for Plaintiffs-Appellees*

3. ACLU Foundation of Georgia, *Attorneys for Plaintiffs-Appellees*

4. ACLU Foundation of Georgia, Inc., *Attorneys for Plaintiffs-Appellees*

5. Adegbile, Debo, *Attorney for Plaintiffs-Appellees*

6. Aden, Leah, *Attorney for Plaintiffs-Appellees*

7. Advancement Project, *Attorneys for Plaintiffs-Appellees*

8. Ameri, Mana, *Attorney for Plaintiffs-Appellees*

9. American Civil Liberties Union Foundation of Georgia, *Attorneys for Plaintiffs-Appellees*

10. American Civil Liberties Union Foundation, Inc., *Attorneys for Plaintiffs-Appellees*

11. Andrews, Wanda, *Defendant*

12. Aquino, Nora, *Plaintiff-Appellee*

13. Asian Americans Advancing Justice-Asian Law Caucus, *Attorneys for Plaintiffs-Appellees*

14. Asian Americans Advancing Justice-Atlanta, *Plaintiff-Appellee*

15. Augusta Georgia Law Department, *Attorneys for Defendant*

16. Ausburn, Deborah, *Attorney for Defendants-Appellants*

17. Awuku, George, *Defendant*

18. Banks, Marques, *Attorney for Plaintiffs-Appellees*

19. Banter, James, *Attorney for Defendant*

20. Barnes, Sherry, *Defendant*

21. Barron, Richard, *Defendant*

22. Bartolomucci, Christopher, *Attorney for Defendants-Appellants*

23. Beausoleil, William, *Attorney for Plaintiffs-Appellees*

24. Beck Owen & Murray, *Attorneys for Defendant*

25. Begakis, Steven, *Attorney for Intervenor-Defendants-Appellants*

26. Belichick, Joseph, *Attorney for Plaintiffs-Appellees*

27. Bell, Jordan, *Attorney for Defendant*

28. Bennette, Matletha, *Attorney for Plaintiffs-Appellees*

29. Bibb County Board of Elections, *Defendant*

30. Bibb County Board of Registrars, *Defendant*

31. Black Voters Matter Fund, *Plaintiff-Appellee*

32. Blender, Matthew, *Defendant*

33. Bloodworth, Kristin, *Attorney for Defendant*

34. Boone, Annika, *Attorney for Defendants-Appellants*

35. Boulee, Jean-Paul, *District Court Judge*

36. Bowman, Brad, *Attorney for Defendant*

37. Boyle, Donald, *Attorney for Defendants-Appellants*

38.    Broder, Karl, *Attorney for Defendant*

39.    Brooks, Jessica, *Defendant*

40.    Brooks, Sofia, *Attorney for Plaintiffs-Appellees*

41.    Brown, Marcia, *Defendant*

42.    Bruning, Stephen, *Defendant*

43.    Bruning, Steven, *Defendant*

44.    Bryan, Bennett, *Attorney for Defendant*

45.    Burwell, Kaye, *Attorney for Defendant*

46.    Campbell-Harris, Dayton, *Attorney for Plaintiffs-Appellees*

47.    Carver, William, *Attorney for Intervenor-Defendants-Appellants*

48.    Cathey, Thomas, *Attorney for Defendant*

49.    Chalmers, Adams, Backer & Kaufman, LLC, *Attorneys for Defendant*

50.    Chatham County Attorney, *Attorneys for Defendant*

51.    Chatham County Board of Elections, *Defendant*

52.    Chatham County Board of Registrars, *Defendant*

53.    Clarke County Board of Election and Voter Registration, *Defendant*

54.    Clayton County Board of Elections and Registration, *Defendant*

55.    Cobb County Board of Elections and Registration, *Defendant*

56.    Cochran, Ken, *Defendant*

57.    Columbia County Board of Elections, *Defendant*

58.    Columbia County Board of Registrars, *Defendant*

59.    Common Cause, *Plaintiff-Appellee*

60.    Consovoy McCarthy PLLC, *Attorneys for Intervenor-Defendants-Appellants*

61. Cramer, Raisa, *Attorney for Plaintiffs-Appellees*

62. Crawford, Teresa, *Defendant*

63. Crawford, Teresa, *Defendant*

64. Crowell & Moring, LLP, *Attorneys for Plaintiffs-Appellees*

65. Cushman, Ann, *Defendant*

66. Cusick, John, *Attorney for Plaintiffs-Appellees*

67. Dasgupta, Riddhi, *Attorney for Defendants-Appellants*

68. Dave, Charles, *Defendant*

69. Davenport, Jennifer, *Attorney for Defendant*

70. Davis Wright Tremaine LLP, *Attorneys for Plaintiffs-Appellees*

71. Davis, Britton, *Attorney for Plaintiffs-Appellees*

72. Day, Stephen, *Defendant*

73. DeKalb County Board of Registrations and Elections, *Defendant*

74. DeKalb County Law Department, *Attorneys for Defendant*

75. Delta Sigma Theta Sorority, Inc., *Plaintiff-Appellee*

76. Denmark, Emilie, *Attorney for Defendant*

77. Dentons US LLP, *Attorneys for Intervenor-Defendants-Appellants*

78. Deshazior, Zurich, *Defendant*

79. DeThomas, Courtney, *Attorney for Plaintiffs-Appellees*

80. Dianis, Judith, *Attorney for Plaintiffs-Appellees*

81. Dickey, Gilbert, *Attorney for Intervenor-Defendants-Appellants*

82. Dicks, Terence, *Defendant*

83. Dimmick, Brian, *Attorney for Plaintiffs-Appellees*

84. DiStefano, Don, *Defendant*

85. Doss, Travis, *Defendant*

86. Dozier, Shauna, *Defendant*

