No. 23-13085

# United States Court of Appeals
# for the Eleventh Circuit

---

IN RE: GEORGIA SENATE BILL 202

---

On Appeal from the United States District Court
for the Northern District of Georgia, Atlanta Division
No. 1:21-mi-55555-JPB

---

## STATE DEFENDANTS-APPELLANTS' RESPONSE TO JURISDICTIONAL QUESTION

---

Christopher M. Carr
*Attorney General*
Georgia Bar No. 112505
Bryan K. Webb
*Deputy Attorney General*
Georgia Bar No. 743580
STATE LAW DEPARTMENT
40 Capitol Square, S.W.
Atlanta, Georgia 30334

Gene C. Schaerr
*Special Assistant Attorney General*
Donald M. Falk
Brian J. Field
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com

Bryan P. Tyson
*Special Assistant Attorney General*
Bryan F. Jacoutot
Diane Festin LaRoss
Donald P. Boyle, Jr.
Daniel H. Weigel
TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
(678) 336-7197
btyson@taylorenglish.com

*Counsel for State Defendants-Appellants*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1–26.1-3, State Defendants-Appellants The State of Georgia, Governor of the State of Georgia, Georgia Secretary of State, Georgia State Election Board, Matthew Mashburn, Sara Tindall Ghazal, Edward Lindsey, Janice W. Johnston, William S. Duffey, Jr., and District Attorney for Dougherty County, identify all Counsel, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case:

