No. 23-13085

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

IN RE: GEORGIA SENATE BILL 202

Appeal from the U.S. District Court
for the Northern District of Georgia
No. 1:21-mi-55555 (Boulee, J.)

## INTERVENOR-APPELLANTS' RESPONSE
## TO JURISDICTIONAL QUESTION

William Bradley Carver, Sr.
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
BCarver@hallboothsmith.com
BDrennon@hallboothsmith.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
(703) 243-9423
patrick@consovoymccarthy.com

Gilbert C. Dickey
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

*Counsel for RNC, NRSC, NRCC, and Georgia Republican Party*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Per Circuit Rule 26.1, Appellants Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and Georgia Republican Party, Inc., certify that the following have an interest in the outcome of this appeal:

1. Abbott, Robert, *Defendant*

2. Abudu, Nancy, *Attorney for Plaintiffs-Appellees*

3. ACLU Foundation of Georgia, *Attorneys for Plaintiffs-Appellees*

4. ACLU Foundation of Georgia, Inc., *Attorneys for Plaintiffs-Appellees*

5. Adegbile, Debo, *Attorney for Plaintiffs-Appellees*

6. Aden, Leah, *Attorney for Plaintiffs-Appellees*

7. Advancement Project, *Attorneys for Plaintiffs-Appellees*

8. Ameri, Mana, *Attorney for Plaintiffs-Appellees*

9. American Civil Liberties Union Foundation of Georgia, *Attorneys for Plaintiffs-Appellees*

10. American Civil Liberties Union Foundation, Inc., *Attorneys for Plaintiffs-Appellees*

11. Andrews, Wanda, *Defendant*

12. Aquino, Nora, *Plaintiff-Appellee*

13. Asian Americans Advancing Justice-Asian Law Caucus, *Attorneys for Plaintiffs-Appellees*

14. Asian Americans Advancing Justice-Atlanta, *Plaintiff-Appellee*

15. Augusta Georgia Law Department, *Attorneys for Defendant*

16. Ausburn, Deborah, *Attorney for Defendants-Appellants*

17. Awuku, George, *Defendant*

18. Banks, Marques, *Attorney for Plaintiffs-Appellees*

19. Banter, James, *Attorney for Defendant*

20. Barnes, Sherry, *Defendant*

21. Barron, Richard, *Defendant*

22. Bartolomucci, Christopher, *Attorney for Defendants-Appellants*

23. Beausoleil, William, *Attorney for Plaintiffs-Appellees*

24. Beck Owen & Murray, *Attorneys for Defendant*

25. Begakis, Steven, *Attorney for Intervenor-Defendants-Appellants*

26. Belichick, Joseph, *Attorney for Plaintiffs-Appellees*

27. Bell, Jordan, *Attorney for Defendant*

28. Bennette, Matletha, *Attorney for Plaintiffs-Appellees*

29. Bibb County Board of Elections, *Defendant*

30. Bibb County Board of Registrars, *Defendant*

31. Black Voters Matter Fund, *Plaintiff-Appellee*

32. Blender, Matthew, *Defendant*

33. Bloodworth, Kristin, *Attorney for Defendant*

34. Boone, Annika, *Attorney for Defendants-Appellants*

35. Boulee, Jean-Paul, *District Court Judge*

36. Bowman, Brad, *Attorney for Defendant*

37. Boyle, Donald, *Attorney for Defendants-Appellants*

38. Broder, Karl, *Attorney for Defendant*

39. Brooks, Jessica, *Defendant*

40. Brooks, Sofia, *Attorney for Plaintiffs-Appellees*

41. Brown, Marcia, *Defendant*

42. Bruning, Stephen, *Defendant*

43. Bruning, Steven, *Defendant*

44. Bryan, Bennett, *Attorney for Defendant*

45. Burwell, Kaye, *Attorney for Defendant*

46. Campbell-Harris, Dayton, *Attorney for Plaintiffs-Appellees*

47. Carver, William, *Attorney for Intervenor-Defendants-Appellants*

48. Cathey, Thomas, *Attorney for Defendant*

49. Chalmers, Adams, Backer & Kaufman, LLC, *Attorneys for Defendant*

50. Chatham County Attorney, *Attorneys for Defendant*

51. Chatham County Board of Elections, *Defendant*

52. Chatham County Board of Registrars, *Defendant*

53. Clarke County Board of Election and Voter Registration, *Defendant*

54. Clayton County Board of Elections and Registration, *Defendant*

55. Cobb County Board of Elections and Registration, *Defendant*

56. Cochran, Ken, *Defendant*

57. Columbia County Board of Elections, *Defendant*

58. Columbia County Board of Registrars, *Defendant*

59. Common Cause, *Plaintiff-Appellee*

60. Consovoy McCarthy PLLC, *Attorneys for Intervenor-Defendants-Appellants*

61. Cramer, Raisa, *Attorney for Plaintiffs-Appellees*

62. Crawford, Teresa, *Defendant*

63. Crawford, Teresa, *Defendant*

64. Crowell & Moring, LLP, *Attorneys for Plaintiffs-Appellees*

65. Cushman, Ann, *Defendant*

66. Cusick, John, *Attorney for Plaintiffs-Appellees*

67. Dasgupta, Riddhi, *Attorney for Defendants-Appellants*

68. Dave, Charles, *Defendant*

69. Davenport, Jennifer, *Attorney for Defendant*

70. Davis Wright Tremaine LLP, *Attorneys for Plaintiffs-Appellees*

71. Davis, Britton, *Attorney for Plaintiffs-Appellees*

72. Day, Stephen, *Defendant*

73. DeKalb County Board of Registrations and Elections, *Defendant*

74. DeKalb County Law Department, *Attorneys for Defendant*

75. Delta Sigma Theta Sorority, Inc., *Plaintiff-Appellee*