87. Drennon, Baxter, *Attorney for Intervenor-Defendants-Appellants*

88. Duffie, Wanda, *Defendant*

89. Durbin, Jauan, *Plaintiff-Appellee*

90. Durso, Katherine, *Defendant*

91. Edwards, Gregory, *Defendant*

92. Elias Law Group LLP, *Attorneys for Plaintiffs-Appellees*

93. Ellington, Thomas, *Defendant*

94. Enjeti-Sydow, Anjali, *Plaintiff-Appellee*

95. Evans, James, *Attorney for Defendant*

96. Evans, Rachel, *Attorney for Plaintiffs-Appellees*

97. Evans-Daniel, Karen, *Defendant*

98. Eveler, Janine, *Defendant*

99. Exousia Lighthouse International C.M., Inc, *Plaintiff*

100. Faith In Action Network, *Plaintiff*

101. Falk, Donald, *Attorney for Defendants-Appellants*

102. Fambrough, Willa, *Defendant*

103. Faransso, Tania, *Attorney for Plaintiffs-Appellees*

104. Farrell, Gregory, *Attorney for Plaintiffs-Appellees*

105. Feldsherov, Ilya, *Attorney for Plaintiffs-Appellees*

106. Fenwick & West, LLP, *Attorneys for Plaintiffs-Appellees*

107. Field, Brian, *Attorney for Defendants-Appellants*

108. First Congregational Church, United Church of Christ Incorporated, *Plaintiff-Appellee*

109. Fogelson, Matthew, *Attorney for Plaintiffs-Appellees*

110. Forsyth County Board of Voter Registrations and Elections, *Defendant*

111. Fortier, Lucas, *Attorney for Plaintiffs-Appellees*

112. Foster, Mikayla, *Attorney for Plaintiffs-Appellees*

113. Freeman Mathis & Gary, LLP, *Attorneys for Defendant*

114. Fulton County Attorney's Office, *Attorneys for Defendant*

115. Fulton County Registration and Elections Board, *Defendant*

116. Galeo Latino Community Development Fund, Inc., *Plaintiff-Appellee*

117. Gammage, Keith, *Defendant*

118. Garabadu, Rahul, *Attorney for Plaintiffs-Appellees*

119. Gartland, Pat, *Defendant*

120. Gartland, Pat, *Defendant*

121. Gay, Nancy, *Defendant*

122. Geiger, Debra, *Defendant*

123. Georgia Adapt, *Plaintiff-Appellee*

124. Georgia Advocacy Office, *Plaintiff-Appellee*

125. Georgia Coalition for the People's Agenda, Inc., *Plaintiff-Appellee*

126. Georgia Department of Law, *Attorneys for Defendants-Appellants*

127. Georgia Latino Alliance for Human Rights, Inc., *Plaintiff-Appellee*

128. Georgia Muslim Voter Project, *Plaintiff-Appellee*

129.   Georgia Republican Party, Inc., *Intervenor-Defendant-Appellant*

130.   Georgia State Conference of the NAACP, *Plaintiff-Appellee*

131.   Georgia State Election Board, *Defendant*

132.   Ghazal, Sara, *Defendant*

133.   Gibbs, Fannie, *Plaintiff-Appellee*

134.   Gillon, Thomas, *Defendant*

135.   Givens, Diane, *Defendant*

136.   Gossett, David, *Attorney for Plaintiffs-Appellees*

137.   Greater Works Ministries Network, Inc., *Plaintiff*

138.   Green, Tyler, *Attorney for Intervenor-Defendants-Appellants*

139.   Greenbaum, Jon, *Attorney for Plaintiffs-Appellees*

140.   Greenberg Traurig, LLP, *Attorneys for Defendant*

141.   Groves, Angela, *Attorney for Plaintiffs-Appellees*

142.   Gwinnett County Board of Registrations and Elections, *Defendant*

143.   Gwinnett County Department of Law, *Attorneys for Defendant*

144.   Hall Booth Smith, P.C., *Attorneys for Intervenor-Defendants-Appellants*

145.   Hall County Board of Elections and Registration, *Defendant*

146.   Hall County Government, *Attorneys for Defendant*

147.   Hall, Dorothy, *Defendant*

148.   Hall, John, *Attorney for Intervenor-Defendants-Appellants*

149.   Hamilton, Brittni, *Attorney for Plaintiffs-Appellees*

150.   Hancock, Jack, *Attorney for Defendant*

151.   Hart, Ralph, *Attorney for Defendant*

152. Hart, Twyla, *Defendant*

153. Hasselberg, Emily, *Attorney for Plaintiffs-Appellees*

154. Hayes, Vilia, *Attorney for Plaintiffs-Appellees*

155. Haynie, Litchfield & White, PC, *Attorneys for Defendant*

156. Hazard, Joel, *Defendant*

157. Heard, Bradley, *Attorney for Plaintiffs-Appellees*

158. Heimes, Marianne, *Defendant*

159. Henseler, James, *Attorney for Plaintiffs-Appellees*

160. Herren, Thomas, *Attorney for Plaintiffs-Appellees*

161. Hiatt, Alexandra, *Attorney for Plaintiffs-Appellees*

162. Ho, Dale, *Attorney for Plaintiffs-Appellees*

163. Hodge, Malinda, *Defendant*

164. Houk, Julie, *Attorney for Plaintiffs-Appellees*

165. Hoyos, Luis, *Attorney for Plaintiffs-Appellees*

166. Hughes Hubbard & Reed, *Attorneys for Plaintiffs-Appellees*

167. Hughes, Aileen, *Attorney for Plaintiffs-Appellees*

168. Hull Barrett, PC, *Attorneys for Defendant*

169. Ingram, Randy, *Defendant*

170. Jacoutot, Bryan, *Attorney for Defendants-Appellants*

171. Jaffe, Erik, *Attorney for Defendants-Appellants*

172. Jahangiri, Mahroh, *Attorney for Plaintiffs-Appellees*