1. Abbott, Robert, *Defendant*;

2. Abudu, Nancy, *Attorney for Plaintiffs-Appellees*;

3. ACLU Foundation of Georgia, *Counsel for Plaintiffs-Appellees*;

4. ACLU Foundation of Georgia, Inc., *Counsel for Plaintiffs-Appellees*;

5. Aden, Leah, *Counsel for Plaintiffs-Appellees*;

6. Advancement Project, *Counsel for Plaintiffs-Appellees*;

7. Ameri, Mana, *Counsel for Plaintiffs-Appellees*;

8. American Civil Liberties Union Foundation of Georgia, *Counsel for Plaintiffs-Appellees*;

9.    American Civil Liberties Union Foundation, Inc., *Counsel for Plaintiffs- Appellees*;

10.   Andrews, Wanda, *Defendant*;

11.   Aquino, Nora, *Plaintiff-Appellee*;

12.   Asian Americans Advancing Justice-Asian Law Caucus, *Counsel for Plaintiffs-Appellees*;

13.   Asian Americans Advancing Justice-Atlanta, *Plaintiff-Appellee*;

14.   Augusta Georgia Law Department, *Counsel for Defendant*;

15.   Ausburn, Deborah, *Counsel for State Defendants-Appellants*;

16.   Awuku, George, *Defendant*;

17.   Banks, Marques, *Counsel for Plaintiffs-Appellees*;

18.   Banter, James, *Counsel for Defendant*;

19.   Barkdull, Annika Boone, *Counsel for State Defendants-Appellants*;

20.   Barnes, Sherry, *Defendant*;

21.   Barron, Richard, *Defendant*;

22.   Bartolomucci, H. Christopher, *Counsel for State Defendants-Appellants*;

23.   Beausoleil, William, *Counsel for Plaintiffs-Appellees*;

24. BECK OWEN & MURRAY, *Counsel for Defendant*;

25. Betakes, Steven, *Counsel for Intervenor-Defendants-Appellants*;

26. Belichick, Joseph, *Counsel for Plaintiffs-Appellees*;

27. Bell, Jordan, *Counsel for Defendant*;

28. Bennette, Matlacha, *Counsel for Plaintiffs-Appellees*;

29. Black Voters Matter Fund, *Plaintiff-Appellee*;

30. Blender, Matthew, *Defendant*;

31. Bloodworth, Kristin, *Counsel for Defendant*;

32. Boulee, Honorable J. P., *United States District Court Judge*;

33. Bowman, Brad, *Counsel for Defendant*;

34. Boyle, Donald, *Counsel for State Defendants-Appellants*;

35. Broder, Karl, *Counsel for Defendant*;

36. Brooks, Jessica, *Defendant*;

37. Brooks, Sofia, *Counsel for Plaintiffs-Appellees*;

38. Brown, Marcia, *Defendant*;

39. Bruning, Stephen, *Defendant*;

40. Bruning, Steven, *Defendant*;

41. Bryan, Bennett, *Counsel for Defendant*;

42. Burwell, Kaye, *Counsel for Defendant*;

43. Campbell-Harris, Dayton, *Counsel for Plaintiffs-Appellees*;

44. Carr, Christopher M., Attorney General of the State of Georgia, *Counsel for State Defendants-Appellants*;

45. Carver, William, *Counsel for Intervenor-Defendants-Appellants*;

46. Cathey, Thomas, *Counsel for Defendant*;

47. CHALMERS, ADAMS, BACKER & KAUFMAN, LLC, *Counsel for Defendant*;

48. Chatham County Attorney, *Counsel for Defendant*;

49. Chatham County Board of Elections, *Defendant*;

50. Chatham County Board of Registrars, *Defendant*;

51. Clarke County Board of Elections and Voter Registration, *Defendant*;

52. Clayton County Board of Elections and Registration, *Defendant*;

53. Cobb County Board of Elections and Registration, *Defendant*;

54. Cochran, Ken, *Defendant*;

55. Columbia County Board of Elections, *Defendant*;

56. Columbia County Board of Registrars, *Defendant*;

57. Common Cause, *Plaintiff-Appellee*;

58.     CONSOVOY MCCARTHY PLLC, *Counsel for Intervenor-Defendants-Appellants*;

59.     Cramer, Raisa, *Counsel for Plaintiffs-Appellees*;

60.     Crawford, Teresa, *Defendant*;

61.     CROWELL & MORING, LLP, *Counsel for Plaintiffs-Appellees*;

62.     Cushman, Ann, *Defendant*;

63.     Cusick, John, *Counsel for Plaintiffs-Appellees*;

64.     Dasgupta, Riddhi, *Counsel for Defendants-Appellants*;

65.     Dave, Charles, *Defendant*;

66.     Davenport, Jennifer, *Counsel for Defendant*;

67.     DAVIS WRIGHT TREMAINE LLP, *Counsel for Plaintiffs-Appellees*;

68.     Davis, Britton, *Counsel for Plaintiffs-Appellees*;

69.     Day, Stephen, *Defendant*;

70.     DeKalb County Board of Registrations and Elections, *Defendant*;

71.     DeKalb County Law Department, *Counsel for Defendant*;

72.     Delta Sigma Theta Sorority, Inc., *Plaintiff-Appellee*;

73.     Denmark, Emilie, *Counsel for Defendant*;

74. DENTONS US LLP, *Counsel for Intervenor-Defendants-Appellants*;

75. Deshazior, Zurich, *Defendant*;

76. DeThomas, Courtney, *Counsel for Plaintiffs-Appellees*;

77. Dianis, Judith, *Counsel for Plaintiffs-Appellees*;

78. Dickey, Gilbert, *Counsel for Intervenor-Defendants-Appellants*;

79. Dicks, Terence, *Defendant*;

80. Dimmick, Brian, *Counsel for Plaintiffs-Appellees*;

81. DiStefano, Don, *Defendant*;

82. Doss, Travis, *Defendant*;

83. Dozier, Shauna, *Defendant*;

84. Drennon, Baxter, *Counsel for Intervenor-Defendants-Appellants*;

85. Duffie, Wanda, *Defendant*;

86. Durbin, Jauan, *Plaintiff-Appellee*;

87. Durso, Katherine, *Defendant*;

88. Edwards, Gregory, *State Defendant*;

89. ELIAS LAW GROUP LLP, *Counsel for Plaintiffs-Appellees*;

90. Ellington, Thomas, *Defendant*;

91.    Enjeti-Sydow, Anjali, *Plaintiff-Appellee*;

92.    Evans-Daniel, Karen, *Defendant*;

93.    Evans, James, *Counsel for Defendant*;

94.    Evans, Rachel, *Counsel for Plaintiffs-Appellees*;

95.    Eveler, Janine, *Defendant*;

96.    Falk, Donald M., *Counsel for State Defendants-Appellants*;

97.    Fambrough, Willa, *Defendant*;

98.    Faransso, Tania, *Counsel for Plaintiffs-Appellees*;

99.    Farrell, Gregory, *Counsel for Plaintiffs-Appellees*;

100.    Feldsherov, Ilya, *Counsel for Plaintiffs-Appellees*;

101.    FENWICK & WEST, LLP, *Counsel for Plaintiffs-Appellees*;

102.    Field, Brian J., *Counsel for State Defendants-Appellants*;