76. Denmark, Emilie, *Attorney for Defendant*

77. Dentons US LLP, *Attorneys for Intervenor-Defendants-Appellants*

78. Deshazior, Zurich, *Defendant*

79. DeThomas, Courtney, *Attorney for Plaintiffs-Appellees*

80. Dianis, Judith, *Attorney for Plaintiffs-Appellees*

81. Dickey, Gilbert, *Attorney for Intervenor-Defendants-Appellants*

82. Dicks, Terence, *Defendant*

83. Dimmick, Brian, *Attorney for Plaintiffs-Appellees*

84.  DiStefano, Don, *Defendant*

85.  Doss, Travis, *Defendant*

86.  Dozier, Shauna, *Defendant*

87.  Drennon, Baxter, *Attorney for Intervenor-Defendants-Appellants*

88.  Duffie, Wanda, *Defendant*

89.  Durbin, Jauan, *Plaintiff-Appellee*

90.  Durso, Katherine, *Defendant*

91.  Edwards, Gregory, *Defendant*

92.  Elias Law Group LLP, *Attorneys for Plaintiffs-Appellees*

93.  Ellington, Thomas, *Defendant*

94.  Enjeti-Sydow, Anjali, *Plaintiff-Appellee*

95.  Evans, James, *Attorney for Defendant*

96.  Evans, Rachel, *Attorney for Plaintiffs-Appellees*

97.  Evans-Daniel, Karen, *Defendant*

98.  Eveler, Janine, *Defendant*

99.  Exousia Lighthouse International C.M., Inc, *Plaintiff*

100.  Faith In Action Network, *Plaintiff*

101.  Falk, Donald, *Attorney for Defendants-Appellants*

102.  Fambrough, Willa, *Defendant*

103.  Faransso, Tania, *Attorney for Plaintiffs-Appellees*

104.  Farrell, Gregory, *Attorney for Plaintiffs-Appellees*

105.  Feldsherov, Ilya, *Attorney for Plaintiffs-Appellees*

106.  Fenwick & West, LLP, *Attorneys for Plaintiffs-Appellees*

107. Field, Brian, *Attorney for Defendants-Appellants*

108. First Congregational Church, United Church of Christ Incorporated, *Plaintiff-Appellee*

109. Fogelson, Matthew, *Attorney for Plaintiffs-Appellees*

110. Forsyth County Board of Voter Registrations and Elections, *Defendant*

111. Fortier, Lucas, *Attorney for Plaintiffs-Appellees*

112. Foster, Mikayla, *Attorney for Plaintiffs-Appellees*

113. Freeman Mathis & Gary, LLP, *Attorneys for Defendant*

114. Fulton County Attorney's Office, *Attorneys for Defendant*

115. Fulton County Registration and Elections Board, *Defendant*

116. Galeo Latino Community Development Fund, Inc., *Plaintiff-Appellee*

117. Gammage, Keith, *Defendant*

118. Garabadu, Rahul, *Attorney for Plaintiffs-Appellees*

119. Gartland, Pat, *Defendant*

120. Gartland, Pat, *Defendant*

121. Gay, Nancy, *Defendant*

122. Geiger, Debra, *Defendant*

123. Georgia Adapt, *Plaintiff-Appellee*

124. Georgia Advocacy Office, *Plaintiff-Appellee*

125. Georgia Coalition for the People's Agenda, Inc., *Plaintiff-Appellee*

126. Georgia Department of Law, *Attorneys for Defendants-Appellants*

127. Georgia Latino Alliance for Human Rights, Inc., *Plaintiff-Appellee*

128. Georgia Muslim Voter Project, *Plaintiff-Appellee*

129.    Georgia Republican Party, Inc., *Intervenor-Defendant-Appellant*

130.    Georgia State Conference of the NAACP, *Plaintiff-Appellee*

131.    Georgia State Election Board, *Defendant*

132.    Ghazal, Sara, *Defendant*

133.    Gibbs, Fannie, *Plaintiff-Appellee*

134.    Gillon, Thomas, *Defendant*

135.    Givens, Diane, *Defendant*

136.    Gossett, David, *Attorney for Plaintiffs-Appellees*

137.    Greater Works Ministries Network, Inc., *Plaintiff*

138.    Green, Tyler, *Attorney for Intervenor-Defendants-Appellants*

139.    Greenbaum, Jon, *Attorney for Plaintiffs-Appellees*

140.    Greenberg Traurig, LLP, *Attorneys for Defendant*

141.    Groves, Angela, *Attorney for Plaintiffs-Appellees*

142.    Gwinnett County Board of Registrations and Elections, *Defendant*

143.    Gwinnett County Department of Law, *Attorneys for Defendant*

144.    Hall Booth Smith, P.C., *Attorneys for Intervenor-Defendants-Appellants*

145.    Hall County Board of Elections and Registration, *Defendant*

146.    Hall County Government, *Attorneys for Defendant*

147.    Hall, Dorothy, *Defendant*

148.    Hall, John, *Attorney for Intervenor-Defendants-Appellants*

149.    Hamilton, Brittni, *Attorney for Plaintiffs-Appellees*

150.    Hancock, Jack, *Attorney for Defendant*

151.    Hart, Ralph, *Attorney for Defendant*

152. Hart, Twyla, *Defendant*

153. Hasselberg, Emily, *Attorney for Plaintiffs-Appellees*

154. Hayes, Vilia, *Attorney for Plaintiffs-Appellees*

155. Haynie, Litchfield & White, PC, *Attorneys for Defendant*

156. Hazard, Joel, *Defendant*

157. Heard, Bradley, *Attorney for Plaintiffs-Appellees*

158. Heimes, Marianne, *Defendant*

159. Henseler, James, *Attorney for Plaintiffs-Appellees*

160. Herren, Thomas, *Attorney for Plaintiffs-Appellees*

161. Hiatt, Alexandra, *Attorney for Plaintiffs-Appellees*

162. Ho, Dale, *Attorney for Plaintiffs-Appellees*

163. Hodge, Malinda, *Defendant*

164. Houk, Julie, *Attorney for Plaintiffs-Appellees*

165. Hoyos, Luis, *Attorney for Plaintiffs-Appellees*

166. Hughes Hubbard & Reed, *Attorneys for Plaintiffs-Appellees*

167. Hughes, Aileen, *Attorney for Plaintiffs-Appellees*