173. Jaikumar, Arjun, *Attorney for Plaintiffs-Appellees*

174. James-Bates-Brannan-Groover-LLP, *Attorneys for Defendant*

175.  Jarrard & Davis, LLP, *Attorneys for Defendant*

176.  Jasrasaria, Jyoti, *Attorney for Plaintiffs-Appellees*

177.  Jaugstetter, Patrick, *Attorney for Defendant*

178.  Jedreski, Matthew, *Attorney for Plaintiffs-Appellees*

179.  Jester, Alfred, *Defendant*

180.  Jester, Nancy, *Defendant*

181.  Jhaveri, Sejal, *Attorney for Plaintiffs-Appellees*

182.  Johnson, Aaron, *Defendant*

183.  Johnson, Ben, *Defendant*

184.  Johnson, Darlene, *Defendant*

185.  Johnson, Melinda, *Attorney for Plaintiffs-Appellees*

186.  Johnston, Janice, *Defendant*

187.  Joiner, Amelia, *Attorney for Defendant*

188.  Kanu, Nkechi, *Attorney for Plaintiffs-Appellees*

189.  Kaplan, Mike, *Defendant*

190.  Kastorf Law, LLC, *Attorneys for Plaintiffs-Appellees*

191.  Kastorf, Kurt, *Attorney for Plaintiffs-Appellees*

192.  Kaufman, Alex, *Attorney for Intervenor-Defendants-Appellants*

193.  Keker Van Nest & Peters LLP, *Attorneys for Plaintiffs-Appellees*

194.  Keker Van Nest & Peters LLP, *Attorneys for Plaintiffs-Appellees*

195.  Kemp, Brian, *Defendant-Appellant*

196.  Kennedy, David, *Defendant*

197.  Kennedy, Kate, *Attorney for Plaintiffs-Appellees*

198.  Keogh, William, *Attorney for Defendant*

199.  Khan, Sabrina, *Attorney for Plaintiffs-Appellees*

200.  Khan, Sabrina, *Attorney for Plaintiffs-Appellees*

201.  Kim, Danielle, *Attorney for Plaintiffs-Appellees*

202.  Kingsolver, Justin, *Attorney for Plaintiffs-Appellees*

203.  Klein, Spencer, *Attorney for Plaintiffs-Appellees*

204.  Knapp, Halsey, *Attorney for Plaintiffs-Appellees*

205.  Koorji, Alaizah, *Attorney for Plaintiffs-Appellees*

206.  Krevolin & Horst, LLC, *Attorneys for Plaintiffs-Appellees*

207.  Kucharz, Kevin, *Attorney for Defendant*

208.  Lakin, Sophia, *Attorney for Plaintiffs-Appellees*

209.  Lam, Leo, *Attorney for Plaintiffs-Appellees*

210.  Lang, Antan, *Defendant*

211.  LaRoss, Diane, *Attorney for Defendants-Appellants*

212.  Latino Community Fund of Georgia, *Plaintiff-Appellee*

213.  Lauridsen, Adam, *Attorney for Plaintiffs-Appellees*

214.  Law Office of Gerald R Weber, LLC, *Attorneys for Plaintiffs-Appellees*

215.  Lawyers' Committee for Civil Rights Under Law, *Attorneys for Plaintiffs-Appellees*

216.  League of Women Voters of Georgia, Inc., *Plaintiff-Appellee*

217.  Leung, Kimberly, *Attorney for Plaintiffs-Appellees*

218.  Lewis, Anthony, *Defendant*

219.  Lewis, Joyce, *Attorney for Plaintiffs-Appellees*

220. Lin, Stephanie, *Attorney for Plaintiffs-Appellees*

221. Lindsey, Edward, *Defendant*

222. Lower Muskogee Creek Tribe, *Plaintiff-Appellee*

223. Lowman, David, *Attorney for Defendant*

224. Ludwig, Jordan, *Attorney for Plaintiffs-Appellees*

225. Luth, Barbara, *Defendant*

226. Ma, Eileen, *Attorney for Plaintiffs-Appellees*

227. Mack, Rachel, *Attorney for Defendant*

228. Mahoney, Thomas, *Defendant*

229. Manifold, Zach, *Defendant*

230. Martin, Grace, *Attorney for Defendant*

231. Mashburn, Matthew, *Defendant-Appellant*

232. May, Caitlin, *Attorney for Plaintiffs-Appellees*

233. McAdams, Issac, *Defendant*

234. McCandless, Spencer, *Attorney for Plaintiffs-Appellees*

235. McCarthy, Thomas, *Attorney for Intervenor-Defendants-Appellants*

236. McClain, Roy, *Defendant*

237. McCord, Catherine, *Attorney for Plaintiffs-Appellees*

238. McFalls, Tim, *Defendant*

239. McFarland, Ernest, *Attorney for Plaintiffs-Appellees*

240. McGowan, Charlene, *Attorney for Defendants-Appellants*

241. Mcrae, Colin, *Defendant*

242. Melcher, Molly, *Attorney for Plaintiffs-Appellees*

243. Metropolitan Atlanta Baptist Ministers Union, Inc., *Plaintiff-Appellee*

244. Mijente, Inc., *Plaintiff*

245. Miller, Nicholas, *Attorney for Defendants-Appellants*

246. Milord, Sandy, *Attorney for Defendant*

247. Minnis, Terry, *Attorney for Plaintiffs-Appellees*

248. Mizner, Susan, *Attorney for Plaintiffs-Appellees*

249. Mocine-McQueen, Marcos, *Attorney for Plaintiffs-Appellees*

250. Momo, Shelley, *Attorney for Defendant*

251. Morrison, Tina, *Attorney for Plaintiffs-Appellees*

252. Mosbacher, Jennifer, *Defendant*

253. Motter, Susan, *Defendant*

254. Murchie, Laura, *Attorney for Plaintiffs-Appellees*

255. Murray, Karen, *Defendant*

256. NAACP Legal Defense and Education Fund, Inc., *Attorneys for Plaintiffs-Appellees*

257. *National Association for the Advancement of Colored People, Inc.*, Parent Corporation of Georgia State Conference of the NAACP