103.    First Congregational Church, United Church of Christ
Incorporated, *Plaintiff-Appellee*;

104.    Fogelson, Matthew, *Counsel for Plaintiffs-Appellees*;

105.    Forsyth County Board of Voter Registrations and Elections,
*Defendant*;

106.    Fortier, Lucas, *Counsel for Plaintiffs-Appellees*;

107.    Foster, Mikayla, *Counsel for Plaintiffs-Appellees*;

108. FREEMAN MATHIS & GARY, LLP, *Counsel for Defendant*;

109. Fulton County Attorney's Office, *Counsel for Defendant*;

110. Fulton County Registration and Elections Board, *Defendant*;

111. Galeo Latino Community Development Fund, Inc., *Plaintiff-Appellee*;

112. Gammage, Keith, *Defendant*;

113. Garabadu, Rahul, *Counsel for Plaintiffs-Appellees*;

114. Gartland, Pat, *Defendant*;

115. Gay, Nancy, *Defendant*;

116. Geiger, Debra, *Defendant*;

117. Georgia Adapt, *Plaintiff-Appellee*;

118. Georgia Advocacy Office, *Plaintiff-Appellee*;

119. Georgia Coalition for the People's Agenda, Inc., *Plaintiff-Appellee*;

120. Georgia Department of Law, *Counsel for Defendants-Appellants*;

121. Georgia Latino Alliance for Human Rights, Inc., *Plaintiff-Appellee*;

122. Georgia Muslim Voter Project, *Plaintiff-Appellee*;

123. Georgia Republican Party, Inc., *Intervenor-Defendant-Appellant*;

124. Georgia State Conference of the NAACP, *Plaintiff-Appellee*;

125. Georgia State Election Board, *Defendant*;

126. Ghazal, Sara, *State Defendant*;

127. Gibbs, Fannie, *Plaintiff-Appellee*;

128. Gillon, Thomas, *Defendant*;

129. Givens, Diane, *Defendant*;

130. Gossett, David, *Counsel for Plaintiffs-Appellees*;

131. Green, Tyler, *Counsel for Intervenor-Defendants-Appellants*;

132. Greenbaum, Jon, *Counsel for Plaintiffs-Appellees*;

133. GREENBERG TRAURIG, LLP, *Counsel for Defendant*;

134. Groves, Angela, *Counsel for Plaintiffs-Appellees*;

135. Gwinnett County Board of Registrations and Elections, *Defendant*;

136. Gwinnett County Department of Law, *Counsel for Defendant*;

137. Hall Booth Smith, P.C., *Counsel for Intervenor-Defendants-Appellants*;

138. Hall County Board of Elections and Registration, *Defendant*;

139. Hall County Government, *Counsel for Defendant*;

140. Hall, Dorothy, *Defendant*;

141. Hall, John, *Counsel for Intervenor-Defendants-Appellants*;

142. Hamilton, Brittni, *Counsel for Plaintiffs-Appellees*;

143. Hancock, Jack, *Counsel for Defendant*;

144. Hart, Ralph, *Counsel for Defendant*;

145. Hart, Twyla, *Defendant*;

146. Hasselberg, Emily, *Counsel for Plaintiffs-Appellees*;

147. Hayes, Vilia, *Counsel for Plaintiffs-Appellees*;

148. HAYNIE, LITCHFIELD & WHITE, PC, *Counsel for Defendant*;

149. Hazard, Joel, *Defendant*;

150. Heard, Bradley, *Counsel for Plaintiffs-Appellees*;

151. Heimes, Marianne, *Defendant*;

152. Henseler, James, *Counsel for Plaintiffs-Appellees*;

153. Herren, Thomas, *Counsel for Plaintiffs-Appellees*;

154. Hiatt, Alexandra, *Counsel for Plaintiffs-Appellees*;

155. Ho, Dale, *Counsel for Plaintiffs-Appellees*;

156. Hodge, Malinda, *Defendant*;

157. Houk, Julie, *Counsel for Plaintiffs-Appellees*;

158. Hoyos, Luis, *Counsel for Plaintiffs-Appellees*;

159. HUGHES HUBBARD & REED, *Counsel for Plaintiffs-Appellees*;

160. Hughes, Aileen, *Counsel for Plaintiffs-Appellees*;

161. HULL BARRETT, PC, *Counsel for Defendant*;

162. Ingram, Randy, *Defendant*;

163. Jacoutot, Bryan, *Counsel for State Defendants-Appellants*;

164. Jaffe, Erik S., *Counsel for State Defendants-Appellants*;

165. Jahangiri, Mahroh, *Counsel for Plaintiffs-Appellees*;

166. Jaikumar, Arjun, *Counsel for Plaintiffs-Appellees*;

167. JAMES BATES BRANNAN GROOVER LLP, *Counsel for Defendant*;

168. JARRARD & DAVIS, LLP, *Counsel for Defendant*;

169. Jasrasaria, Jyoti, *Counsel for Plaintiffs-Appellees*;

170. Jaugstetter, Patrick, *Counsel for Defendant*;

171. Jedreski, Matthew, *Counsel for Plaintiffs-Appellees*;

172. Jester, Alfred, *Defendant*;

173. Jester, Nancy, *Defendant*;

174. Jhaveri, Sejal, *Counsel for Plaintiffs-Appellees*;

175. Johnson, Aaron, *Defendant*;

176. Johnson, Ben, *Defendant*;

177. Johnson, Darlene, *Defendant*;

178. Johnson, Melinda, *Counsel for Plaintiffs-Appellees*;

179. Johnston, Janice, *State Defendant*;

180. Joiner, Amelia, *Counsel for Defendant*;

181. Kanu, Nkechi, *Counsel for Plaintiffs-Appellees*;

182. Kaplan, Mike, *Defendant*;

183. KASTORF LAW, LLC, *Counsel for Plaintiffs-Appellees*;

184. Kastorf, Kurt, *Counsel for Plaintiffs-Appellees*;

185. Kaufman, Alex, *Counsel for Intervenor-Defendants-Appellants*;

186. KEKER VAN NEST & PETERS LLP, *Counsel for Plaintiffs-Appellees*;

187. Kemp, Brian, Governor of the State of Georgia, *State Defendant-Appellant;*

188. Kennedy, David, *Defendant*;

189. Kennedy, Kate, *Counsel for Plaintiffs-Appellees*;

190. Keogh, William, *Counsel for Defendant*;

191. Khan, Sabrina, *Counsel for Plaintiffs-Appellees*;

192. Kim, Danielle, *Counsel for Plaintiffs-Appellees*;

193. Kingsolver, Justin, *Counsel for Plaintiffs-Appellees*;

194. Klein, Spencer, *Counsel for Plaintiffs-Appellees*;

195. Knapp, Halsey, *Counsel for Plaintiffs-Appellees*;

196. Koorji, Alaizah, *Counsel for Plaintiffs-Appellees*;

197. KREVOLIN & HORST, LLC, *Counsel for Plaintiffs-Appellees*;

198. Kucharz, Kevin, *Counsel for Defendant*;

199. Lakin, Sophia, *Counsel for Plaintiffs-Appellees*;

200. Lam, Leo, *Counsel for Plaintiffs-Appellees*;

201. Lang, Antan, *Defendant*;

202. LaRoss, Diane, *Counsel for State Defendants-Appellants*;

203. Latino Community Fund of Georgia, *Plaintiff-Appellee*;