168. Hull Barrett, PC, *Attorneys for Defendant*

169. Ingram, Randy, *Defendant*

170. Jacoutot, Bryan, *Attorney for Defendants-Appellants*

171. Jaffe, Erik, *Attorney for Defendants-Appellants*

172. Jahangiri, Mahroh, *Attorney for Plaintiffs-Appellees*

173. Jaikumar, Arjun, *Attorney for Plaintiffs-Appellees*

174. James-Bates-Brannan-Groover-LLP, *Attorneys for Defendant*

175.   Jarrard & Davis, LLP, *Attorneys for Defendant*

176.   Jasrasaria, Jyoti, *Attorney for Plaintiffs-Appellees*

177.   Jaugstetter, Patrick, *Attorney for Defendant*

178.   Jedreski, Matthew, *Attorney for Plaintiffs-Appellees*

179.   Jester, Alfred, *Defendant*

180.   Jester, Nancy, *Defendant*

181.   Jhaveri, Sejal, *Attorney for Plaintiffs-Appellees*

182.   Johnson, Aaron, *Defendant*

183.   Johnson, Ben, *Defendant*

184.   Johnson, Darlene, *Defendant*

185.   Johnson, Melinda, *Attorney for Plaintiffs-Appellees*

186.   Johnston, Janice, *Defendant*

187.   Joiner, Amelia, *Attorney for Defendant*

188.   Kanu, Nkechi, *Attorney for Plaintiffs-Appellees*

189.   Kaplan, Mike, *Defendant*

190.   Kastorf Law, LLC, *Attorneys for Plaintiffs-Appellees*

191.   Kastorf, Kurt, *Attorney for Plaintiffs-Appellees*

192.   Kaufman, Alex, *Attorney for Intervenor-Defendants-Appellants*

193.   Keker Van Nest & Peters LLP, *Attorneys for Plaintiffs-Appellees*

194.   Keker Van Nest & Peters LLP, *Attorneys for Plaintiffs-Appellees*

195.   Kemp, Brian, *Defendant-Appellant*

196.   Kennedy, David, *Defendant*

197.   Kennedy, Kate, *Attorney for Plaintiffs-Appellees*

198.    Keogh, William, *Attorney for Defendant*

199.    Khan, Sabrina, *Attorney for Plaintiffs-Appellees*

200.    Khan, Sabrina, *Attorney for Plaintiffs-Appellees*

201.    Kim, Danielle, *Attorney for Plaintiffs-Appellees*

202.    Kingsolver, Justin, *Attorney for Plaintiffs-Appellees*

203.    Klein, Spencer, *Attorney for Plaintiffs-Appellees*

204.    Knapp, Halsey, *Attorney for Plaintiffs-Appellees*

205.    Koorji, Alaizah, *Attorney for Plaintiffs-Appellees*

206.    Krevolin & Horst, LLC, *Attorneys for Plaintiffs-Appellees*

207.    Kucharz, Kevin, *Attorney for Defendant*

208.    Lakin, Sophia, *Attorney for Plaintiffs-Appellees*

209.    Lam, Leo, *Attorney for Plaintiffs-Appellees*

210.    Lang, Antan, *Defendant*

211.    LaRoss, Diane, *Attorney for Defendants-Appellants*

212.    Latino Community Fund of Georgia, *Plaintiff-Appellee*

213.    Lauridsen, Adam, *Attorney for Plaintiffs-Appellees*

214.    Law Office of Gerald R Weber, LLC, *Attorneys for Plaintiffs-Appellees*

215.    Lawyers' Committee for Civil Rights Under Law, *Attorneys for Plaintiffs-Appellees*

216.    League of Women Voters of Georgia, Inc., *Plaintiff-Appellee*

217.    Leung, Kimberly, *Attorney for Plaintiffs-Appellees*

218.    Lewis, Anthony, *Defendant*

219.    Lewis, Joyce, *Attorney for Plaintiffs-Appellees*

220. Lin, Stephanie, *Attorney for Plaintiffs-Appellees*

221. Lindsey, Edward, *Defendant*

222. Lower Muskogee Creek Tribe, *Plaintiff-Appellee*

223. Lowman, David, *Attorney for Defendant*

224. Ludwig, Jordan, *Attorney for Plaintiffs-Appellees*

225. Luth, Barbara, *Defendant*

226. Ma, Eileen, *Attorney for Plaintiffs-Appellees*

227. Mack, Rachel, *Attorney for Defendant*

228. Mahoney, Thomas, *Defendant*

229. Manifold, Zach, *Defendant*

230. Martin, Grace, *Attorney for Defendant*

231. Mashburn, Matthew, *Defendant-Appellant*

232. May, Caitlin, *Attorney for Plaintiffs-Appellees*

233. McAdams, Issac, *Defendant*

234. McCandless, Spencer, *Attorney for Plaintiffs-Appellees*

235. McCarthy, Thomas, *Attorney for Intervenor-Defendants-Appellants*

236. McClain, Roy, *Defendant*

237. McCord, Catherine, *Attorney for Plaintiffs-Appellees*

238. McFalls, Tim, *Defendant*

239. McFarland, Ernest, *Attorney for Plaintiffs-Appellees*

240. McGowan, Charlene, *Attorney for Defendants-Appellants*

241. Mcrae, Colin, *Defendant*

242. Melcher, Molly, *Attorney for Plaintiffs-Appellees*

243. Metropolitan Atlanta Baptist Ministers Union, Inc., *Plaintiff-Appellee*

244. Mijente, Inc., *Plaintiff*

245. Miller, Nicholas, *Attorney for Defendants-Appellants*

246. Milord, Sandy, *Attorney for Defendant*

247. Minnis, Terry, *Attorney for Plaintiffs-Appellees*

248. Mizner, Susan, *Attorney for Plaintiffs-Appellees*

249. Mocine-McQueen, Marcos, *Attorney for Plaintiffs-Appellees*

250. Momo, Shelley, *Attorney for Defendant*

251. Morrison, Tina, *Attorney for Plaintiffs-Appellees*

252. Mosbacher, Jennifer, *Defendant*

253. Motter, Susan, *Defendant*

254. Murchie, Laura, *Attorney for Plaintiffs-Appellees*

255. Murray, Karen, *Defendant*

256. NAACP Legal Defense and Education Fund, Inc., *Attorneys for Plaintiffs-Appellees*

257. *National Association for the Advancement of Colored People, Inc.*, Parent Corporation of Georgia State Conference of the NAACP