258. National Republican Congressional Committee, *Intervenor-Defendant-Appellant*

259. National Republican Senatorial Committee, *Intervenor-Defendant-Appellant*

260. Natt, Joel, *Defendant*

261. Nemeth, Miriam, *Attorney for Plaintiffs-Appellees*

262. Nercessian, Armen, *Attorney for Plaintiffs-Appellees*

*263.*    New Birth Missionary Baptist Church, Inc., *Plaintiff*

264.    Newland, James, *Defendant*

265.    Nguyen, Candice, *Attorney for Plaintiffs-Appellees*

266.    Nguyen, Phi, *Attorney for Plaintiffs-Appellees*

267.    Nkwonta, Uzoma, *Attorney for Plaintiffs-Appellees*

268.    Noa, Jack, *Defendant*

269.    Noland Law Firm, LLC, *Attorneys for Defendant*

270.    Noland, William, *Attorney for Defendant*

271.    Norris, Cameron, *Attorney for Intervenor-Defendants-Appellants*

272.    Norse, William, *Defendant*

273.    Nwachukwu, Jennifer, *Attorney for Plaintiffs-Appellees*

274.    O'Brien, James, *Defendant*

275.    O'Connor, Eileen, *Attorney for Plaintiffs-Appellees*

276.    O'Lenick, Alice, *Defendant*

277.    Olm, Rylee, *Attorney for Plaintiffs-Appellees*

278.    Oxford, Neil, *Attorney for Plaintiffs-Appellees*

279.    Paik, Steven, *Plaintiff-Appellee*

280.    Pant, Shontee, *Attorney for Plaintiffs-Appellees*

281.    Paradise, Loree, *Attorney for Defendants-Appellants*

282.    Parker, Warrington, *Attorney for Plaintiffs-Appellees*

283.    Pelletier, Susan, *Attorney for Plaintiffs-Appellees*

284.    Porter, Megan, *Attorney for Plaintiffs-Appellees*

285.    Powell, Laura, *Attorney for Plaintiffs-Appellees*

286.   Prince, Joshua, *Attorney for Defendants-Appellants*

287.   Pulgram, Laurence, *Attorney for Plaintiffs-Appellees*

288.   Pullar, Patricia, *Defendant*

289.   Qadir, Hunaid, *Defendant*

290.   Radzikinas, Carla, *Defendant*

291.   Raffensperger, Brad, *Defendant-Appellant*

292.   Raffle, Rocky, *Defendant*

293.   Ramahi, Zainab, *Attorney for Plaintiffs-Appellees*

294.   Rich, James, *Attorney for Plaintiffs-Appellees*

295.   Richardson, Jasmyn, *Attorney for Plaintiffs-Appellees*

296.   Richmond County Board of Elections, *Defendant*

297.   Ringer, Cheryl, *Attorney for Defendant*

298.   Rise, Inc., *Plaintiff-Appellee*

299.   Rodriguez, Anthony, *Defendant*

300.   Rosborough, Davin, *Attorney for Plaintiffs-Appellees*

301.   Rosenberg, Ezra, *Attorney for Plaintiffs-Appellees*

302.   Rosenberg, Steven, *Attorney for Defendant*

303.   Russ, John, *Attorney for Plaintiffs-Appellees*

304.   Ruth, Kathleen, *Defendant*

305.   Ryan, Elizabeth, *Attorney for Plaintiffs-Appellees*

306.   Sabzevari, Arash, *Attorney for Defendant*

307.   Sachdeva, Niharika, *Attorney for Plaintiffs-Appellees*

308.   Samuel Dewitt Proctor Conference, Inc., *Plaintiff*

309.   Sankofa United Church of Christ Limited, *Plaintiff*

310.   Schaerr | Jaffe LLP, *Attorneys for Defendants-Appellants*

311.   Schaerr, Gene, *Attorney for Defendants-Appellants*

312.   Scott, William, *Attorney for Defendant*

313.   Seals, Veronica, *Defendant*

314.   Segarra, Esperanza, *Attorney for Plaintiffs-Appellees*

315.   Sells, Bryan, *Attorney for Plaintiffs-Appellees*

316.   Shah, Niyati, *Attorney for Plaintiffs-Appellees*

317.   Sheats, Gala, *Defendant*

318.   Shelly, Jacob, *Attorney for Plaintiffs-Appellees*

319.   Shirley, Adam, *Defendant*

320.   Sieff, Adam, *Attorney for Plaintiffs-Appellees*

321.   Silas, Tori, *Defendant*

322.   Sixth District of the African Methodist Episcopal Church, *Plaintiff-Appellee*

323.   Smith, Casey, *Attorney for Plaintiffs-Appellees*

324.   Smith, Dele, *Defendant*

325.   Smith, Mandi, *Defendant*

326.   Solh, Chahira, *Attorney for Plaintiffs-Appellees*

327.   Solomon, Elbert, *Plaintiff-Appellee*

328.   Sosebee, Charlotte, *Defendant*

329.   Southern Poverty Law Center, *Attorneys for Plaintiffs-Appellees*

330.   Sowell, Gregory, *Attorney for Defendant*

331.   Sparks, Adam, *Attorney for Plaintiffs-Appellees*

332.    Squiers, Cristina, *Attorney for Defendants-Appellants*