204. Lauridsen, Adam, *Counsel for Plaintiffs-Appellees*;

205. LAW OFFICE OF GERALD R WEBER, LLC, *Counsel for Plaintiffs-Appellees*;

206. Lawyers' Committee for Civil Rights Under Law, *Counsel for Plaintiffs- Appellees*;

207. League of Women Voters of Georgia, Inc., *Plaintiff-Appellee*;

208. Leung, Kimberly, *Counsel for Plaintiffs-Appellees*;

209. Lewis, Anthony, *Defendant*;

210. Lewis, Joyce, *Counsel for Plaintiffs-Appellees*;

211. Lin, Stephanie, *Counsel for Plaintiffs-Appellees*;

212. Lindsey, Edward, *State Defendant*;

213. Lower Muskogee Creek Tribe, *Plaintiff-Appellee*;

214. Lowman, David, *Counsel for Defendant*;

215. Ludwig, Jordan, *Counsel for Plaintiffs-Appellees*;

216. Luth, Barbara, *Defendant*;

217. Ma, Eileen, *Counsel for Plaintiffs-Appellees*;

218. Mack, Rachel, *Counsel for Defendant*;

219. Macon-Bibb County Board of Elections, *Defendant*;

220. Mahoney, Thomas, *Defendant*;

221. Manifold, Zach, *Defendant*;

222. Martin, Grace Simms, *Counsel for Defendants*;

223. Mashburn, Matthew, *State Defendant-Appellant*;

224. May, Caitlin, *Counsel for Plaintiffs-Appellees*;

225. Maynard, Darius*, Former Defendant*;

226. McAdams, Issac, *Defendant*;

227. McCandless, Spencer, *Counsel for Plaintiffs-Appellees*;

228. McCarthy, Thomas, *Counsel for Intervenor-Defendants-Appellants*;

229. McClain, Roy, *Defendant*;

230. McCord, Catherine, *Counsel for Plaintiffs-Appellees*;

231. McFalls, Tim, *Defendant*;

232. McFarland, Ernest, *Counsel for Plaintiffs-Appellees*;

233. McGowan, Charlene, *Counsel for State Defendants-Appellants*;

234. Mcrae, Colin, *Defendant*;

235. Melcher, Molly, *Counsel for Plaintiffs-Appellees*;

236. Metropolitan Atlanta Baptist Ministers Union, Inc., *Plaintiff-Appellee*;

237. Miller, Nicholas, *Counsel for State Defendants-Appellants*;

238. Milord, Sandy, *Counsel for Defendant*;

239. Minnis, Terry, *Counsel for Plaintiffs-Appellees*;

240. Mizner, Susan, *Counsel for Plaintiffs-Appellees*;

241. Mocine-McQueen, Marcos, *Counsel for Plaintiffs-Appellees*;

242. Momo, Shelley, *Counsel for Defendant*;

243. Morrison, Tina, *Counsel for Plaintiffs-Appellees*;

244. Mosbacher, Jennifer, *Defendant*;

245. Motter, Susan, *Defendant*;

246. Murchie, Laura, *Counsel for Plaintiffs-Appellees*;

247. Murray, Karen, *Defendant*;

248. NAACP Legal Defense and Education Fund, Inc., *Counsel for Plaintiffs- Appellees*;

249. National Republican Congressional Committee, *Intervenor-Defendant- Appellant*;

250. National        Republican Senatorial Committee, *Intervenor-Defendant-Appellant;*

251. Natt, Joel, *Defendant*;

252. Nemeth, Miriam, *Counsel for Plaintiffs-Appellees*;

253. Nercessian, Armen, *Counsel for Plaintiffs-Appellees*;

254. Newland, James, *Defendant*;

255. Nguyen, Candice, *Counsel for Plaintiffs-Appellees*;

256. Nguyen, Phi, *Counsel for Plaintiffs-Appellees*;

257. Nkwonta, Uzoma, *Counsel for Plaintiffs-Appellees*;

258. Noa, Jack, *Defendant*;

259. NOLAND LAW FIRM, LLC, *Counsel for Defendants;*

260. Noland, William H., *Counsel for Defendant*s;

261. Norris, Cameron, *Counsel for Intervenor-Defendants-Appellants*;

262.  Norse, William, *Defendant*;

263.  Nwachukwu, Jennifer, *Counsel for Plaintiffs-Appellees*;

264.  O'Brien, James, *Defendant*;

265.  O'Connor, Eileen, *Counsel for Plaintiffs-Appellees*;

266.  O'Lenick, Alice, *Defendant*;

267.  Olm, Rylee, *Counsel for Plaintiffs-Appellees*;

268.  Oxford, Neil, *Counsel for Plaintiffs-Appellees*;

269.  Paik, Steven, *Plaintiff-Appellee*;

270.  Pant, Shontee, *Counsel for Plaintiffs-Appellees*;

271.  Paradise, Loree, *Counsel for State Defendants-Appellants*;

272.  Parker, Warrington, *Counsel for Plaintiffs-Appellees*;

273.  Pelletier, Susan, *Counsel for Plaintiffs-Appellees*;

274.  Porter, Megan, *Counsel for Plaintiffs-Appellees*;

275.  Powell, Laura, *Counsel for Plaintiffs-Appellees*;

276.  Prince, Joshua, *Counsel for State Defendants-Appellants*;

277.  Pulgram, Laurence, *Counsel for Plaintiffs-Appellees*;

278.  Pullar, Patricia, *Defendant*;

279.  Qadir, Hunaid, *Defendant*;

280.  Radzikinas, Carla, *Defendant*;

281. Raffensperger, Brad, Secretary of State of Georgia, *State Defendant-Appellant*;

282. Raffle, Rocky, *Defendant*;

283. Ramahi, Zainab, *Counsel for Plaintiffs-Appellees*;

284. Rich, James, *Counsel for Plaintiffs-Appellees*;

285. Richardson, Jasmyn, *Counsel for Plaintiffs-Appellees*;

286. Richmond County Board of Elections, *Defendant*;

287. Ringer, Cheryl, *Counsel for Defendant*;

288. Rise, Inc., *Plaintiff-Appellee*;

289. Rodriguez, Anthony, *Defendant*;

290. Rosborough, Davin, *Counsel for Plaintiffs-Appellees*;

291. Rosenberg, Ezra, *Counsel for Plaintiffs-Appellees*;

292. Rosenberg, Steven, *Counsel for Defendant*;

293. Russ, John, *Counsel for Plaintiffs-Appellees*;

294. Ruth, Kathleen, *Defendant*;

295. Ryan, Elizabeth, *Counsel for Plaintiffs-Appellees*;

296. Sabzevari, Arash, *Counsel for Defendant*;

297. Sachdeva, Niharika, *Counsel for Plaintiffs-Appellees*;

298. Schaerr, Gene C., *Counsel for State Defendants-Appellants*;

299. SCHAERR | JAFFE, LLP, *Counsel for State Defendants-Appellants*;

300. Scott, William, *Counsel for Defendant*;

301. Seals, Veronica, *Defendant*;

302. Segarra, Esperanza, *Counsel for Plaintiffs-Appellees*;

303. Sells, Bryan, *Counsel for Plaintiffs-Appellees*;

304. Shah, Niyati, *Counsel for Plaintiffs-Appellees*;

305. Sheats, Gala, *Defendant*;

306. Shelly, Jacob, *Counsel for Plaintiffs-Appellees*;

307. Shirley, Adam, *Defendant*;

308. Sieff, Adam, *Counsel for Plaintiffs-Appellees*;