258. National Republican Congressional Committee, *Intervenor-Defendant-Appellant*

259. National Republican Senatorial Committee, *Intervenor-Defendant-Appellant*

260. Natt, Joel, *Defendant*

261. Nemeth, Miriam, *Attorney for Plaintiffs-Appellees*

262. Nercessian, Armen, *Attorney for Plaintiffs-Appellees*

*263.* New Birth Missionary Baptist Church, Inc., *Plaintiff*

264. Newland, James, *Defendant*

265. Nguyen, Candice, *Attorney for Plaintiffs-Appellees*

266. Nguyen, Phi, *Attorney for Plaintiffs-Appellees*

267. Nkwonta, Uzoma, *Attorney for Plaintiffs-Appellees*

268. Noa, Jack, *Defendant*

269. Noland Law Firm, LLC, *Attorneys for Defendant*

270. Noland, William, *Attorney for Defendant*

271. Norris, Cameron, *Attorney for Intervenor-Defendants-Appellants*

272. Norse, William, *Defendant*

273. Nwachukwu, Jennifer, *Attorney for Plaintiffs-Appellees*

274. O'Brien, James, *Defendant*

275. O'Connor, Eileen, *Attorney for Plaintiffs-Appellees*

276. O'Lenick, Alice, *Defendant*

277. Olm, Rylee, *Attorney for Plaintiffs-Appellees*

278. Oxford, Neil, *Attorney for Plaintiffs-Appellees*

279. Paik, Steven, *Plaintiff-Appellee*

280. Pant, Shontee, *Attorney for Plaintiffs-Appellees*

281. Paradise, Loree, *Attorney for Defendants-Appellants*

282. Parker, Warrington, *Attorney for Plaintiffs-Appellees*

283. Pelletier, Susan, *Attorney for Plaintiffs-Appellees*

284. Porter, Megan, *Attorney for Plaintiffs-Appellees*

285. Powell, Laura, *Attorney for Plaintiffs-Appellees*

286.  Prince, Joshua, *Attorney for Defendants-Appellants*

287.  Pulgram, Laurence, *Attorney for Plaintiffs-Appellees*

288.  Pullar, Patricia, *Defendant*

289.  Qadir, Hunaid, *Defendant*

290.  Radzikinas, Carla, *Defendant*

291.  Raffensperger, Brad, *Defendant-Appellant*

292.  Raffle, Rocky, *Defendant*

293.  Ramahi, Zainab, *Attorney for Plaintiffs-Appellees*

294.  Rich, James, *Attorney for Plaintiffs-Appellees*

295.  Richardson, Jasmyn, *Attorney for Plaintiffs-Appellees*

296.  Richmond County Board of Elections, *Defendant*

297.  Ringer, Cheryl, *Attorney for Defendant*

298.  Rise, Inc., *Plaintiff-Appellee*

299.  Rodriguez, Anthony, *Defendant*

300.  Rosborough, Davin, *Attorney for Plaintiffs-Appellees*

301.  Rosenberg, Ezra, *Attorney for Plaintiffs-Appellees*

302.  Rosenberg, Steven, *Attorney for Defendant*

303.  Russ, John, *Attorney for Plaintiffs-Appellees*

304.  Ruth, Kathleen, *Defendant*

305.  Ryan, Elizabeth, *Attorney for Plaintiffs-Appellees*

306.  Sabzevari, Arash, *Attorney for Defendant*

307.  Sachdeva, Niharika, *Attorney for Plaintiffs-Appellees*

308.  Samuel Dewitt Proctor Conference, Inc., *Plaintiff*

309.  Sankofa United Church of Christ Limited, *Plaintiff*

310.  Schaerr | Jaffe LLP, *Attorneys for Defendants-Appellants*

311.  Schaerr, Gene, *Attorney for Defendants-Appellants*

312.  Scott, William, *Attorney for Defendant*

313.  Seals, Veronica, *Defendant*

314.  Segarra, Esperanza, *Attorney for Plaintiffs-Appellees*

315.  Sells, Bryan, *Attorney for Plaintiffs-Appellees*

316.  Shah, Niyati, *Attorney for Plaintiffs-Appellees*

317.  Sheats, Gala, *Defendant*

318.  Shelly, Jacob, *Attorney for Plaintiffs-Appellees*

319.  Shirley, Adam, *Defendant*

320.  Sieff, Adam, *Attorney for Plaintiffs-Appellees*

321.  Silas, Tori, *Defendant*

322.  Sixth District of the African Methodist Episcopal Church, *Plaintiff-Appellee*

323.  Smith, Casey, *Attorney for Plaintiffs-Appellees*

324.  Smith, Dele, *Defendant*

325.  Smith, Mandi, *Defendant*

326.  Solh, Chahira, *Attorney for Plaintiffs-Appellees*

327.  Solomon, Elbert, *Plaintiff-Appellee*

328.  Sosebee, Charlotte, *Defendant*

329.  Southern Poverty Law Center, *Attorneys for Plaintiffs-Appellees*

330.  Sowell, Gregory, *Attorney for Defendant*

331.  Sparks, Adam, *Attorney for Plaintiffs-Appellees*

332.    Squiers, Cristina, *Attorney for Defendants-Appellants*

333.    Stewart Melvin & Frost, LLP, *Attorneys for Defendant*

334.    Sumner, Stuart, *Attorney for Intervenor-Defendants-Appellants*

335.    Sung, Connie, *Attorney for Plaintiffs-Appellees*

336.    Sung, Connie, *Attorney for Plaintiffs-Appellees*

337.    Swift, Karli, *Defendant*

338.    Szilagyi, Heather, *Attorney for Plaintiffs-Appellees*

339.    Tatum, Tobias, *Attorney for Defendants-Appellants*

340.    Taylor English Duma LLP, *Attorneys for Defendants-Appellants*

341.    Taylor, Wandy, *Defendant*

342.    Thatte, Anuja, *Attorney for Plaintiffs-Appellees*

343.    The ACLU Foundation Disability Rights Program, *Attorneys for Plaintiffs-Appellees*

344.    The Arc of the United States, *Plaintiff-Appellee*

345.    The Concerned Black Clergy of Metropolitan Atlanta, Inc., *Plaintiff-Appellee*

346.    The Georgia State Election Board, *Defendant*

347.    The Justice Initiative, Inc., *Plaintiff-Appellee*

348.    The Law Office of Bryan L. Sells, LLC, *Attorneys for Plaintiffs-Appellees*

349.    The New Georgia Project, *Plaintiff-Appellee*

350.    The Republican National Committee, *Intervenor-Defendant-Appellant*

351.    The State of Georgia, *Defendant-Appellant*

352.    The United States of America, *Plaintiff-Appellee*

353.  The Urban League of Greater Atlanta, Inc., *Plaintiff-Appellee*

354.  Thomas, Ethan, *Attorney for Plaintiffs-Appellees*

355.  Thompson, Grace, *Attorney for Plaintiffs-Appellees*