333.    Stewart Melvin & Frost, LLP, *Attorneys for Defendant*

334.    Sumner, Stuart, *Attorney for Intervenor-Defendants-Appellants*

335.    Sung, Connie, *Attorney for Plaintiffs-Appellees*

336.    Sung, Connie, *Attorney for Plaintiffs-Appellees*

337.    Swift, Karli, *Defendant*

338.    Szilagyi, Heather, *Attorney for Plaintiffs-Appellees*

339.    Tatum, Tobias, *Attorney for Defendants-Appellants*

340.    Taylor English Duma LLP, *Attorneys for Defendants-Appellants*

341.    Taylor, Wandy, *Defendant*

342.    Thatte, Anuja, *Attorney for Plaintiffs-Appellees*

343.    The ACLU Foundation Disability Rights Program, *Attorneys for Plaintiffs-Appellees*

344.    The Arc of the United States, *Plaintiff-Appellee*

345.    The Concerned Black Clergy of Metropolitan Atlanta, Inc., *Plaintiff-Appellee*

346.    The Georgia State Election Board, *Defendant*

347.    The Justice Initiative, Inc., *Plaintiff-Appellee*

348.    The Law Office of Bryan L. Sells, LLC, *Attorneys for Plaintiffs-Appellees*

349.    The New Georgia Project, *Plaintiff-Appellee*

350.    The Republican National Committee, *Intervenor-Defendant-Appellant*

351.    The State of Georgia, *Defendant-Appellant*

352.    The United States of America, *Plaintiff-Appellee*

353.   The Urban League of Greater Atlanta, Inc., *Plaintiff-Appellee*

354.   Thomas, Ethan, *Attorney for Plaintiffs-Appellees*

355.   Thompson, Grace, *Attorney for Plaintiffs-Appellees*

356.   Till, Ann, *Defendant*

357.   Topaz, Jonathan, *Attorney for Plaintiffs-Appellees*

358.   Trent, Edward, *Attorney for Defendants-Appellants*

359.   Tucker, William, *Attorney for Plaintiffs-Appellees*

360.   Tyson, Bryan, *Attorney for Defendants-Appellants*

361.   Uddullah, Angelina, *Plaintiff-Appellee*

362.   Unger, Jess, *Attorney for Plaintiffs-Appellees*

363.   United States Department of Justice, *Attorneys for Plaintiffs-Appellees*

364.   Van Stephens, Michael, *Attorney for Defendant*

365.   Vander Els, Irene, *Attorney for Defendant*

366.   Varghese, George, *Attorney for Plaintiffs-Appellees*

367.   Varner, Johnny, *Defendant*

368.   Vasquez, Jorge, *Attorney for Plaintiffs-Appellees*

369.   Vaughan, Elizabeth, *Attorney for Defendants-Appellants*

370.   Waite, Tristen, *Attorney for Defendant*

371.   Wang, Emily, *Attorney for Plaintiffs-Appellees*

372.   Ward-Packard, Samuel, *Attorney for Plaintiffs-Appellees*

373.   Wardenski, Joseph, *Attorney for Plaintiffs-Appellees*

374.   Weber, Gerald, *Attorney for Plaintiffs-Appellees*

375.   Weigel, Daniel, *Attorney for Defendants-Appellants*

376.    Wesley, Carol, *Defendant*

377.    White, Daniel, *Attorney for Defendant*

378.    White, William, *Attorney for Intervenor-Defendants-Appellants*

379.    Wiggins, Larry, *Defendant*

380.    Wilberforce, Nana, *Attorney for Plaintiffs-Appellees*

381.    Wilborn, Eric, *Attorney for Defendant*

382.    Williams, Gilda, *Attorney for Plaintiffs-Appellees*

383.    Williams, Tuwanda, *Attorney for Defendant*

384.    Wilmer Cutler Pickering Hale and Dorr LLP, *Attorneys for Plaintiffs-Appellees*

385.    Wilson, Jacob, *Attorney for Defendant*

386.    Wilson, Melanie, *Attorney for Defendant*

387.    Wingate, Mark, *Defendant*

388.    Winichakul, Pichaya, *Attorney for Plaintiffs-Appellees*

389.    Women Watch Afrika, *Plaintiff-Appellee*

390.    Woodfin, Conor, *Attorney for Intervenor-Defendants-Appellants*

391.    Woolard, Cathy, *Defendant*

392.    Wurtz, Lori, *Defendant*

393.    Yoon, Meredyth, *Attorney for Plaintiffs-Appellees*

394.    Young, Sean, *Attorney for Plaintiffs-Appellees*

395.    Zatz, Clifford, *Attorney for Plaintiffs-Appellees*

The Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party, Inc., have no parent corporation, and no corporation owns 10% or more of their stock. No publicly traded company or corporation has an interest in the outcome of this case or appeal. Per Circuit Rule 26.1-2(c), Appellants certify that the CIP contained in this motion is complete.