309. Silas, Tori, *Defendant*;

310. Sixth District of the African Methodist Episcopal Church, *Plaintiff- Appellee*;

311. Smith, Casey, *Counsel for Plaintiffs-Appellees*;

312. Smith, Dele, *Defendant*;

313. Smith, Mandi, *Defendant*;

314. Solh, Chavira, *Counsel for Plaintiffs-Appellees*;

315. Solomon, Elbert, *Plaintiff-Appellee*;

316. Sosebee, Charlotte, *Defendant*;

317. Southern Poverty Law Center, *Counsel for Plaintiffs-Appellees*;

318. Sowell, Gregory, *Counsel for Defendant*;

319. Spangler, Herbert, *Former Defendant*;

320. Sparks, Adam, *Counsel for Plaintiffs-Appellees*;

321. Squiers, Cristina, *Counsel for State Defendants-Appellants*;

322. State of Georgia, *State Defendant-Appellant;*

323. STEWART MELVIN & FROST, LLP, *Counsel for Defendant*;

324. Strawbridge, Patrick, *Counsel for Intervenor-Defendants-Appellants*;

325. Sumner, Stuart, *Counsel for Intervenor-Defendants-Appellants*;

326. Sung, Connie, *Counsel for Plaintiffs-Appellees*;

327. Swift, Karli, *Defendant*;

328. Szilagyi, Heather, *Counsel for Plaintiffs-Appellees*;

329. Tatum, Tobias, *Counsel for State Defendants-Appellants*;

330. TAYLOR ENGLISH DUMA LLP, *Counsel for State Defendants-Appellants*;

331. Taylor, Wandy, *Defendant*;

332. Thatte, Anuja, *Counsel for Plaintiffs-Appellees*;

333. The ACLU Foundation Disability Rights Program, *Counsel for Plaintiffs- Appellees*;

334. The Arc of the United States, *Plaintiff-Appellee*;

335. The Concerned Black Clergy of Metropolitan Atlanta, Inc., *Plaintiff- Appellee*;

336. The Georgia State Election Board, *State Defendant*;

337. The Justice Initiative, Inc., *Plaintiff-Appellee*;

338. THE LAW OFFICE OF BRYAN L. SELLS, LLC, *Counsel for Plaintiffs-Appellees*;

339. The New Georgia Project, *Plaintiff-Appellee*;

340. The Republican National Committee, *Intervenor-Defendant-Appellant*;

341. The Urban League of Greater Atlanta, Inc., *Plaintiff-Appellee*;

342. Thomas, Ethan, *Counsel for Plaintiffs-Appellees*;

343. Thompson, Grace, *Counsel for Plaintiffs-Appellees*;

344. Till, Ann, *Defendant*;

345. Topaz, Jonathan, *Counsel for Plaintiffs-Appellees*;

346. Trent, Edward, *Counsel for State Defendants-Appellants*;

347. Tucker, William, *Counsel for Plaintiffs-Appellees*;

348. Tyson, Bryan, *Counsel for State Defendants-Appellants*;

349. Uddullah, Angelina, *Plaintiff-Appellee*;

350. Unger, Jess, *Counsel for Plaintiffs-Appellees*;

351. United States Department of Justice, *Counsel for Plaintiffs-Appellees*;

352. United States of America, *Plaintiff-Appellee*;

353. Van Stephens, Michael, *Counsel for Defendant*;

354. Vander Els, Irene, *Counsel for Defendant*;

355. Varghese, George, *Counsel for Plaintiffs-Appellees*;

356. Varner, Johnny, *Defendant*;

357. Vasquez, Jorge, *Counsel for Plaintiffs-Appellees*;

358. Vaughan, Elizabeth, *Counsel for State Defendants-Appellants*;

359. Waite, Tristen, *Counsel for Defendant*;

360. Wang, Emily, *Counsel for Plaintiffs-Appellees*;

361. Ward-Packard, Samuel, *Counsel for Plaintiffs-Appellees*;

362. Wardenski, Joseph, *Counsel for Plaintiffs-Appellees*;

363. Watson, Jeanetta R., *Former Defendant*;

364. Webb, Brian K., *Counsel for State Defendants-Appellants*;

365. Weber, Gerald, *Counsel for Plaintiffs-Appellees*;

366. Weigel, Daniel, *Counsel for State Defendants-Appellants*;

367. Wesley, Carol, *Defendant*;

368. White, Daniel, *Counsel for Defendant*;

369. White, William, *Counsel for Intervenor-Defendants-Appellants*;

370. Wiggins, Larry, *Defendant*;

371. Wilberforce, Nana, *Counsel for Plaintiffs-Appellees*;

372. Wilborn, Eric, *Counsel for Defendant*;

373. Willard, Russell D., *Counsel for State Defendants-Appellants*;

374. Williams, Gilda, *Counsel for Plaintiffs-Appellees*;

375. Williams, Tuwanda, *Counsel for Defendant*;

376. WILMER CUTLER PICKERING HALE AND DORR LLP, *Counsel for Plaintiffs- Appellees*;

377. Wilson, Jacob C., *Counsel for Defendant*s;

378. Wilson, Melanie, *Counsel for Defendant*;

379. Wingate, Mark, *Defendant*;

380. Winichakul, Pichaya, *Counsel for Plaintiffs-Appellees*;

381. Women Watch Afrika, *Plaintiff-Appellee*;

382. Woodfin, Conor, *Counsel for Intervenor-Defendants-Appellants*;

383. Woolard, Cathy, *Defendant*;

384. Wurtz, Lori, *Defendant*;

385. Yoon, Meredyth, *Counsel for Plaintiffs-Appellees*;

386. Young, Sean, *Counsel for Plaintiffs-Appellees*; and

387. Zatz, Clifford, *Counsel for Plaintiffs-Appellees*.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, State Defendants-Appellants state that no publicly traded company or corporation has an interest in the outcome of this case or appeal.

Respectfully submitted this 30th day of October, 2023.

*/s/Bryan P. Tyson*
Counsel for State Defendants

## RESPONSE TO JURISDICTIONAL QUESTION

State Defendants-Appellants the State of Georgia, Governor of Georgia, Georgia Secretary of State, Georgia State Election Board, Matthew Mashburn, Sara Tindall Ghazal, Edward Lindsey, Janice W. Johnston, and the District Attorney for Dougherty County respectfully respond to this Court's questions regarding its jurisdiction over certain parties and this appeal. State Defendants answer (1) that Appellant Southern Christian Leadership Conference does not have appellate standing because it dismissed its claims, (2) State Defendants have standing to appeal the orders, and (3) Gregory Edwards and the State of Georgia are not named as parties in the underlying actions in the consolidated docket at the district court, yet are named in the consolidated docket and have standing to appeal for the reasons explained in answer (2).