356.  Till, Ann, *Defendant*

357.  Topaz, Jonathan, *Attorney for Plaintiffs-Appellees*

358.  Trent, Edward, *Attorney for Defendants-Appellants*

359.  Tucker, William, *Attorney for Plaintiffs-Appellees*

360.  Tyson, Bryan, *Attorney for Defendants-Appellants*

361.  Uddullah, Angelina, *Plaintiff-Appellee*

362.  Unger, Jess, *Attorney for Plaintiffs-Appellees*

363.  United States Department of Justice, *Attorneys for Plaintiffs-Appellees*

364.  Van Stephens, Michael, *Attorney for Defendant*

365.  Vander Els, Irene, *Attorney for Defendant*

366.  Varghese, George, *Attorney for Plaintiffs-Appellees*

367.  Varner, Johnny, *Defendant*

368.  Vasquez, Jorge, *Attorney for Plaintiffs-Appellees*

369.  Vaughan, Elizabeth, *Attorney for Defendants-Appellants*

370.  Waite, Tristen, *Attorney for Defendant*

371.  Wang, Emily, *Attorney for Plaintiffs-Appellees*

372.  Ward-Packard, Samuel, *Attorney for Plaintiffs-Appellees*

373.  Wardenski, Joseph, *Attorney for Plaintiffs-Appellees*

374.  Weber, Gerald, *Attorney for Plaintiffs-Appellees*

375.  Weigel, Daniel, *Attorney for Defendants-Appellants*

376.    Wesley, Carol, *Defendant*

377.    White, Daniel, *Attorney for Defendant*

378.    White, William, *Attorney for Intervenor-Defendants-Appellants*

379.    Wiggins, Larry, *Defendant*

380.    Wilberforce, Nana, *Attorney for Plaintiffs-Appellees*

381.    Wilborn, Eric, *Attorney for Defendant*

382.    Williams, Gilda, *Attorney for Plaintiffs-Appellees*

383.    Williams, Tuwanda, *Attorney for Defendant*

384.    Wilmer Cutler Pickering Hale and Dorr LLP, *Attorneys for Plaintiffs-Appellees*

385.    Wilson, Jacob, *Attorney for Defendant*

386.    Wilson, Melanie, *Attorney for Defendant*

387.    Wingate, Mark, *Defendant*

388.    Winichakul, Pichaya, *Attorney for Plaintiffs-Appellees*

389.    Women Watch Afrika, *Plaintiff-Appellee*

390.    Woodfin, Conor, *Attorney for Intervenor-Defendants-Appellants*

391.    Woolard, Cathy, *Defendant*

392.    Wurtz, Lori, *Defendant*

393.    Yoon, Meredyth, *Attorney for Plaintiffs-Appellees*

394.    Young, Sean, *Attorney for Plaintiffs-Appellees*

395.    Zatz, Clifford, *Attorney for Plaintiffs-Appellees*

The Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and the Georgia Republican Party, Inc., have no parent corporation, and no corporation owns 10% or more of their stock. No publicly traded company or corporation has an interest in the outcome of this case or appeal. Per Circuit Rule 26.1-2(c), Appellants certify that the CIP contained in this motion is complete.

Dated: October 31, 2023          */s/ Patrick Strawbridge*
                                  Counsel for Intervenor-Appellants

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ................................................................ 1

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION ................................................................................. 1

    I.    Appellants have standing. ......................................................... 3

        A.    The State Defendants have appellate standing. ....................... 3

        B.    The Republican intervenors also have standing. .................... 9

    II.    The Southern Christian Leadership Conference does not have standing. ... 10

CONCLUSION .................................................................................... 10

CERTIFICATE OF COMPLIANCE .................................................. 12

CERTIFICATE OF SERVICE ............................................................ 12

# TABLE OF AUTHORITIES

## Cases

*AAL High Yield Bond Fund v. Deloitte & Touche LLP,*
  361 F.3d 1305 (11th Cir. 2004) ...................................................... 5, 8

*Berger v. N.C. State Conf. of the NAACP,*
  142 S. Ct. 2191 (2022) ....................................................................... 8

*Bloom v. FDIC,*
  738 F.3d 58 (2d Cir. 2013) ................................................................. 5

*Brnovich v. Democratic Nat'l Comm.,*
  141 S. Ct. 2321 (2021) ............................................................... passim

*Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.,*
  950 F.3d 790 (11th Cir. 2020) ................................................. 2, 9, 10

*Devlin v. Scardelletti,*
  536 U.S. 1 (2002) ......................................................... 5, 6, 7, 8

*Diamond v. Charles,*
  476 U.S. 54 (1986) ...................................................................... 9, 10

*Hand v. Scott,*
  888 F.3d 1206 (11th Cir. 2018) ...................................................... 4, 8

*Hawes v. Gleicher,*
  745 F.3d 1337 (11th Cir. 2014) ......................................................... 1

*Hollingsworth v. Perry,*
  570 U.S. 693 (2013) ........................................................................... 6

*League of Women Voters of Fla. Inc. v. Fla. Sec'y of State (LWV II),*
  66 F.4th 905 (11th Cir. 2023) .................................................... passim

*League of Women Voters of Fla., Inc. v. Fla. Sec'y of State (LWV I),*
  32 F.4th 1363 (11th Cir. 2022) ......................................................... 3

*Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania,*
  140 S. Ct. 2367 (2020) ....................................................................... 9