Dated: October 23, 2023        /s/ Patrick Strawbridge
                               Counsel for Intervenor-Appellants

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE  DISCLOSURE STATEMENT ..................................................... CIP - 1

TABLE OF AUTHORITIES ................................................................................. ii

ARGUMENT ........................................................................................................ 1

    I.     The State Defendants have standing. ..................................................... 2

    II.    The Republican intervenors also have standing. ................................. 6

CONCLUSION ..................................................................................................... 8

CERTIFICATE OF COMPLIANCE .................................................................... 9

CERTIFICATE OF SERVICE ............................................................................. 9

# TABLE OF AUTHORITIES

## Cases

*Berger v. N.C. State Conf. of the NAACP,*
  142 S. Ct. 2191 (2022) ................................................................................4, 7

*Brnovich v. Democratic Nat'l Comm.,*
  141 S. Ct. 2321 (2021) .................................................................................passim

*Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.,*
  950 F.3d 790 (11th Cir. 2020) .....................................................................7

*Diamond v. Charles,*
  476 U.S. 54 (1986) .......................................................................................5

*Hand v. Scott,*
  888 F.3d 1206 (11th Cir. 2018) ...................................................................5

*League of Women Voters of Fla. Inc. v. Fla. Sec'y of State (LWV II),*
  66 F.4th 905 (11th Cir. 2023) ......................................................................passim

*League of Women Voters of Fla., Inc. v. Fla. Sec'y of State (LWV I),*
  32 F.4th 1363 (11th Cir. 2022) ....................................................................1

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania,*
  140 S. Ct. 2367 (2020) .................................................................................6

*Maine v. Taylor,*
  477 U.S. 131 (1986) .....................................................................................4

*Maryland v. King,*
  567 U.S. 1301 (2012) ...................................................................................5

*McConnell v. FEC,*
  540 U.S. 93 (2003) .......................................................................................6

*Merrill v. People First of Ala.,*
  141 S. Ct. 190 (2020) ...................................................................................4

*Nationwide Mut. Ins. v. Barrow,*
  29 F.4th 1299 (11th Cir. 2022) ....................................................................5

*People First of Ala. v. Merrill*,
   815 F. App'x 505 (11th Cir. 2020) ........................................................... 4

*Town of Chester v. Laroe Ests., Inc.*,
   581 U.S. 433 (2017) ............................................................................... 3

*Va. House of Delegates v. Bethune-Hill*,
   139 S. Ct. 1945 (2019) ........................................................................... 2

*W. Virginia v. EPA*,
   142 S. Ct. 2587 (2022) ........................................................................... 1

**Statutes**

Ga. Code §21-2-50 .................................................................................... 2

**Other Authorities**

*League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, Doc. 23,
   No. 22-11143 (11th Cir. Apr. 21, 2022) ................................................ 1

Stay App., *Merrill v. People First of Ala.*, No. 19A1063 (S. Ct. June 29, 2020),
   https://perma.cc/3ZDA-VTNV ............................................................... 4

Stay Response, *Merrill v. People First of Ala.*, No. 19A1063 (S. Ct. July 2, 2020),
   https://perma.cc/22E2-286P .................................................................... 4

**ARGUMENT**

This Court has already rejected the arguments raised by Plaintiffs' motion. Most recently, in *League of Women Voters of Florida Inc. v. Florida Secretary of State*, No. 22-11143, the plaintiffs argued that the State defendants and Republican intervenors didn't have standing to move for a stay of an injunction because "the District Court enjoined only one defendant from enforcing the Solicitation Definition—the Supervisor of Elections for Bay County," who "did not appeal." Doc. 23 at 17, No. 22-11143. This Court implicitly rejected that argument when it granted the stay motion. *See League of Women Voters of Fla., Inc. v. Fla. Sec'y of State* (*LWV I*), 32 F.4th 1363 (11th Cir. 2022). The plaintiffs tried their standing arguments again on the merits. Again, they failed: "The Secretary has standing to appeal the judgment with respect to the solicitation provision." *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State* (*LWV II*), 66 F.4th 905, 945 (11th Cir. 2023).

This Court should once again reject Plaintiffs' worn-out arguments that the State Defendants and Republican intervenors don't have standing to appeal an order enjoining state election laws. "In considering a litigant's standing to appeal, the question is whether it has experienced an injury 'fairly traceable to the *judgment below*,'" and whether "a 'favorable ruling' from the appellate court 'would redress [that] injury.'" *W. Virginia v. EPA*, 142 S. Ct. 2587, 2606 (2022) (alteration in original) (quoting *Food Mktg. Inst. v. Argus Leader Media*, 139 S.Ct. 2356, 2362 (2019)). Multiple Appellants suffer injuries fairly traceable to the judgment. And any one of those injuries is sufficient to deny Plaintiffs' motions, since "[a]ll that is needed to entertain an appeal of that issue is one party with standing." *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2336 (2021).