The Court's Jurisdictional Question asks:

Please address whether appellants and cross-appellant Southern Christian Leadership Conference have appellate standing. Specifically, please address whether the Intervenor-Defendants and State Defendants were aggrieved by the appealed orders. *See Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353-54 (11th Cir. 2003) (explaining that litigants must establish their standing to appeal and that only a litigant aggrieved by an order may appeal); *Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014) (explaining that,

as a general rule, a party may not appeal to protect the rights of others); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (providing that an intervening defendant can generally "piggyback" on a defendant's standing if that defendant joins the intervenor in appealing). Furthermore, please address whether cross-appellant Southern Christian Leadership Conference, Gregory Edwards, and the State of Georgia have standing given that Southern Christian Leadership Conference filed a stipulation of voluntary dismissal and that Gregory Edwards and the State of Georgia were apparently not named as defendants in the two underlying actions relevant to the order that the State Defendants appeal. *See Mickles on behalf of herself v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (providing that, in general, only parties to a lawsuit, or those that properly become parties, have standing to appeal an adverse judgment).

## A.    The Southern Christian Leadership Conference is not properly part of this appeal.

Despite initially challenging Georgia's Election Integrity Act (SB 202) in 2021, *see Sixth District AME v. Kemp*, N.D. Ga. Case No. 1:21-cv-01284-JPB Doc. 83, the Southern Christian Leadership Conference dismissed its claims with prejudice on March 13, 2023. Consolidated Doc. 486. As a result, the Southern Christian Leadership Conference does not have appellate standing in this appeal. *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1354 (11th Cir. 2003) ("Generally, one not a party lacks standing to appeal an order in that action." (citation omitted)).

2

## B.  State Defendants have standing to challenge the district court's injunction.

State Defendants have standing to bring this appeal. The district court's preliminary injunction orders officials from eleven of Georgia's 159 counties *not* to enforce a provision of state law in the Official Code of Georgia that requires county election officials to reject (with an opportunity to cure) absentee ballots that lack the voter's birthdate on the outer envelope. *See* O.C.G.A. § 21-2-385(a). That injunction indefinitely invalidates a provision of the Georgia Code in much of the State because, in the district court's view, the Code provision likely violates Section 1971 of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B), and thus is unconstitutional under the Supremacy Clause. And there is no doubt that "a State has standing to defend the constitutionality of its statute." *Virginia House of Dels. v. Bethune-Hill*, 587 U.S. __, 139 S. Ct. 1945, 1951 (2019) (quoting *Diamond v. Charles*, 476 U.S. 54, 62 (1986)).

As this Court recently found, a Florida state officer had standing to appeal an injunction prohibiting only a county official—not state officials—from enforcing a provision of state election law. *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F.4th 905, 945–46 (11th

3

Cir. 2023). Although, as in this case, the enjoined county official "did not appeal," the State retained its right to defend its statute. *Id.* If the State cannot defend its laws, it will be bound by the district court's decision within the affected counties. *See id.* The State is aggrieved here, and therefore has standing to challenge the district court's preliminary injunction.

As this Court explained, "the Supreme Court recently cautioned that 'federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law.'" *League of Women Voters of Fla.*, 66 F.4th at 945–46 (quoting *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022)). This is not one of those "rare[]" situations.

Thus, a litigant "who is aggrieved by the judgment or order may appeal." *Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253, 1259 (11th Cir. 2023) (quoting *United States v. Amodeo* 916 F.3d 967, 971 (11th Cir. 2019)) (emphasis omitted). The State itself is a party to this case and is directly aggrieved by the district court's order invalidating the State's own statute.

4

### 1. Established law supports the standing of a State to appeal an order precluding enforcement of a State statute.

As noted, the preliminary injunction enjoins enforcement of the birthdate requirement of O.C.G.A. § 21-2-385(a) in 11 counties that account for a significant proportion of Georgia's population. State Defendants are not directly responsible for enforcing that requirement. Rather, county officials—and only county officials—review the outer envelopes containing completed absentee ballots, and decide whether to count or reject the ballots.

Nonetheless, deeply rooted law establishes State Defendants' standing to appeal the district court's intrusion on the State's "sovereign interest[]" in "the power to create and enforce a legal code." *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592, 601 (1982).

A State "is entitled to special solicitude in … standing analysis." *Massachusetts v. EPA*, 549 U.S. 497, 520 (2007). And "[f]ederal courts must respect states' strong interests in defending the constitutionality of their laws." *League of Women Voters*, 66 F.4th at 945. Thus, the Supreme Court has recognized that "a State has standing to defend the

5

constitutionality of its statute." *Virginia House of Dels.*, 139 S. Ct. at 1951 (quoting *Diamond*, 476 U.S. at 62).

The State's standing is plain because, as the Supreme Court put it in *Hollingsworth v. Perry*, "[n]o one doubts that a State has a cognizable interest 'in the continued enforceability' of its laws that is harmed by a judicial decision declaring a state law unconstitutional." 570 U.S. 693, 709–10 (2013) (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986)). Here, the decision below halts the "continued enforceability" of the birthdate requirement in portions of the State. The requirement is enjoined on the ground that it contravenes a federal statute, which must prevail under the Supremacy Clause in Article VI of the Constitution. That is why the district court concluded that the "state law" is likely "unconstitutional."

The line of authority for a State's standing to defend its statutes is long and deep. The Supreme Court decades ago recognized "the legitimate interest [of] public officials and administrative commissions, federal and state, to resist the endeavor to prevent the enforcement of statutes in relation to which they have official duties." *Coleman v. Miller*, 307 U.S. 433, 441–42 (1939).

The State is also harmed here because "the State will, in effect, be precluded from applying its duly enacted legislation regarding election procedures." *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 609 (8th Cir. 2020). Although County Defendants directly enforce the statute, the interest in the integrity and enforceability of the Georgia Code belongs to the State and the State agencies responsible for election administration—in other words, State Defendants. As the Supreme Court has observed, "[b]ecause the State alone is entitled to create a legal code, only the State has the kind of direct stake" needed for standing to "defend[] the standards embodied in that code." *Diamond*, 476 U.S. at 65 (cleaned up).[1]

State Defendants here are "institutional [parties] asserting an institutional injury" that subsists even though the State Defendants have not been enjoined. *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 802 (2015). As the Fifth Circuit has put it, "[w]hen a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Planned*

---

[1] There can be no doubt that Georgia's Attorney General represents the State's interests here.  He is authorized to represent the State in "all civil actions tried in any court." O.C.G.A. § 45-15-3(6).

*Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d
406, 419 (5th Cir. 2013) (citing *Maryland v. King*, 567 U.S. 1301, 1303
(2012) (Roberts, Circuit Justice); *New Motor Vehicle Bd. of Cal. v. Orrin
W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, Circuit Justice).

That interest is equally valid and sufficient here, where the
obligations of the statute—and thus the requirements of the injunction—
fall upon county rather than state officials. *League of Women Voters*, 66
F.4th at 945; *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375,
385 (7th Cir. 2019). That Plaintiffs' only avenue of relief is an order
against County Defendants does not deprive the State of its interest in
the enforceability—and enforcement—of its statutes.

Moreover, denying the State's standing here would leave states
open to collusive litigation. Although Plaintiffs here did sue State
Defendants, a plaintiff could choose to sue only counties that were
sympathetic to plaintiffs' position and would not contest the litigation.
Because (as here) only the county officials could be enjoined, the State
would have no way to defend its statutes.

That is part of the reason why this Court held that a Florida state
officer had standing to appeal an injunction prohibiting a county

official—not state officials—from enforcing a provision of state election law. *See League of Women Voters*, 66 F.4th at 45. Although, as in this case, the enjoined county official "did not appeal," the State retained its right to defend its statute. *Id.* If the State cannot defend its laws, it will be bound by the district court's decision within the affected counties. *See id.* The State is aggrieved here, and therefore has standing to challenge the district court's preliminary injunction.

### 2.   *All State Defendants share a concrete interest in uniform enforcement of, and compliance with, Georgia election laws.*

The State's concrete interest in the enforcement of its election laws encompasses the other State Defendants, who include the Secretary of State, the State Election Board, and the Board's members. Each of those Defendants is involved in administering Georgia election law statewide, even though no State Defendant has hands-on responsibility for enforcing the birthdate requirement for completed absentee ballots. And the district court's preliminary injunction stops the statute from operating with respect to a subset of electoral officials with obligations under that law. This indefinite, patchwork invalidation of a provision of Georgia election law thus aggrieves each State Defendant.

9

In addition, each of these State Defendants has a concrete interest in ensuring the uniformity of electoral framework throughout Georgia. The result of the preliminary injunction here leaves eleven counties enjoined from enforcing the birthdate requirement, while 148 other counties remain compelled to enforce it by state law.

This nonuniformity separately aggrieves State Defendants, who now must administer different rules for different counties based on the district court's order. That engenders confusion—and thus causes injury—within those Defendants. They must answer questions about legal requirements for absentee ballots differently depending on which county a question comes from. And any training they seek to conduct likewise must be tailored to the status of each particular county under the preliminary injunction.

All of the State Defendants are aggrieved by the decision below, not only because the injunction prevents a state statute from operating uniformly statewide, but because the decision imposes additional, concrete burdens relating to State Defendants' unique circumstances and governmental responsibilities. State Defendants therefore independently have standing to challenge the preliminary injunction.

### 3. *The absence of affirmative relief against State Defendants does not eliminate their interests.*

State Defendants' aggrievement is not eliminated by the absence of affirmative relief directed at them. The district court did not enter affirmative relief against State Defendants for a simple, straightforward reason: "Because county officials"—not any of the State Defendants— "are responsible for accepting or rejecting absentee ballots," Doc. 70-5, at 17, "an order directed to State Defendants will not redress Plaintiffs' alleged injuries," *id.* at 18. Because of the way Georgia law allocates duties among election officials, the district court correctly found that State Defendants "are removed from the process of accepting or rejecting absentee ballots." *Id.*

But the absence of affirmative relief against State Defendants does not and could not remove their standing to appeal to protect the uniform enforcement of a state statute. Many state statutes do not make state agencies susceptible to injunctions. Those statutes cover a multitude of topics, ranging from the relations between private parties to the operation of local governments. A State's sovereign interest in maintaining and enforcing its own duly enacted laws applies to those categories of statutes as well. Litigation seeking to invalidate such

11

statutes threatens the State's interest just as much as litigation aimed at statutes that require actions by state agencies.

That is why this Court recently held that the Florida Secretary of State had standing to appeal a judgment enjoining a county supervisor of elections from enforcing a provision of Florida election law. *See League of Women Voters*, 66 F.4th at 945–46. The Secretary had standing even though he was not enjoined, and apparently had no direct role in enforcing the provision at issue. *See id.* at 945.

As this Court explained, the Secretary:

> need not be bound by an injunction nor even bear the primary responsibility for enforcing the [challenged] provision to enjoy the requisite interest. The Secretary is not merely a "concerned bystander" without a "personal stake in defending [the law's] enforcement." … He has a statutory obligation to uniformly administer elections according to the election code adopted by the Legislature.

*Id.* (quoting *Hollingsworth*, 570 U.S. at 707). *Cf.* O.C.G.A. 21-2-31(1) (duties of State Election Board include promulgating rules and regulations "so as to obtain uniformity" statewide in election administration).

Because the district court's order in the present case impaired State Defendants' interest in the uniform enforcement of Georgia law, they are

12

not entirely prevailing parties, and thus do not come within *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1245 (11th Cir. 2023), which limits the standing of prevailing parties to appeal to situations where those parties face adverse collateral estoppel effects. The status and interests of State Defendants differ from those of private litigants. State Defendants have interests that are harmed directly by judicial impediments to the enforcement of Georgia law, interests that would be harmed more gravely if a precedential opinion of this Court made enforcement impossible. Thus, "[t]he State's participation facilitates 'a full and fair adversarial testing of [its] interests and arguments.'" *League of Women Voters*, 66 F.4th at 946 (quoting *Berger*, 142 S. Ct. at 2201. That is enough to render State Defendants "aggrieved" by the decision below, and thus to confer standing to appeal.

### 4. *Additional considerations support State Defendants' appellate standing.*

The procedural setting further underscores why State Defendants have standing to appeal the order enjoining enforcement of the birthdate requirement in O.C.G.A. § 21-2-385(a). Plaintiffs have cross-appealed the denial of relief against State Defendants. State Defendants can defend that denial both on standing grounds and on the ground that Plaintiffs

13

are not entitled to relief on the merits. Had Plaintiffs appealed first, State Defendants could have filed a protective cross-appeal encompassing the adverse finding on the merits. Their standing to do that does not depend on who files first.