*Lozman v. City of Riviera Beach*,
713 F.3d 1066 n.7 (11th Cir. 2013) ................................................................ 2, 6

*Maine v. Taylor*,
477 U.S. 131 (1986) .......................................................................................... 6

*Mickles on behalf of herself v. Country Club Inc.*,
887 F.3d 1270 (11th Cir. 2018) ........................................................................ 5

*Nationwide Mut. Ins. v. Barrow*,
29 F.4th 1299 (11th Cir. 2022) ............................................................... 4, 8, 10

*Org. for Black Struggle v. Ashcroft*,
978 F.3d 603 (8th Cir. 2020) ........................................................................... 6

*Pediatric Specialty Care, Inc. v. Ark. Dep't of Hum. Servs.*,
364 F.3d 925 (8th Cir. 2004) ........................................................................... 5

*People v. Sims*,
651 P.2d 321 (Cal. 1982) .................................................................................. 7

*State v. Summers*,
528 S.E.2d 17 (N.C. 2000) ............................................................................... 7

*State v. Wooten*,
543 S.E.2d 721 (Ga. 2001) ............................................................................... 6

*Va. House of Delegates v. Bethune-Hill*,
139 S. Ct. 1945 (2019) ..................................................................................... 4

*W. Virginia v. EPA*,
142 S. Ct. 2587 (2022) .................................................................................. 1, 3

*Wolff v. Cash 4 Titles*,
351 F.3d 1348 (11th Cir. 2003) ......................................................... 2, 3, 7, 10

**Statutes**

Ga. Code §21-2-50 ................................................................................................ 4

**Rules**

Fed. R. Civ. P. 24(a) ............................................................................................ 7

## INTRODUCTION

On October 13, Plaintiffs moved to dismiss this appeal for lack of jurisdiction. *See* Doc. 70. That motion is meritless, as Appellants explained in their responses. *See* Docs. 89, 90. Meanwhile, the Court ordered the parties to brief several jurisdictional questions. Doc. 76. The issues in the Court's jurisdictional question overlap somewhat with the issues raised in Plaintiffs' motion. But the bottom line is the same: the Court has jurisdiction over this appeal.

First, the Court has jurisdiction because Appellants have standing to appeal the district court's preliminary injunction. "In considering a litigant's standing to appeal, the question is whether it has experienced an injury 'fairly traceable to the *judgment below*,'" and whether "a 'favorable ruling' from the appellate court 'would redress [that] injury.'" *W. Virginia v. EPA*, 142 S. Ct. 2587, 2606 (2022) (alteration in original) (quoting *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2362 (2019)). No party is appealing to protect the rights of others. *Cf. Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014) (explaining that, as a general rule, a party may not appeal to protect the rights of others).

The preliminary injunction harms the State Defendants and the Republican intervenors, so they have standing to appeal it. This is most clear for the Secretary of State because this Court just resolved the issue in an indistinguishable case. *League of Women Voters v. Florida Secretary of State* held that Florida's Secretary of State had standing as the state official responsible for administering election laws, even though only a single county official had been enjoined. *LWV II*, 66 F.4th 905, 945 (11th Cir. 2023). The same is true here, and that is all that is needed to resolve jurisdiction over the State and

the RNC's appeal. "All that is needed to entertain an appeal … is one party with standing." *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2336 (2021).

The other state defendants and the Republican intervenors also have standing to appeal in their own right. *League of Women Voters* establishes that the state itself has standing to appeal, since it held that the Attorney General had standing based only on the authority "to represent Florida" in litigation. *LWV II*, 66 F.4th at 945. This case is easier because the State itself has appealed. The District Attorney for Dougherty County, Gregory Edwards, has standing since "a government official sued in his or her official capacity," such as the District Attorney, "is considered to be in privity with the government." *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1075 n.7 (11th Cir. 2013). And the Republican intervenors have standing because they face financial and organizational injury from decisions that modify election laws." *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 794 (11th Cir. 2020).

Second, the Southern Christian Leadership Conference lacks standing, but that doesn't deprive this Court of jurisdiction over the appeals. "[O]ne not a party" to an action generally "lacks standing to appeal an order in that action." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1354 (11th Cir. 2003). The Southern Christian Leadership Conference is no longer a party because it voluntarily dismissed its case. That means it "lacks standing to appeal" any "order" entered in the case. *Id.* But that doesn't deprive the Court of jurisdiction over the appeal, since "[a]ll that is needed to entertain an appeal of [an] issue is one party with standing." *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2336 (2021).

## ARGUMENT

### I.    Appellants have standing.

State executive officials and political parties have standing to appeal court orders enjoining election officials from enforcing election laws. *Id.*; *LWV II*, 66 F.4th at 945; *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State* (*LWV I*), 32 F.4th 1363 (11th Cir. 2022). That principle alone justifies the Court's jurisdiction over this appeal. And several more principles independently confirm that Appellants have standing.

#### A.    The State Defendants have appellate standing.

*First*, the Secretary has appellate standing. As a named party to both the consolidated case (1:21-mi-55555) and the two closed cases affected by the district court's order (1:21-cv-01259, 1:21-cv-01284), the Secretary can appeal that order. *Wolff*, 351 F.3d at 1354. And because the Secretary suffers "an injury 'fairly traceable to the judgment below'" that is redressable by "a 'favorable ruling' from the appellate court," this Court has jurisdiction to decide the appeal. *W. Virginia*, 142 S. Ct. at 2606.

Earlier this year, this Court held that the Florida Secretary of State had standing to appeal an injunction even though he was not enjoined. *League of Women Voters* rejected an argument that Florida's Secretary of State could not appeal an order that "enjoined only … Bay County Supervisor of Elections Mark Andersen." *LWV II*, 66 F.4th at 945 (cleaned up). The Secretary "has a statutory obligation to uniformly administer elections." *Id.* The order enjoining enforcement of election laws harmed that interest even though lower-level officials held the practical enforcement power. *Id.* The Court confirmed that it the Secretary "need not be bound by an injunction nor even bear

3

primary responsibility for enforcing" a challenged provision "to enjoy the requisite interest" to appeal. *Id.*

*League of Women Voters* confirms that the Secretary has standing. Just like in *League of Women Voters*, the Georgia Secretary is "the state's chief election official" tasked with "determin[ing] the forms of nomination petitions, ballots, and other forms" affected by the district court's order. Ga. Code §21-2-50. He "need not be bound by an injunction nor even bear the primary responsibility for enforcing the [enjoined] provision to enjoy the requisite interest" in appealing the judgment. *LWV II*, 66 F.4th at 945. He is a party to the cases below, appealed the district court's order, has "standing to represent the State's interests," and is thus a proper appellant. *Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019) (holding that Virginia's Legislature had no standing because it had no "authority to litigate on the State's behalf," in contrast with the Attorney General, who is responsible "for representing the State's interests in civil litigation").