## I.     The State Defendants have standing.

Earlier this year, this Court held that state officials responsible for administering election laws had standing to appeal an injunction even when they were not enjoined. *League of Women Voters* rejected an argument that Florida's Secretary of State and Attorney General could not appeal an injunction because "the District Court's judgment … enjoined only … Bay County Supervisor of Elections Mark Andersen." *LWV II*, 66 F. 4th at 945 (cleaned up). The Court held that "[f]ederal courts must respect states' strong interests in defending the constitutionality of their laws," since they will be "bound by the conclusive adjudication" even if not reached by an injunction. *Id.* For this reason, the Secretary "need not be bound by an injunction nor even bear primary responsibility for enforcing" the challenged provision "to enjoy the requisite interest." *Id.* It was enough that he "has a statutory obligation to uniformly administer elections." *Id.* The Attorney General could also appeal because she had authority "to represent Florida" in litigation. *Id.*

*League of Women Voters* forecloses Plaintiffs' argument. Just like in *League of Women Voters*, the Secretary is "the state's chief election official" tasked with "determin[ing] the forms of nomination petitions, ballots, and other forms" affected by the district court's order. Ga. Code §21-2-50. These executive officials "need not be bound by an injunction nor even bear the primary responsibility for enforcing the [enjoined] provision to enjoy the requisite interest" in appealing the judgment. *LWV II*, 66 F.4th at 945. The numerous Georgia executive officials that appealed the district court's order have "standing to represent the State's interests," and are thus proper Appellants. *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) (holding that Virginia's

Legislature had no standing because it had no "authority to litigate on the State's behalf," in contrast with the Attorney General, who is responsible "for representing the State's interests in civil litigation"). *League of Women Voters* confirms that the Georgia executive officials are proper appellants.

Plaintiffs attempt to distinguish *League of Women Voters* by ignoring what this Court actually decided. Plaintiffs first argue that "the Secretary of State who appealed the judgment in *League of Women Voters* was actually one of the parties enjoined." Doc. 70-1 at 11. But that misrepresents the standing issue in that case, which was whether "the state officials and Republican Party intervenors" had "standing to appeal the district court's invalidation *of the solicitation provision*." *LWV II*, 66 F.4th at 945 (emphasis added). *That* injunction applied to "only one defendant" who "did not appeal." *Id.* The Florida Secretary was enjoined from enforcing other provisions, and no one disputed the Secretary's right to appeal those injunctions. But the Secretary's standing to appeal those other injunctions was irrelevant to whether he had "standing to appeal the district court's invalidation of the solicitation provision," *id.*, because "[a]t least one" party "must have standing to seek each form of relief requested," *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017). Hence, this Court held that "[t]he Secretary" *also* had "standing to appeal the judgment with respect to the solicitation provision." *LWV II*, 66 F.4th at 945. That the Secretary was enjoined on unrelated claims was irrelevant to the standing issue in *League of Women Voters*, and it's irrelevant to the standing issue here.

Plaintiffs' other argument also proves too much. They admit that standing was appropriate in *League of Women Voters* because "the injunction effectively bound the state itself." Doc. 70-1 at 11. But they can't explain how this case is any different. Just as in

*League of Women Voters*, "if the district court's decision 'is left undisturbed,'" Georgia "will be bound by the conclusive adjudication" that the birthdate requirement violates federal law. *LWV II*, 66 F.4th at 945 (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986)). Indeed, "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022). The State's participation ensures "a full and fair adversarial testing of the State's interests and arguments." *Id.*

In any event, *League of Women Voters* is not the only time this Court has rejected Plaintiffs' no-party-can-appeal theory. Though they don't discuss it, Plaintiffs' standing argument was implicitly rejected in *People First of Ala. v. Merrill*, 815 F. App'x 505 (11th Cir. 2020). There, the district court enjoined "only three counties" from enforcing an election law. *Id.* at 511 (Rosenbaum & Jill Pryor, JJ., concurring). Because only the State appealed, there was "uncertain[ty]" about whether "the proper parties have appealed." *Id.* at 516 (Grant, J., concurring). After this Court denied a stay, Alabama asked the Supreme Court to grant one, and the plaintiffs again challenged Alabama's standing. *See* Stay Response 13-17, https://perma.cc/22E2-286P. Alabama defended its appellate standing, explaining that "'a State'—whether directly enjoined or not—'clearly has a legitimate interest in the continued enforceability of its own statutes.'" Stay App. 5, https://perma.cc/3ZDA-VTNV (quoting *Taylor*, 477 U.S. at 137). The Supreme Court ruled for Alabama. 141 S. Ct. 190.

Since "[a]ll that is needed to entertain an appeal … is one party with standing," this Court need not go beyond its decision in *League of Women Voters. Brnovich*, 141 S. Ct.

at 2336. But the State's presence makes this case even easier. "[T]here is no doubt as an Article III matter that the State itself can press this appeal." *Id.* (cleaned up). A State is injured when a federal court blocks "statutes enacted by representatives of its people." *Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018) (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). Because "a State has standing to defend" the legality "of its statute," it may invoke "appellate jurisdiction" to review a lower court's decision enjoining enforcement of its laws. *Diamond v. Charles*, 476 U.S. 54, 62 (1986). Thus, the State of Georgia has standing, since it suffers "irreparable injury" from the order declaring that its laws violate the Civil Rights Act. *King*, 567 U.S. at 1303. That kind of injury usually warrants a stay of a court's injunction of lower-level state officials. *See id.*; *Hand*, 888 F.3d at 1214. So there can be no question that, at a minimum, the State "is aggrieved by the judgment" and thus "has appellate standing." *Nationwide Mut. Ins. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022).