Nor would there be serious doubt that the State had standing to appeal if it had not been named as a defendant but rather had intervened to defend the statute even though the County Defendants declined to do so.[2] In that setting, too, injunctive relief against the State would be as improper as it was when the State was named a party, but the State's interest in the "continued enforceability" of its laws would suffice to confer appellate standing. *Maine v. Taylor*, 477 U.S. at 137. A State's right to intervene in order "to urge on appeal the constitutionality of its laws is not contingent on [the] participation of other appellants." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 70 (1997) (citing *Maine v. Taylor*, 477 U.S. at 136–37). Indeed, the Supreme Court held that an intervenor-State had standing to appeal a criminal judgment even though the prosecuting authority (the federal government) had not

---

[2] And the State could have intervened as of right under 28 U.S.C. § 2403(b) (allowing a state to intervene as of right to defend the constitutionality of a state statute).

14

appealed. *See Maine v. Taylor*, 477 U.S. at 136–37. The Court held that, while "separate sovereigns" perhaps "have no legally cognizable interest in the prosecutorial decisions of the Federal Government, … a State clearly has a legitimate interest in the continued enforceability of its own statutes." *Id.* at 137.

The same principles apply with even more force here, where the enjoined parties are county officials who have been ordered not to obey state law. That was enough to support appellate standing in *League of Women Voters*, 66 F.4th at 945, and enough to support intervention for the purpose of appeal in *Lopez-Aguilar*, 924 F.3d at 385. And the result cannot and should not differ here. If anything, State Defendants' status as parties should enhance rather than detract from the standing to appeal that they would have as intervenors.

Nor does the fact that this appeal is from a preliminary injunction undercut standing here. Unless vacated by this Court, the preliminary injunction is likely to remain in effect through the 2024 election cycle. No trial date for a permanent injunction has been set—indeed, summary-judgment motions are due today. With another motion for preliminary injunction yet to be decided, two preliminary injunctions (including this

15

case) on appeal, a fourth decision on preliminary injunction for which the time to appeal has not expired, and several summary judgment motions being filed today, trial proceedings on a permanent injunction will not take place until well into the 2024 election cycle, with a decision only after that. Unless the district court reverses course, the birthdate requirement may well remain enjoined in eleven counties for two years or more before this Court could address an appeal from final judgment.

Thus, the preliminary injunction "restricts significantly the vitality of the statute." *Lopez-Aguilar*, 924 F.3d at 385. State Defendants are concretely aggrieved now and should not have to wait so long before receiving an authoritative determination of the legality of its statute.

### 5. State Defendants' injury is traceable to the decision below and redressable on appeal.

State Defendants easily satisfy the other factors for appellate standing. Their injury—interference with the enforceability of the birthdate provision of O.C.G.A. § 21-2-385(a)—is fairly traceable to the district court's order because the injury results directly and only from that order. And a favorable decision on appeal will allow that provision to be enforced uniformly across the State. The *Lopez-Aguilar* court instructively distinguished authorities that have denied standing to

private parties seeking to appeal judgments entered against someone else. Here, as in *Lopez-Aguilar*,

> we are not dealing with the derivative injury of a private party whose interests are dependent on the enjoined party. Rather, the district court has enjoined a subordinate component of state government from acting in accordance with the directive of the state legislature.

924 F.3d at 387. Reversing the preliminary injunction will redress State Defendants' injury.

### C. Gregory Edwards and the State of Georgia are part of the consolidated docket and thus should be part of this appeal.

The Court correctly notes that Appellants Gregory Edwards and the State of Georgia were not named as defendants in two of the underlying complaints, pre-consolidation. See *Sixth District AME v. Kemp*, N.D. Ga. Case No. 1:21-cv-01284-JPB Doc. 83; *Ga. State Conf. of the NAACP v. Raffensperger*, N.D. Ga. Case No. 1:21-cv-01259-JPB Doc. 35. The district court consolidated six cases challenging SB 202, Doc. 1, and entered the challenged injunction in both the individual cases and the consolidated docket, Doc. 613. The district court also listed defendants, but did not indicate the list was comprehensive. Doc. 613, p. 5 n.2 (noting that State Defendants "include" the listed parties). Because District Attorney

Edwards and the State of Georgia are part of the consolidated docket and the injunction was entered on the consolidated docket, they also appealed the order. District Attorney Edwards is a state official with responsibilities related to the enforcement of state laws, including election laws. O.C.G.A. § 15-18-6. As discussed above, the State has strong interests in defending its laws, *League of Women Voters of Fla.*, 66 F.4th at 945, and this Court should allow the State of Georgia and District Attorney Edwards to continue as appellants in this appeal.

## CONCLUSION

As discussed above, Appellant Southern Christian Leadership Conference does not have standing because it is not a party to the underlying case. But State Defendants have standing to appeal the preliminary injunction against the enforcement of a Georgia statute in eleven Georgia counties. And Gregory Edwards and the State of Georgia should be allowed to continue in this appeal.

This Court has jurisdiction and should continue with its consideration of this appeal.

October 30, 2023

Respectfully submitted,

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
STATE LAW DEPARTMENT
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Gene C. Schaerr*
Gene C. Schaerr
*Special Assistant Attorney General*
Donald M. Falk
Brian J. Field
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
dfalk@schaerr-jaffe.com
bfield@schaerr-jaffe.com

Bryan P. Tyson
*Special Assistant Attorney General*
Bryan F. Jacoutot
Diane Festin LaRoss
Donald P. Boyle, Jr.
Daniel H. Weigel
TAYLOR ENGLISH DUMA, LLP
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
(678) 336-7197
btyson@taylorenglish.com

19

bjacoutot@taylorenglish.com
dlaross@taylorenglish.com
dboyle@taylorenglish.com
dweigel@taylorenglish.com

*Counsel for State*
*Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

The foregoing motion opposition complies with the type volume limitation of Fed. R. App. P. 27(d)(2) because it contains 3,618 words.

This opposition also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Bryan P. Tyson*
Bryan P. Tyson