The Secretary's standing is all that is needed to resolve the Court's jurisdictional question. "All that is needed to entertain an appeal … is one party with standing." *Brnovich*, 141 S. Ct. at 2336. So this Court need not go beyond its directly on point precedent from earlier this year.

*Second*, even if the Court looks beyond the Secretary, the State has appellate standing. A State is injured when a federal court blocks "statutes enacted by representatives of its people." *Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018) (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). The State is "aggrieved by the judgment" and thus "has appellate standing." *Nationwide Mut. Ins. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022). "Federal courts must respect states'

4

strong interests in defending the constitutionality of their laws," since they will be "bound by the conclusive adjudication" even if not reached by an injunction. *LWV II*, 66 F.4th at 945. In fact, *League of Women Voters* recognized that the Attorney General had standing, even though she was not enjoined, because she was "empowered to represent Florida in this action." *Id.* Here, standing is even more clear, because the State has appealed the adverse decision directly.

The State is also a "party" to this case. That the Plaintiffs who filed the two closed cases did not *name* the State as a party does not deprive the State of standing to appeal the judgment invalidating its law. In *Mickles*, this Court recognized the general rule that "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment." *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) (quoting *Marino v. Ortiz*, 484 U.S. 301, 304 (1988)). But that tells only half the story. The Supreme Court has "never … restricted the right to appeal to named parties to the litigation." *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002). "The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Id.* at 10. For example, parties "bound by a judgment," regardless of whether they are named in the complaint, can appeal the judgment. *AAL High Yield Bond Fund v. Deloitte & Touche LLP*, 361 F.3d 1305, 1310 (11th Cir. 2004); *see also Bloom v. FDIC*, 738 F.3d 58, 62 (2d Cir. 2013) (nonnamed party "may appeal a judgment by which it is bound"); *Pediatric Specialty Care, Inc. v. Ark. Dep't of Hum. Servs.*, 364 F.3d 925, 932-33 (8th Cir. 2004) (non-party agency bound by injunction could appeal directly without first intervening in district court); *Devlin*, 536 U.S. at 7-8 (collecting cases).

5

The State is bound by the preliminary injunction and can thus appeal it. Just as in *League of Women Voters*, "if the district court's decision 'is left undisturbed,'" Georgia "will be bound by the conclusive adjudication" that the birthdate requirement violates federal law. *LWV II*, 66 F.4th at 945 (quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986)). In these circumstances, "[n]o one doubts that a State has a cognizable interest 'in the continued enforceability' of its laws that is harmed by a judicial decision declaring a state law unconstitutional." *Hollingsworth v. Perry*, 570 U.S. 693, 709-10 (2013) (quoting *Taylor*, 477 U.S. at 137). The district court's order enjoins the "continued enforceability" of the birthdate requirement, *Taylor*, 477 U.S. at 137, which means "the State will, in effect, be precluded from applying its duly enacted legislation regarding election procedures," *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 609 (8th Cir. 2020). The State is thus a proper party to the appeal.

*Third*, the District Attorney for Dougherty County, Gregory Edwards, has standing. Although the District Attorney, like the State, was not named as a defendant in the two closed cases, "nonnamed parties in privity with a named party are often allowed by other courts to appeal from the order that affects them." *Devlin*, 536 U.S. at 11 (citing 5 Am. Jur. 2d, App. Rev. §265 (1995)). And "a government official sued in his or her official capacity," such as the District Attorney, "is considered to be in privity with the government." *Lozman*, 713 F.3d at 1075 n.7. In Georgia, "the district attorney represents the people of the state in prosecuting individuals who have been charged with violating our state's criminal laws." *State v. Wooten*, 543 S.E.2d 721, 723 (Ga. 2001). In States with similar arrangements, courts have held that district attorneys are in privity with the State and other executive officials responsible for enforcing state law. *E.g.*, *State*

*v. Summers*, 528 S.E.2d 17, 21 (N.C. 2000) (rejecting the argument that "the district attorney … was not in privity with the Attorney General," because "there can be no question that the district attorney and the Attorney General both represent the interests of the people of North Carolina, regardless of whether it be the district attorney in a criminal trial court or the Attorney General in a civil or criminal appeal."); *People v. Sims*, 651 P.2d 321 (Cal. 1982) ("The courts have held that the agents of the same government are in privity with each other, since they represent not their own rights but the right of the government." (cleaned up)).

This reflects the simple principle that the many executive officials that have appealed here all represent the interests of the State, whose law has been enjoined. Those officials are proper appellants because, for example, the Secretary has "a statutory obligation to uniformly administer elections" and the Attorney General "has the authority to 'appear in and attend to, in behalf of the state, all suits or prosecutions, civil or criminal or in equity, in which the state may be a party, or in anywise interested' in federal court." *LWV II*, 66 F.4th at 945 (quoting Fla. Stat. §16.01(4)-(5)). They are in privity with each other, so they all have standing.

*Finally*, Plaintiffs might suggest that *Wolff* requires non-named parties to intervene before they can appeal, but the argument should be rejected. *See Wolff*, 351 F.3d at 1354 (noting that "nonparties can sometimes intervene to appeal a judgment"). To be sure, the State and its many officers could file dozens of intervention motions across the six consolidated cases and be granted named party status as a matter of right. *See* Fed. R. Civ. P. 24(a). They could also file those motions in this Court to "intervene for purposes of appeal." *Devlin*, 536 U.S. at 12-13. But the Supreme Court has said "it

7

is difficult to see the value of" such motions, which would accomplish nothing more than adding the parties' names to the dockets of the two closed cases. *Id.* Rather, a "nonnamed party [that] likely [meets] the requirements for intervention as of right" is "precisely" the situation in which this Court "should consider allowing nonnamed parties to appeal." *AAL High Yield Bond Fund*, 361 F.3d at 1310.