Indeed, the State's presence as an Appellant makes standing in this case even simpler than it was in *League of Women Voters*. In that case, the Secretary of State and the Attorney General appealed, but the State itself did not. Those executive officials were nevertheless proper appellants because the Secretary has "a statutory obligation to uniformly administer elections" and the Attorney General "has the authority to 'appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, or in anywise interested' in federal court." *LWV II*, 66 F.4th at 945 (quoting Fla. Stat. §16.01(4)-(5)).

## II.    The Republican intervenors also have standing.

While the State Defendants' standing is "[a]ll that is needed to entertain an appeal" of the district court's order, *Brnovich*, 141 S. Ct. at 2336, the Republican intervenors also have appellate standing. Again, this Court has already rejected the same argument Plaintiffs raise here. The plaintiffs in *League of Women Voters* argued that the Republican intervenors didn't have appellate standing because they weren't enjoined by the order they appealed, but this Court disagreed. *See LWV II*, 66 F.4th at 945. This case is no different.

As an initial matter, because the Republican intervenors seek the same relief in this appeal as the State Defendants, the Court would err by inquiring into their standing. An intervenor needs to independently show standing only "if it pursues relief that is broader than or different from the party invoking a court's jurisdiction." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020); *see also McConnell v. FEC*, 540 U.S. 93, 233 (2003) ("[T]he Federal Election Commission (FEC) has standing, and therefore we need not address the standing of the intervenor-defendants, whose position here is identical to the FEC's."), *overruled on other grounds by Citizens United v. FEC*, 558 U.S. 310 (2010). When a government party "clearly ha[s] standing to invoke" a court's "appellate jurisdiction," and both the government and the intervenors "ask[] the court to dissolve the injunction," a court "err[s] by inquiring into the [intervenors'] independent Article III standing." *Little Sisters of the Poor*, 140 S. Ct. at 2379.

In any event, the Republican intervenors have independent grounds for appealing the district court's injunction. According to the district court, Plaintiffs had

standing to move for a preliminary injunction in part because they "divert attention and resources" away from certain programs "toward voter education efforts" as a result of Georgia's birthdate requirement. Doc. 613 at 8-10. But political parties suffer that "same" injury from court orders "that modify election laws," such as "the district court's preliminary injunction in this case." *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 794 (11th Cir. 2020). If the district court's order stands, the Republican intervenors must adjust their campaign strategy and "diver[t] personnel and time to educating voters about … the district court's order." *Id.* To provide concrete examples for just one of the Appellants, the preliminary injunction affects the RNC's "fundraising, budgetary allocations, election strategy, the content and targeting of election advertising, and voter education and turnout efforts." Decl. of Elliot Echols, Ex. A. As a result, "the RNC must redirect time and resources toward Georgia to ensure confidence and turnout in upcoming elections," as well as "change its get-out-the-vote efforts and guidance" to maintain parity with its competition. *Id.* Those injuries confer appellate standing. *Democratic Exec. Comm.*, 950 F.3d at 794.

*     *     *

This Court has jurisdiction for several independent reasons. The State has standing to appeal court orders that invalidate its laws. So, too, do the many executive officials that appealed the judgment below. "No one questions that States possess a legitimate interest in the continued enforcement of their own statutes," Plaintiffs' motion notwithstanding. *Berger*, 142 S. Ct. at 2201 (cleaned up). Even if the State Defendants lacked standing, the Republican intervenors are injured in their own right. If Plaintiffs had standing to move for the preliminary injunction, the Republican

intervenors have standing to appeal it. Of these several parties, at least "one party" has standing, which is "[a]ll that is needed to entertain [the] appeal." *Brnovich*, 141 S. Ct. at 2336.

## CONCLUSION

For the foregoing reasons, the Republican intervenors respectfully ask this Court to deny Plaintiffs' motion.

Dated: October 23, 2023.                    Respectfully submitted,

                                            */s/ Patrick Strawbridge*

William Bradley Carver, Sr.                 Patrick Strawbridge
Baxter D. Drennon                           CONSOVOY MCCARTHY PLLC
HALL BOOTH SMITH, P.C.                       Ten Post Office Square
191 Peachtree Street NE, Suite 2900         8th Floor South PMB #706
Atlanta, Georgia 30303                      Boston, MA 02109
(404) 954-5000                              (703) 243-9423
BCarver@hallboothsmith.com                  patrick@consovoymccarthy.com
BDrennon@hallboothsmith.com
                                            Gilbert C. Dickey
                                            Conor D. Woodfin
                                            CONSOVOY MCCARTHY PLLC
                                            1600 Wilson Boulevard, Suite 700
                                            Arlington, VA 22209
                                            (703) 243-9423
                                            gilbert@consovoymccarthy.com
                                            conor@consovoymccarthy.com

*Counsel for RNC, NRSC, NRCC, and Georgia Republican Party*

## CERTIFICATE OF COMPLIANCE

This motion complies with Rule 27(d)(2) because it contains 2,108 words, excluding the parts that can be excluded. This motion also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: October 23, 2023          */s/ Patrick Strawbridge*

## CERTIFICATE OF SERVICE

I filed this motion with the Court via ECF, which will email everyone requiring notice.

Dated: October 23, 2023          */s/ Patrick Strawbridge*