In any event, these issues are not jurisdictional. Whether the State or any other Appellant is considered a "party" to the appeal "does not implicate the jurisdiction of the courts under Article III of the Constitution." *Devlin*, 536 U.S. at 6. Rather, the State's standing as a jurisdictional matter depends on whether the State "has an interest" in the district court's preliminary injunction "that creates a 'case or controversy' sufficient to satisfy the constitutional requirements of injury, causation, and redressability." *Id.* at 7. It does, as this Court and the Supreme Court have confirmed many times over. *E.g.*, *Brnovich*, 141 S. Ct. at 2336; *LWV II*, 66 F.4th at 945. A State is injured when a federal court blocks "statutes enacted by representatives of its people." *Hand*, 888 F.3d at 1214. Indeed, "federal courts should rarely question that a State's interests will be practically impaired or impeded if its duly authorized representatives are excluded from participating in federal litigation challenging state law." *Berger v. N.C. State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022). The State "is aggrieved by the judgment" and thus "has appellate standing." *Nationwide Mut. Ins.*, 29 F.4th at 1301. And in any event, there is no dispute that the Secretary is a party, and *League of Women Voters* forecloses any argument that the Secretary is not aggrieved by the district court's decision. That too resolve any jurisdictional issue, since only one appellant needs to show standing. *Brnovich*, 141 S. Ct. at 2336.

8

**B.    The Republican intervenors also have standing.**

The State Defendants' standing is "[a]ll that is needed to entertain an appeal" of the district court's order. *Id.* As the Supreme Court noted in *Diamond v. Charles*, "an intervening defendant below," is "entitled to seek review, enabling him to file a brief on the merits, and to seek leave to argue orally" so long as "the State is in fact an appellant before the Court," even if the intervenor would otherwise lack standing to appeal. 476 U.S. 54, 64 (1986). The State is "in fact an appellant," so the Republican intervenors need not demonstrate independent standing. *Id.* "An intervenor of right must independently demonstrate Article III standing if it pursues relief that is broader than or different from the party invoking a court's jurisdiction." *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367, 2379 n.6 (2020). But the Republican intervenors and the State Defendants seek the same relief: reversal of the district court's preliminary injunction. For that reason, the Court would "err[] by inquiring into the [intervenors'] independent Article III standing." *Id.* The Republican intervenors have thus always had standing in these types of appeals. *See Brnovich*, 141 S. Ct. at 2336; *LWV*, 66 F.4th at 945.

In any event, the Republican intervenors have independent grounds for appealing the district court's injunction. Political parties suffer financial and organizational injury from court orders "that modify election laws," such as "the district court's preliminary injunction in this case." *Democratic Exec. Comm.*, 950 F.3d at 794. In support of their response to Plaintiffs' motion to dismiss this appeal, the Republican intervenors submitted a declaration explaining how the Republican National Committee is injured by the district court's order. *See* Doc. 90-2 (Decl. of Elliot Echols)

(explaining that if the district court's order stands, the Republican intervenors must adjust their campaign strategy and "diver[t] personnel and time to educating voters about … the district court's order"). Those injuries confer appellate standing. *Democratic Exec. Comm.*, 950 F.3d at 794.

## II. The Southern Christian Leadership Conference does not have standing.

On March 13, 2023, the Southern Christian Leadership Conference voluntarily dismissed its claims with prejudice. *See* Doc. 486, No. 1:21-mi-55555. The Conference is no longer a party, and "[g]enerally, one not a party lacks standing to appeal an order in that action." *Wolff*, 351 F.3d at 1354. Moreover, because the Conference has voluntarily dismissed its claims, it has no basis to argue it "is aggrieved by the judgment." *Nationwide Mut. Ins.*, 29 F.4th at 1301. But the one-appellant principle applies here, too: that the Conference lacks standing does not necessarily mean the Court lacks jurisdiction over the cross-appeal. So long as the other Cross-Appellants have standing and request the same relief as the Conference, the Court has jurisdiction over the cross-appeal. *See Diamond*, 476 U.S. at 64.

## CONCLUSION

This Court has jurisdiction for several independent reasons. Of the many parties that appealed the district court's order, at least "one party" has standing, which is "[a]ll that is needed to entertain [the] appeal." *Brnovich*, 141 S. Ct. at 2336. The Secretary easily "fits the bill," because he is a named party in all relevant cases and is aggrieved by the judgment. *Id.*; *see also LWV II*, 66 F.4th at 945. That alone satisfies the Court's jurisdiction, and the Court would err by dismissing any other Appellants. Nevertheless,

10

the other Appellants have standing, too. The State has standing to appeal court orders that invalidate its laws. And the many state officials that appealed the judgment have standing to represent the various interests of the State. Even if the State Defendants lacked standing, the Republican intervenors are injured in their own right. If the Plaintiff organizations had standing to obtain a preliminary injunction, the Republican organizations have standing to appeal it. This Court has jurisdiction.

Dated: October 30, 2023.

Respectfully submitted,

*/s/ Patrick Strawbridge*

William Bradley Carver, Sr.
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Suite 2900
Atlanta, Georgia 30303
(404) 954-5000
BCarver@hallboothsmith.com
BDrennon@hallboothsmith.com

Patrick Strawbridge
CONSOVOY MCCARTHY PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
(703) 243-9423
patrick@consovoymccarthy.com

Gilbert C. Dickey
Conor D. Woodfin
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

*Counsel for RNC, NRSC, NRCC, and Georgia Republican Party*

## CERTIFICATE OF COMPLIANCE

This motion complies with Rule 27(d)(2) because it contains 3,073 words, excluding the parts that can be excluded. This motion also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: October 30, 2023                    */s/ Patrick Strawbridge*

## CERTIFICATE OF SERVICE

I filed this motion with the Court via ECF, which will email everyone requiring notice.

Dated: October 30, 2023                    */s/ Patrick Strawbridge*