No. 23-13085

# In the United States Court of Appeals for the Eleventh Circuit

In re: Georgia Senate Bill 202

On Appeal from the United States District Court
for the Northern District of Georgia

Master Case No. 1:21-mi-55555-JPB

## PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Fenwick & West LLP

Lawyers' Committee for Civil Rights Under Law

The Law Office of Bryan Sells, LLC

Law Offices of Gerry Weber, LLC

*Attorneys for Plaintiffs-Appellees Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek Tribe*

NAACP Legal Defense And Educational Fund, Inc.

ACLU Foundation Of Georgia, Inc.

ACLU Foundation, Inc.

Wilmer Cutler Pickering Hale and Dorr LLP

*Attorneys for Plaintiffs-Appellees Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, and Georgia ADAPT, Georgia Advocacy Office*

Southern Poverty Law Center

Davis Wright Tremaine LLP

*Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

*Additional Counsel Information on Front Pages*

*Attorneys for Plaintiffs-Appellees Georgia State Conference of the NAACP,*
*Georgia Coalition for the People's Agenda, Inc., League of Women Voters of*
*Georgia, Inc., GALEO Latino Community Development Fund, Inc.,*
*Common Cause, and the Lower Muskogee Creek Tribe:*

Laurence F. Pulgram
Armen Nercessian
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
(415) 875-2300

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Jennifer Nwachukwu
Heather Szilagyi
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
(202) 662-8600

Bryan L. Sells
THE LAW OFFICE OF BRYAN SELLS, LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212

Gerald Weber
LAW OFFICES OF GERRY WEBER, LLC
PO Box 5391
Atlanta, GA 31107
(404) 522-0507

*Attorneys for Plaintiffs-Appellees Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, and Georgia Advocacy Office:*

Sophia Lin Lakin
Davin M. Rosborough
Jonathan Topaz
Dayton Campbell-Harris
Casey Smith
ACLU FOUNDATION, INC.
125 Broad St., 18th Floor
New York, NY 10004
(212) 519-7836

Susan P. Mizner
ACLU FOUNDATION, INC.
39 Drumm Street
San Francisco, CA 94111
(415) 343-0781

Brian Dimmick
ACLU FOUNDATION, INC.
915 15th Street NW
Washington, D.C. 20005
(202) 731-2395

Rahul Garabadu
Caitlin May
Cory Isaacson
ACLU FOUNDATION OF
  GEORGIA, INC.
P.O. Box 570738
Atlanta, GA 30357
(678) 981-5295

Leah C. Aden
John S. Cusick
Alaizah Koorji
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200

Anuja Thatte
NAACP LEGAL DEFENSE AND
  EDUCATION FUND, INC.
700 14th St., NW, Suite 600
Washington, D.C. 20005
(202) 682-1300

Debo P. Adegbile
Alexandra Hiatt
WILMER CUTLER PICKERING
  HALE AND DORR LLP
250 Greenwich St.
New York, NY 10007
(212) 230-8800

George P. Varghese
Stephanie Lin
Lucas Fortier
Sofia Brooks
Mikayla Foster
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State St.
Boston, MA 02109
(617) 526-6000

Tania Faransso
Laura E. Powell
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, D.C. 20037
(202) 663-6000

Nana Wilberforce
  WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Ave., Suite 2400
Los Angeles, CA 90071
(213) 443-5300

*Attorneys for Plaintiffs Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States:*

Bradley E. Heard
Pichaya Poy Winichakul
Matletha N. Bennette
SOUTHERN POVERTY
LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30030
(404) 521-6700

Jess Unger
Sabrina S. Khan
SOUTHERN POVERTY
LAW CENTER
1101 17th St. NW, Suite 705
Washington, D.C. 20036
(202) 728-9557

David M. Gossett
Courtney T. DeThomas
DAVIS WRIGHT TREMAINE LLP
1301 K St. NW, Suite 500
Washington, D.C. 20005-7048
(202) 973-4288

Matthew R. Jedreski
Grace Thompson
Danielle E. Kim
Kate Kennedy
Shontee Pant
DAVIS WRIGHT TREMAINE LLP
920 Fifth Ave., Suite 3300
Seattle, WA 98104-1610
(206) 622-3150

Adam S. Sieff
Daniel Leigh
Brittni A. Hamilton
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa St., 24th Floor
Los Angeles, CA 90017-2566
(213) 633-6800

No. 23-13085 | In re: Georgia Senate Bill 202

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3, Plaintiffs-Appellees Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, Lower Muskogee Creek Tribe, Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, and The Arc of the United States certify that the following persons and entities have an interest in the outcome of this appeal:

1.    Abbott, Robert, *Defendant*

2.    Abudu, Nancy, *Former Attorney for Plaintiffs-Appellees*

3.    ACLU Foundation of Georgia, Inc., *Attorneys for Plaintiffs-Appellees*

4.    Adegbile, Debo, *Attorney for Plaintiffs-Appellees*

5.    Aden, Leah, *Attorney for Plaintiffs-Appellees*

6.    Advancement Project, *Attorneys for Plaintiffs-Appellees*

7.    Ameri, Mana, *Attorney for Plaintiffs-Appellees*

8.    American Civil Liberties Union Foundation, Inc., *Attorneys for Plaintiffs-Appellees*

9.    Andrews, Wanda, *Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

10.    Aquino, Nora, *Plaintiff-Appellee*

11.    Asian Americans Advancing Justice-Asian Law Caucus, *Attorneys for Plaintiffs-Appellees*

12.    Asian Americans Advancing Justice-Atlanta, *Plaintiff-Appellee*

13.    Augusta Georgia Law Department, *Attorneys for Defendant*

14.    Ausburn, Deborah, *Attorney for Defendants-Appellants*

15.    Awuku, George, *Defendant*

16.    Banks, Marques, *Attorney for Plaintiffs-Appellees*

17.    Banter, James, *Attorney for Defendant*

18.    Barkdull, Annika Boone, *Attorney for Defendants-Appellants*

19.    Barnes, Sherry, *Defendant*

20.    Barron, Richard, *Defendant*

21.    Bartolomucci, Christopher, *Attorney for Defendants-Appellants*

22.    Beausoleil, William, *Attorney for Plaintiffs-Appellees*

23.    Beck Owen & Murray, *Attorneys for Defendant*

24.    Begakis, Steven, *Attorney for Intervenors-Appellants*

25.    Belichick, Joseph, *Attorney for Plaintiffs-Appellees*

26.    Bell, Jordan, *Attorney for Defendant*

27.    Bennette, Matletha, *Attorney for Plaintiffs-Appellees*

28.    Bibb County Board of Elections, *Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

29.  Bibb County Board of Registrars, *Defendant*

30.  Black Voters Matter Fund, *Plaintiff-Appellee*

31.  Blender, Matthew, *Defendant*

32.  Bloodworth, Kristin, *Former Attorney for Defendant*

33.  Boulee, Honorable Jean-Paul ("J.P."), *United States District Court Judge*

34.  Bowman, Brad, *Attorney for Defendant*

35.  Boyle, Donald, *Attorney for Defendants-Appellants*

36.  Broder, Karl, *Attorney for Defendant*

37.  Brooks, Jessica, *Defendant*

38.  Brooks, Sofia, *Attorney for Plaintiffs-Appellees*

39.  Brown, Marcia, *Defendant*

40.  Bruning, Stephen, *Defendant*

41.  Bruning, Steven, *Defendant*

42.  Bryan, Bennett, *Attorney for Defendant*

43.  Burwell, Kaye, *Attorney for Defendant*

44.  Campbell-Harris, Dayton, *Attorney for Plaintiffs-Appellees*

45.  Carr, Christopher M., Attorney General of the State of Georgia, *Attorney for Defendants-Appellants*

46.  Carver, William, *Attorney for Intervenors-Appellants*

47.  Cathey, Thomas, *Former Attorney for Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

48. Chalmers, Adams, Backer & Kaufman, LLC, *Attorneys for Defendant*

49. Chatham County Attorney, *Attorneys for Defendant*

50. Chatham County Board of Elections, *Defendant*

51. Chatham County Board of Registrars, *Defendant*

52. Clarke County Board of Election and Voter Registration, *Defendant*

53. Clayton County Board of Elections and Registration, *Defendant*

54. Cobb County Board of Elections and Registration, *Defendant*

55. Cochran, Ken, *Defendant*

56. Columbia County Board of Elections, *Defendant*

57. Columbia County Board of Registrars, *Defendant*

58. Common Cause, *Plaintiff-Appellee*

59. Consovoy McCarthy PLLC, *Attorney for Intervenors-Appellants*

60. Cramer, Raisa, *Former Attorney for Plaintiffs-Appellees*

61. Crawford, Teresa, *Defendant*

62. Crowell & Moring, LLP, *Attorneys for Plaintiffs-Appellees*

63. Cushman, Ann, *Defendant*

64. Cusick, John, *Attorney for Plaintiffs-Appellees*

65. Dasgupta, Riddhi, *Attorney for Defendants-Appellants*

66. Dave, Charles, *Defendant*

67. Davenport, Jennifer, *Attorney for Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

68.  Davis Wright Tremaine LLP, *Attorneys for Plaintiffs-Appellees*

69.  Davis, Britton, *Former Attorney for Plaintiffs-Appellees*

70.  Day, Stephen, *Defendant*

71.  DeKalb County Board of Registrations and Elections, *Defendant*

72.  DeKalb County Law Department, *Attorneys for Defendant*

73.  Delta Sigma Theta Sorority, Inc., *Plaintiff-Appellee*

74.  Denmark, Emilie, *Attorney for Defendant*

75.  Dentons US LLP, *Attorney for Intervenors-Appellants*

76.  Deshazior, Zurich, *Defendant*

77.  DeThomas, Courtney, *Attorney for Plaintiffs-Appellees*

78.  Dianis, Judith, *Attorney for Plaintiffs-Appellees*

79.  Dickey, Gilbert, *Attorney for Intervenors-Appellants*

80.  Dicks, Terence, *Defendant*

81.  Dimmick, Brian, *Attorney for Plaintiffs-Appellees*

82.  DiStefano, Don, *Defendant*

83.  Doss, Travis, *Defendant*

84.  Dozier, Shauna, *Defendant*

85.  Drennon, Baxter, *Attorney for Intervenors-Appellants*

86.  Duffey, William, Jr., *Defendant-Appellant*;

87.  Duffie, Wanda, *Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

88. Durbin, Jauan, *Plaintiff-Appellee*

89. Durso, Katherine, *Defendant*

90. Edwards, Gregory, District Attorney for Dougherty County, *Defendant*

91. Elias Law Group LLP, *Attorneys for Plaintiffs-Appellees*

92. Ellington, Thomas, *Defendant*

93. Enjeti-Sydow, Anjali, *Plaintiff-Appellee*

94. Evans, James, *Attorney for Defendant*

95. Evans, Rachel, *Attorney for Plaintiffs-Appellees*

96. Evans-Daniel, Karen, *Defendant*

97. Eveler, Janine, *Defendant*

98. Exousia Lighthouse International C.M., Inc, *Former Plaintiff*

99. Faith In Action Network, *Former Plaintiff*

100. Falk, Donald, *Attorney for Defendants-Appellants*

101. Fambrough, Willa, *Defendant*

102. Faransso, Tania, *Attorney for Plaintiffs-Appellees*

103. Farrell, Gregory, *Attorney for Plaintiffs-Appellees*

104. Feldsherov, Ilya, *Former Attorney for Plaintiffs-Appellees*

105. Fenwick & West, LLP, *Attorneys for Plaintiffs-Appellees*

106. Field, Brian, *Attorney for Defendants-Appellants*

No. 23-13085 | In re: Georgia Senate Bill 202

107. First Congregational Church, United Church of Christ Incorporated,

   *Plaintiff-Appellee*

108. Fogelson, Matthew, *Attorney for Plaintiffs-Appellees*

109. Forsyth County Board of Voter Registrations and Elections, *Defendant*

110. Fortier, Lucas, *Attorney for Plaintiffs-Appellees*

111. Foster, Mikayla, *Attorney for Plaintiffs-Appellees*

112. Freeman Mathis & Gary, LLP, *Attorneys for Defendant*

113. Fulton County Attorney's Office, *Attorneys for Defendant*

114. Fulton County Registration and Elections Board, *Defendant*

115. Galeo Latino Community Development Fund, Inc., *Plaintiff-Appellee*

116. Gammage, Keith, *Defendant*

117. Garabadu, Rahul, *Attorney for Plaintiffs-Appellees*

118. Gartland, Pat, *Defendant*

119. Gartland, Pat, *Defendant*

120. Gay, Nancy, *Defendant*

121. Geiger, Debra, *Defendant*

122. Georgia Adapt, *Plaintiff-Appellee*

123. Georgia Advocacy Office, *Plaintiff-Appellee*

124. Georgia Coalition for the People's Agenda, Inc., *Plaintiff-Appellee*

125. Georgia Department of Law, *Attorneys for Defendants-Appellants*

No. 23-13085 | In re: Georgia Senate Bill 202

126. Georgia Latino Alliance for Human Rights, Inc., *Plaintiff-Appellee*

127. Georgia Muslim Voter Project, *Plaintiff-Appellee*

128. Georgia Republican Party, Inc., *Intervenor-Appellant*

129. Georgia State Conference of the NAACP, *Plaintiff-Appellee*

130. Georgia State Election Board, *Defendant*

131. Ghazal, Sara, *Defendant*

132. Gibbs, Fannie, *Plaintiff-Appellee*

133. Gillon, Thomas, *Defendant*

134. Givens, Diane, *Defendant*

135. Gossett, David, *Attorney for Plaintiffs-Appellees*

136. Greater Works Ministries Network, Inc., *Former Plaintiff*

137. Green, Tyler, *Attorney for Intervenors-Appellants*

138. Greenbaum, Jon, *Attorney for Plaintiffs-Appellees*

139. Greenberg Traurig, LLP, *Attorneys for Defendant*

140. Groves, Angela, *Attorney for Plaintiffs-Appellees*

141. Gwinnett County Board of Registrations and Elections, *Defendant*

142. Gwinnett County Department of Law, *Attorneys for Defendant*

143. Hall Booth Smith, P.C., *Attorney for Intervenors-Appellants*

144. Hall County Board of Elections and Registration, *Defendant*

145. Hall County Government, *Attorneys for Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

146.   Hall, Dorothy, *Defendant*

147.   Hall, John, *Attorney for Intervenors-Appellants*

148.   Hamilton, Brittni, *Attorney for Plaintiffs-Appellees*

149.   Hancock, Jack, *Attorney for Defendant*

150.   Hart, Ralph, *Attorney for Defendant*

151.   Hart, Twyla, *Defendant*

152.   Hasselberg, Emily, *Attorney for Plaintiffs-Appellees*

153.   Hayes, Vilia, *Attorney for Plaintiffs-Appellees*

154.   Haynie, Litchfield & White, PC, *Attorneys for Defendant*

155.   Hazard, Joel, *Defendant*

156.   Heard, Bradley, *Attorney for Plaintiffs-Appellees*

157.   Heimes, Marianne, *Defendant*

158.   Henseler, James, *Attorney for Plaintiffs-Appellees*

159.   Herren, Thomas, *Attorney for Plaintiffs-Appellees*

160.   Hiatt, Alexandra, *Attorney for Plaintiffs-Appellees*

161.   Ho, Dale, *Former Attorney for Plaintiffs-Appellees*

162.   Hodge, Malinda, *Defendant*

163.   Houk, Julie, *Attorney for Plaintiffs-Appellees*

164.   Hoyos, Luis, *Attorney for Plaintiffs-Appellees*

165.   Hughes Hubbard & Reed, *Attorneys for Plaintiffs-Appellees*

No. 23-13085 | In re: Georgia Senate Bill 202

166.  Hughes, Aileen, *Attorney for Plaintiffs-Appellees*

167.  Hull Barrett, PC, *Attorneys for Defendant*

168.  Ingram, Randy, *Defendant*

169.  Isaacson, Cory, *Attorney for Plaintiffs-Appellees*

170.  Jacoutot, Bryan, *Attorney for Defendants-Appellants*

171.  Jaffe, Erik, *Attorney for Defendants-Appellants*

172.  Jahangiri, Mahroh, *Former Attorney for Plaintiffs-Appellees*

173.  Jaikumar, Arjun, *Former Attorney for Plaintiffs-Appellees*

174.  James-Bates-Brannan-Groover-LLP, *Attorneys for Defendant*

175.  Jarrard & Davis, LLP, *Attorneys for Defendant*

176.  Jasrasaria, Jyoti, *Former Attorney for Plaintiffs-Appellees*

177.  Jaugstetter, Patrick, *Attorney for Defendant*

178.  Jedreski, Matthew, *Attorney for Plaintiffs-Appellees*

179.  Jester, Alfred, *Defendant*

180.  Jester, Nancy, *Defendant*

181.  Jhaveri, Sejal, *Attorney for Plaintiffs-Appellees*

182.  Johnson, Aaron, *Defendant*

183.  Johnson, Ben, *Defendant*

184.  Johnson, Darlene, *Defendant*

185.  Johnson, Melinda, *Attorney for Plaintiffs-Appellees*

No. 23-13085 | In re: Georgia Senate Bill 202

186. Johnston, Janice, *Defendant*

187. Joiner, Amelia, *Attorney for Defendant*

188. Kanu, Nkechi, *Attorney for Plaintiffs-Appellees*

189. Kaplan, Mike, *Defendant*

190. Kastorf Law, LLC, *Attorneys for Plaintiffs-Appellees*

191. Kastorf, Kurt, *Attorney for Plaintiffs-Appellees*

192. Kaufman, Alex, *Attorney for Intervenors-Appellants*

193. Keker Van Nest & Peters LLP, *Attorneys for Plaintiffs-Appellees*

194. Kemp, Brian, Governor of the State of Georgia, *Defendant-Appellant*

195. Kennedy, David, *Defendant*

196. Kennedy, Kate, *Attorney for Plaintiffs-Appellees*

197. Keogh, William, *Attorney for Defendant*

198. Khan, Sabrina, *Attorney for Plaintiffs-Appellees*

199. Kim, Danielle, *Attorney for Plaintiffs-Appellees*

200. Kingsolver, Justin, *Attorney for Plaintiffs-Appellees*

201. Klein, Spencer, *Attorney for Plaintiffs-Appellees*

202. Knapp, Halsey, *Attorney for Plaintiffs-Appellees*

203. Koorji, Alaizah, *Attorney for Plaintiffs-Appellees*

204. Krevolin & Horst, LLC, *Attorneys for Plaintiffs-Appellees*

205. Kucharz, Kevin, *Attorney for Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

206.   Lakin, Sophia, *Attorney for Plaintiffs-Appellees*

207.   Lam, Leo, *Attorney for Plaintiffs-Appellees*

208.   Lang, Antan, *Defendant*

209.   LaRoss, Diane, *Attorney for Defendants-Appellants*

210.   Latino Community Fund of Georgia, *Plaintiff-Appellee*

211.   Lauridsen, Adam, *Attorney for Plaintiffs-Appellees*

212.   Law Office of Gerald R Weber, LLC, *Attorneys for Plaintiffs-Appellees*

213.   Lawyers' Committee for Civil Rights Under Law, *Attorneys for Plaintiffs-Appellees*

214.   League of Women Voters of Georgia, Inc., *Plaintiff-Appellee*

215.   Leung, Kimberly, *Attorney for Plaintiffs-Appellees*

216.   Lewis, Anthony, *Defendant*

217.   Lewis, Joyce, *Attorney for Plaintiffs-Appellees*

218.   Lin, Stephanie, *Attorney for Plaintiffs-Appellees*

219.   Lindsey, Edward, *Defendant*

220.   Lower Muskogee Creek Tribe, *Plaintiff-Appellee*

221.   Lowman, David, *Attorney for Defendant*

222.   Ludwig, Jordan, *Attorney for Plaintiffs-Appellees*

223.   Luth, Barbara, *Defendant*

224.   Ma, Eileen, *Attorney for Plaintiffs-Appellees*

225. Mack, Rachel, *Attorney for Defendant*

226. Mahoney, Thomas, *Defendant*

227. Manifold, Zach, *Defendant*

228. Martin, Grace Simms, *Attorney for Defendant*

229. Mashburn, Matthew, *Defendant-Appellant*

230. May, Caitlin, *Attorney for Plaintiffs-Appellees*

231. McAdams, Issac, *Defendant*

232. McCandless, Spencer, *Former Attorney for Plaintiffs-Appellees*

233. McCarthy, Thomas, *Attorney for Intervenors-Appellants*

234. McClain, Roy, *Defendant*

235. McCord, Catherine, *Attorney for Plaintiffs-Appellees*

236. McFalls, Tim, *Defendant*

237. McFarland, Ernest, *Attorney for Plaintiffs-Appellees*

238. McGowan, Charlene, *Former Attorney for Defendants-Appellants*

239. Mcrae, Colin, *Defendant*

240. Melcher, Molly, *Attorney for Plaintiffs-Appellees*

241. Metropolitan Atlanta Baptist Ministers Union, Inc., *Plaintiff-Appellee*

242. Mijente, Inc., *Former Plaintiff*

243. Miller, Nicholas, *Attorney for Defendants-Appellants*

244. Milord, Sandy, *Attorney for Defendant*

245.  Minnis, Terry, *Attorney for Plaintiffs-Appellees*

246.  Mizner, Susan, *Attorney for Plaintiffs-Appellees*

247.  Mocine-McQueen, Marcos, *Attorney for Plaintiffs-Appellees*

248.  Momo, Shelley, *Attorney for Defendant*

249.  Morrison, Tina, *Attorney for Plaintiffs-Appellees*

250.  Mosbacher, Jennifer, *Defendant*

251.  Motter, Susan, *Defendant*

252.  Murchie, Laura, *Attorney for Plaintiffs-Appellees*

253.  Murray, Karen, *Defendant*

254.  NAACP Legal Defense and Education Fund, Inc., *Attorneys for Plaintiffs-Appellees*

255.  National Association for the Advancement of Colored People, Inc., *Parent Corporation of Georgia State Conference of the NAACP*

256.  National Republican Congressional Committee, *Intervenor-Appellant*

257.  National Republican Senatorial Committee, *Intervenor-Appellant*

258.  Natt, Joel, *Defendant*

259.  Nemeth, Miriam, *Former Attorney for Plaintiffs-Appellees*

260.  Nercessian, Armen, *Attorney for Plaintiffs-Appellees*

261.  New Birth Missionary Baptist Church, Inc., *Plaintiff*

262.  Newland, James, *Defendant*

No. 23-13085 | In re: Georgia Senate Bill 202

263.  Nguyen, Candice, *Attorney for Plaintiffs-Appellees*

264.  Nguyen, Phi, *Former Attorney for Plaintiffs-Appellees*

265.  Nkwonta, Uzoma, *Attorney for Plaintiffs-Appellees*

266.  Noa, Jack, *Defendant*

267.  Noland Law Firm, LLC, *Attorneys for Defendant*

268.  Noland, William, *Attorney for Defendant*

269.  Norris, Cameron, *Attorney for Intervenors-Appellants*

270.  Norse, William, *Defendant*

271.  Nwachukwu, Jennifer, *Attorney for Plaintiffs-Appellees*

272.  O'Brien, James, *Defendant*

273.  O'Connor, Eileen, *Attorney for Plaintiffs-Appellees*

274.  O'Lenick, Alice, *Defendant*

275.  Olm, Rylee, *Attorney for Plaintiffs-Appellees*

276.  Oxford, Neil, *Attorney for Plaintiffs-Appellees*

277.  Paik, Steven, *Plaintiff-Appellee*

278.  Pant, Shontee, *Attorney for Plaintiffs-Appellees*

279.  Paradise, Loree, *Former Attorney for Defendants-Appellants*

280.  Parker, Warrington, *Attorney for Plaintiffs-Appellees*

281.  Pelletier, Susan, *Former Attorney for Plaintiffs-Appellees*

282.  Porter, Megan, *Former Attorney for Plaintiffs-Appellees*

No. 23-13085 | In re: Georgia Senate Bill 202

283.    Powell, Laura E., *Attorney for Plaintiffs-Appellees*

284.    Prince, Joshua, *Former Attorney for Defendants-Appellants*

285.    Pulgram, Laurence, *Attorney for Plaintiffs-Appellees*

286.    Pullar, Patricia, *Defendant*

287.    Qadir, Hunaid, *Defendant*

288.    Radzikinas, Carla, *Defendant*

289.    Raffensperger, Brad, Secretary of State of Georgia, *Defendant-Appellant*

290.    Raffle, Rocky, *Defendant*

291.    Ramahi, Zainab, *Attorney for Plaintiffs-Appellees*

292.    Rich, James, *Attorney for Plaintiffs-Appellees*

293.    Richardson, Jasmyn, *Attorney for Plaintiffs-Appellees*

294.    Richmond County Board of Elections, *Defendant*

295.    Ringer, Cheryl, *Former Attorney for Defendant*

296.    Rise, Inc., *Plaintiff-Appellee*

297.    Rodriguez, Anthony, *Defendant*

298.    Rosborough, Davin, *Attorney for Plaintiffs-Appellees*

299.    Rosenberg, Ezra, *Attorney for Plaintiffs-Appellees*

300.    Rosenberg, Steven, *Former Attorney for Defendant*

301.    Rusciano, Megan, *Attorney for Plaintiffs-Appellees*

302.    Russ, John, *Attorney for Plaintiffs-Appellees*

No. 23-13085 | In re: Georgia Senate Bill 202

303. Ruth, Kathleen, *Defendant*

304. Ryan, Elizabeth, *Attorney for Plaintiffs-Appellees*

305. Sabzevari, Arash, *Attorney for Defendant*

306. Sachdeva, Niharika, *Attorney for Plaintiffs-Appellees*

307. Samuel Dewitt Proctor Conference, Inc., *Former Plaintiff*

308. Sankofa United Church of Christ Limited, *Former Plaintiff*

309. Schaerr | Jaffe LLP, *Attorneys for Defendants-Appellants*

310. Schaerr, Gene, *Attorney for Defendants-Appellants*

311. Scott, William, *Former Attorney for Defendant*

312. Seals, Veronica, *Defendant*

313. Segarra, Esperanza, *Former Attorney for Plaintiffs-Appellees*

314. Sells, Bryan, *Attorney for Plaintiffs-Appellees*

315. Shah, Niyati, *Attorney for Plaintiffs-Appellees*

316. Sheats, Gala, *Defendant*

317. Shelly, Jacob, *Attorney for Plaintiffs-Appellees*

318. Shirley, Adam, *Defendant*

319. Sieff, Adam, *Attorney for Plaintiffs-Appellees*

320. Silas, Tori, *Defendant*

321. Sixth District of the African Methodist Episcopal Church, *Plaintiff-Appellee*

322. Smith, Casey, *Attorney for Plaintiffs-Appellees*

No. 23-13085 | In re: Georgia Senate Bill 202

323. Smith, Dele, *Defendant*

324. Smith, Mandi, *Defendant*

325. Solh, Chahira, *Attorney for Plaintiffs-Appellees*

326. Solomon, Elbert, *Plaintiff-Appellee*

327. Sosebee, Charlotte, *Defendant*

328. Southern Poverty Law Center, *Attorneys for Plaintiffs-Appellees*

329. Sowell, Gregory, *Attorney for Defendant*

330. Sparks, Adam, *Attorney for Plaintiffs-Appellees*

331. Squiers, Cristina, *Attorney for Defendants-Appellants*

332. Stewart Melvin & Frost, LLP, *Attorneys for Defendant*

333. Strawbridge, Patrick, *Attorney for Intervenors-Appellants*

334. Sumner, Stuart, *Attorney for Intervenors-Appellants*

335. Sung, Connie, *Attorney for Plaintiffs-Appellees*

336. Swift, Karli, *Defendant*

337. Szilagyi, Heather, *Attorney for Plaintiffs-Appellees*

338. Tatum, Tobias, *Attorney for Defendants-Appellants*

339. Taylor English Duma LLP, *Attorneys for Defendants-Appellants*

340. Taylor, Wandy, *Defendant*

341. Thatte, Anuja, *Attorney for Plaintiffs-Appellees*

No. 23-13085 | In re: Georgia Senate Bill 202

342. The ACLU Foundation Disability Rights Program, *Attorneys for Plaintiffs-Appellees*

343. The Arc of the United States, *Plaintiff-Appellee*

344. The Concerned Black Clergy of Metropolitan Atlanta, Inc., *Plaintiff-Appellee*

345. The Georgia State Election Board, *Defendant*

346. The Justice Initiative, Inc., *Plaintiff-Appellee*

347. The Law Office of Bryan L. Sells, LLC, *Attorneys for Plaintiffs-Appellees*

348. The New Georgia Project, *Plaintiff-Appellee*

349. The Republican National Committee, *Intervenor-Appellant*

350. The State of Georgia, *Defendant-Appellant*

351. The United States of America, *Plaintiff-Appellee*

352. The Urban League of Greater Atlanta, Inc., *Former Plaintiff-Appellee*

353. Thomas, Ethan, *Attorney for Plaintiffs-Appellees*

354. Thompson, Grace, *Attorney for Plaintiffs-Appellees*

355. Till, Ann, *Defendant*

356. Topaz, Jonathan, *Attorney for Plaintiffs-Appellees*

357. Trent, Edward, *Attorney for Defendants-Appellants*

358. Tucker, William, *Attorney for Plaintiffs-Appellees*

359. Tyson, Bryan, *Attorney for Defendants-Appellants*

360. Uddullah, Angelina, *Plaintiff-Appellee*

361. Unger, Jess, *Attorney for Plaintiffs-Appellees*

362. United States Department of Justice, *Attorneys for Plaintiffs-Appellees*

363. Van Stephens, Michael, *Attorney for Defendant*

364. Vander Els, Irene, *Former Attorney for Defendant*

365. Varghese, George, *Attorney for Plaintiffs-Appellees*

366. Varner, Johnny, *Defendant*

367. Vasquez, Jorge, *Former Attorney for Plaintiffs-Appellees*

368. Vaughan, Elizabeth, *Former Attorney for Defendants-Appellants*

369. Waite, Tristen, *Attorney for Defendant*

370. Wakschlag, Shira, *Attorney for Plaintiffs-Appellees*

371. Wang, Emily, *Attorney for Plaintiffs-Appellees*

372. Wardenski, Joseph, *Former Attorney for Plaintiffs-Appellees*

373. Ward-Packard, Samuel, *Attorney for Plaintiffs-Appellees*

374. Webb, Brian K., *Attorney for Defendants-Appellants*

375. Weber, Gerald, *Attorney for Plaintiffs-Appellees*

376. Weigel, Daniel, *Attorney for Defendants-Appellants*

377. Wesley, Carol, *Defendant*

378. White, Daniel, *Attorney for Defendant*

379. White, William, *Attorney for Intervenors-Appellants*

No. 23-13085 | In re: Georgia Senate Bill 202

380. Wiggins, Larry, *Defendant*

381. Wilberforce, Nana, *Attorney for Plaintiffs-Appellees*

382. Wilborn, Eric, *Attorney for Defendant*

383. Willard, Russell D., *Attorney for Defendants-Appellants*

384. Williams, Gilda, *Former Attorney for Plaintiffs-Appellees*

385. Williams, Tuwanda, *Former Attorney for Defendant*

386. Wilmer Cutler Pickering Hale and Dorr LLP, *Attorneys for Plaintiffs-Appellees*

387. Wilson, Jacob, *Attorney for Defendant*

388. Wilson, Melanie, *Attorney for Defendant*

389. Wingate, Mark, *Defendant*

390. Winichakul, Pichaya, *Attorney for Plaintiffs-Appellees*

391. Women Watch Afrika, *Plaintiff-Appellee*

392. Woodfin, Conor, *Attorney for Intervenors-Appellants*

393. Woolard, Cathy, *Defendant*

394. Wurtz, Lori, *Defendant*

395. Yoon, Meredyth, *Attorney for Plaintiffs-Appellees*

396. Young, Sean, *Former Attorney for Plaintiffs-Appellees*

397. Zatz, Clifford, *Attorney for Plaintiffs-Appellees*

No. 23-13085 | In re: Georgia Senate Bill 202

Members of the above-named Plaintiff-Appellee groups and residents of the State of Georgia also have an interest in the outcome of this appeal.

Except Plaintiff-Appellee Georgia State Conference of the National Association for the Advancement of Colored People (whose parent corporation is National Association for the Advancement of Colored People, Inc.), none of the above parties has a parent corporation, and no corporation owns 10% or more of any party's stock. No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Per Eleventh Circuit Rule 26.1-2(c), Appellees certify that the certificate of interested persons contained in this motion is complete.

Dated:  October 30, 2023                    Respectfully Submitted,

Laurence F. Pulgram
Armen Nercessian
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
(415) 875-2300

Joseph S. Belichick
FENWICK & WEST LLP
Silicon Valley Center
801 California St.
Mountain View, CA 94041-2008
(650) 988-8500

Catherine McCord
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
(212) 430-2690

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Jennifer Nwachukwu
Heather Szilagyi
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
(202) 662-8600

No. 23-13085 | In re: Georgia Senate Bill 202

Vilia Hayes
Neil Oxford
Gregory Farrell
HUGHES HUBBARD & REED
LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

Bryan L. Sells
THE LAW OFFICE OF
BRYAN SELLS, LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212

Gerald Weber
LAW OFFICES OF
GERRY WEBER, LLC
PO Box 5391
Atlanta, GA 31107
(404) 522-0507

*Attorneys for Plaintiffs-Appellees
Georgia State Conference of the
NAACP, Georgia Coalition for the
People's Agenda, Inc., League of
Women Voters of Georgia, Inc.,
GALEO Latino Community
Development Fund, Inc., Common
Cause, and the Lower Muskogee
Creek Tribe*

Sophia Lin Lakin
Davin M. Rosborough
Jonathan Topaz
Dayton Campbell-Harris
Casey Smith
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7836

Susan P. Mizner
ACLU FOUNDATION
39 Drumm Street
San Francisco, CA 94111
(415) 343-0781
Brian Dimmick
ACLU FOUNDATION
915 15th Street NW
Washington, D.C. 20005
(202) 731-2395

Rahul Garabadu
Caitlin May
Cory Isaacson
ACLU FOUNDATION OF GEORGIA,
INC.
P.O. Box 77208
Atlanta, GA 30357
(678) 981-5295

Leah C. Aden
John S. Cusick
Alaizah Koorj
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

No. 23-13085 | In re: Georgia Senate Bill 202

Anuja Thatte
NAACP LEGAL DEFENSE AND
EDUCATION FUND, INC.
700 14th Street, NW
Washington, DC 20005
(202) 682-1300

Debo P. Adegbile
Alexandra Hiatt
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
George P. Varghese
Stephanie Lin
Lucas Fortier
Sofia Brooks
Mikayla Foster
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

Tania Faransso
Laura E. Powell
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000

Nana Wilberforce
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Ave., Ste. 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300

*Attorneys for Plaintiffs-Appellees Sixth
District of the African Methodist Episcopal
Church, Delta Sigma Theta Sorority,
Georgia ADAPT, and Georgia Advocacy
Office*

Bradley E. Heard
Pichaya Poy Winichakul
Matletha N. Bennette
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30031
(404) 521-6700

Jess Unger
Sabrina S. Khan
SOUTHERN POVERTY LAW CENTER
1101 17th Street NW, Suite 705
Washington, DC 20036
(202) 728-9557

Adam S. Sieff
Daniel Leigh
Brittni A. Hamilton
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, CA 90017
(213) 633-6800

Matthew R. Jedreski
Grace Thompson
Danielle E. Kim
Kate Kennedy
Shontee Pant
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
 (206) 622-3150

No. 23-13085 | In re: Georgia Senate Bill 202

David M. Gossett
Courtney T. DeThomas
DAVIS WRIGHT TREMAINE
LLP
1301 K Street NW, Suite 500
Washington, D.C.  20005
(202) 973-4288

*Attorneys for Plaintiffs-Appellees Georgia Muslim Voter Project, Women Watch Afrika, Latino Community Fund Georgia, and The Arc of the United States*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................C-1

INTRODUCTION ...................................................................................1

ARGUMENT ..........................................................................................2

I. State Defendants Lack Standing to Appeal the Preliminary Injunction................................................................................2

A. As Prevailing Parties, State Defendants Are Not Aggrieved. ....2

B. State Defendants Do Not Have Absolute Standing to Appeal Orders Concerning State Laws. ...................................................3

C. State Defendants' Remaining Arguments Are Hypotheticals That Do Not Support Standing. ...................................................9

II. Intervenors Lack Standing to Appeal the Preliminary Injunction. .....10

CONCLUSION .....................................................................................11

CERTIFICATE OF COMPLIANCE .......................................................15

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*,
   458 U.S. 592 (1982)...........................................................................8

*Am. Gen. Life Ins. Co. v. Schoenthal Fam.*,LLC,
   555 F.3d 1331 (11th Cir. 2009) .......................................................10

*Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*,
   576 U.S. 787 (2015)...........................................................................8

*Berger v. N.C. State Conf. of the NAACP*,
   597 U.S. __,142 S. Ct. 2191 (2022)..................................................8

*Coleman v. Miller*,
   307 U.S. 433 (1939)............................................................................8

*Déjà vu of Cincinnati, L.L.C. v. Union Twp. Bd. Of Trustees*,
   411 F.3d 777 (6th Cir. 2005) .............................................................5

*Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*,
   950 F.3d 790 (11th Cir. 2020) .........................................................11

*Diamond v. Charles*,
   476 U.S. 54 (1986).........................................................................8, 10

*Gonzalez v. Batmasian*,
   No. 17-13740-JJ, 2017 WL 7788205 (11th Cir. Dec. 14, 2017).......................9

*Hand v. Scott*,
   888 F.3d 1206 (11th Cir. 2018) .........................................................8

*Hawes v. Gleicher*,
   745 F.3d 1337 (11th Cir. 2014) .......................................................10

*Henderson v. Ford Motor Co.*,
   72 F.4th 1237 (11th Cir. 2023) ..........................................................2

*Hollingsworth v. Perry*,
   570 U.S. 693 (2013) (*see* Opp. )......................................................6

*Kimberly Regenesis, LLC v. Lee Cnty.*,
   64 F.4th 1253 (11th Cir. 2023) ..........................................................2

*League of Women Voters of Fla., Inc. v. Lee*,
   595 F. Supp. 3d 1042 (N.D. Fla. 2022) .............................................4

*League of Women Voters of Florida Inc. v. Florida Secretary of State*,
   66 F.4th 905 (11th Cir. 2023) ........................................................4, 6

## TABLE OF AUTHORITIES
## (CONTINUED)

Page(s)

*Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't,*
924 F.3d 375 (7th Cir. 2019) ...............................................................7

*Maine v. Taylor,*
477 U.S. 131 (1986)...........................................................................6, 7

*Maryland v. King,*
567 U.S. 1301 (2012) ............................................................................8

*Massachusetts v. EPA,*
549 U.S. 497 (2007) ..............................................................................8

*McConnell v. FEC,*
540 U.S. 93 (2003) ..............................................................................10

*Merrill v. People First of Ala.,*
141 S. Ct. 190 (2020) ............................................................................8

*Nationwide Mut. Ins. Co. v. Barrow,*
29 F.4th 1299 (11th Cir. 2022) ............................................................8

*People First of Ala. v. Merrill,*
815 F. App'x 505 (11th Cir. 2020) .......................................................8

*Schultz v. Alabama,*
42 F.4th 1298 (11th Cir. 2022), *cert. denied sub nom. Hester v. Gentry,*
143 S. Ct. 2610 (2023).........................................................................3

*United States v. Zadeh,*
820 F.3d 746 (5th Cir. 2016) ...............................................................5

*Virginia House of Delegates v. Bethune-Hill,*
139 S. Ct. 1945 (2019*)*.....................................................................7, 8

*Wolff v. Cash 4 Titles,*
351 F.3d 1348 (11th Cir. 2003) .......................................................2, 5

### STATUTES

28 U.S. Code § 2403 ...............................................................................5

## **INTRODUCTION**

The State Defendants-Appellants ("State Defendants") and the Intervenors-Appellants ("Intervenors") (together, "Appellants") cannot overcome the jurisdictional defects that Plaintiffs-Appellees ("Plaintiffs") identified in their motion to dismiss (Dkt. 70) ("Mot.) and that the Court raised *sua sponte* in its October 16, 2023 Order.  Dkt. 76.  State Defendants prevailed below, having convinced the district court that the date-of-birth requirement at issue had "nothing to do with" them.  Accordingly, they have no standing to appeal, particularly because the order that they seek to reverse is a *preliminary* injunction, entered only against *others*, that takes no final action with respect to any Georgia law.  No authority supports State Defendants' theory of automatic super-standing based on a state's vague, seemingly limitless interest in "defend[ing] its statutes."  And they cite no precedent in which state officials were afforded standing to appeal based on an interest in the uniformity of state law, having argued successfully below that they were officially powerless to maintain such uniformity.

The Court should grant Plaintiffs' motion and dismiss the appeal.

1

## **ARGUMENT**

I.  **STATE DEFENDANTS LACK STANDING TO APPEAL THE
    PRELIMINARY INJUNCTION.**

 A.  **As Prevailing Parties, State Defendants Are Not Aggrieved.**

As a bedrock principle of appellate jurisdiction, "[o]nly a litigant who is
aggrieved by the judgment or order may appeal." *Wolff v. Cash 4 Titles*, 351 F.3d
1348, 1354 (11th Cir. 2003); *see also Kimberly Regenesis, LLC v. Lee Cnty.*, 64
F.4th 1253, 1259 (11th Cir. 2023) (county lacked standing to appeal order denying
*personal* immunity of county official, despite asserted impacts on county)
(collecting cases). "[T]he prevailing party does not have standing to appeal because
it is assumed that the judgment has caused that party no injury." *Henderson v. Ford
Motor Co.*, 72 F.4th 1237, 1245 (11th Cir. 2023); *see also* Mot. at 7-8, 10. Having
convinced the district court not to enjoin them, State Defendants have suffered no
injury and so lack standing.

State Defendants therefore argue that "they are not ***entirely*** prevailing parties"
and so are exempt from *Henderson* or other appellate standing rules. Dkt. 89
("Opp.") at 14 (emphasis added). There is no authority for this proposition. They
note that a prevailing party *might* have standing when it is "prejudiced by the
collateral estoppel effect of the district court's order," *id.*, citing *Henderson*, 72 F.4th
at 1245, but they identify no such potential estoppel here, nor could they: the
challenged order provides only preliminary, contingent relief, against *other* parties,

with respect to procedures over which State Defendants deny all official and practical control.

Nor is there some free-floating "interest in the uniform enforcement of Georgia law" that supports a finding of grievance sufficient to confer standing. *See* Opp. at 14. Indeed, this Court rejected an identical argument in *Schultz v. Alabama*, 42 F.4th 1298 (11th Cir. 2022), *cert. denied sub nom. Hester v. Gentry*, 143 S. Ct. 2610 (2023); *see also* Mot. at 7, 10. There, the Court held that state judges had no appellate standing where, as here, "the injunction, by its very terms, does not require the Judicial Defendants to do anything, and . . . could not be enforceable against the Judicial Defendants through contempt." *Schultz*, 42 F.4th at 1317. And it rejected the state judges' argument that the injunction had "the 'practical effect' of enjoining them" because "[n]othing in the injunction prevent[ed] the Judicial Defendants from taking any action they wish." *Id.* State Defendants provide no answer to *Schultz*.

### B. State Defendants Do Not Have Absolute Standing to Appeal Orders Concerning State Laws.

State Defendants' primary claim is that a state *always* has appellate standing, notwithstanding its role in the dispute, whenever a decision touches, *e.g.*, "constitutionality of a state statute," Opp. at 6-7, or "interest in the integrity and enforceability of" its statutes, *id.* at 8, or "a multitude of topics, ranging from the relations between private parties to the operation of local governments," *id.* at 12-

3

13. The authorities they cite do not support anything like this sweeping theory. Article III standing requirements apply to states as to any other parties.

Appellants cite *League of Women Voters of Florida Inc. v. Florida Secretary of State*, 66 F.4th 905 (11th Cir. 2023), to argue that a state has unassailable standing when it asserts an interest in the "constitutionality of their laws" and in "enforcing a provision of state election law." Opp. at 7, 10. But in that case, the state did not prevail below on the issue appealed; it was enjoined on some claims, and no injunction had been sought against it on the issue appealed.[1] Moreover, the order appealed from in *League of Women Voters* was different in at least two ways: it concerned (1) a *final* judgment *permanently* enjoining its enforcement, and (2) declaring a state law *unconstitutional*. *League of Women Voters* at 945-46 (*quoting Maine v. Taylor*, 477 U.S. 131 (1986) ("if the district court's decision 'is left undisturbed, [Florida] will be bound by the *conclusive adjudication* that [the solicitation provision] is unconstitutional'" (emphasis added) (alteration in original)). Here, in contrast, the district court's order was a preliminary injunction that renders no final judgment on the provision at issue, nor does it declare the provision unconstitutional.

---

[1] *See League of Women Voters of Fla., Inc. v. Lee*, 595 F. Supp. 3d 1042, 1180–83 (N.D. Fla. 2022) (order granting injunction, which was sought only as to county official with respect to solicitation provision).

As to the first point, where, as here, a district court enters an *interlocutory* order, a state does not have standing to appeal without satisfying traditional appellate standing requirements.  *Wolff*, 351 F.3d at 1353–54 ("named defendants in a trial proceeding, who would doubtless have appellate standing for the purposes of challenging some final rulings by the trial court, could lack standing to appeal other trial court rulings that do not affect their interests").  As to the second point, federal law does *not* permit states to intervene as of right to defend statutes where the question is not "one of interpretation of the Federal Constitution but inevitably one of comparing two statutes" to determine if they conflict.  *See United States v. Zadeh*, 820 F.3d 746, 753–55 (5th Cir. 2016) (Section 2403(b) did not require notice to and intervention by the state where the question was whether federal law preempted provision of Texas Occupations Code) (applying *Swift & Co. v. Wickham*, 382 U.S. 111, 120 (1965)). Moreover, even where a claim raises constitutional issues, "Section 2403(b) does not allow a State standing to participate in a motion where questions of constitutionality [of a state statute] are not among the issues argued." *Déjà vu of Cincinnati, L.L.C. v. Union Twp. Bd. Of Trustees,* 411  F.3d 777, 797 (6th Cir. 2005) (rejecting state's standing) (quoting *Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994)).  A state wields no special interest (under Article III or otherwise), where, as here, federal legislation supplants conflicting state law.

5

The cases on which Appellants rely all differ in at least one of these two crucial areas. *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (*see* Opp. at 7), concerned an appeal from a *final* judgment declaring a state law unconstitutional. 570 U.S. at 702. And *Hollingsworth*'s holding in no way conferred standing on a state. Rather, the Court held that *private parties* have *no* standing "to defend the constitutionality of a state statute when state officials have chosen not to." *Id.* at 715. If anything, *Hollingsworth* bolsters Plaintiffs' argument; as here, "the District Court had not ordered [the petitioners] to do or refrain from doing anything." *Id.* at 705–06.

State Defendants raise *Maine v. Taylor* repeatedly. Opp. at 7, 13, 16. That case is distinguishable in multiple ways. First, like *League of Women Voters* and *Hollingsworth*, it involved a "conclusive adjudication" of unconstitutionality. *Maine*, 477 U.S. at 137. Second, the state was a losing party, not a prevailing party, as State Defendants are here. *Maine*, 477 U.S. at 133. Third, the state had affirmatively intervened and submitted to the district court's authority, *id.*, in contrast to State Defendants here, who avoided an injunction by disclaiming responsibility below. Fourth, the state's appeal "fit[] squarely within the plain terms" of a federal statute that explicitly granted appellate standing for appeals to the Supreme Court where a court of appeals had found the statute unconstitutional.

6

*Id.* Like State Defendants' other cases, *Maine v. Taylor* is inapposite and does not support the State Defendants' super-standing theory.

Nor does *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375 (7th Cir. 2019), which State Defendants cite for the proposition that a state's interest in enforcing its laws is sufficient to confer standing—regardless of any other considerations—even when the statute's obligations "fall upon county rather than state officials." Opp. at 9. But in *Lopez-Aguilar*, the state had *not* prevailed below, and it had affirmatively sought to intervene to litigate *constitutional* issues and subjected itself to the power of the federal judiciary. *Id.* at 383-84. Here, in contrast, to avoid a statewide preliminary injunction, State Defendants disclaimed any role concerning the date-of-birth requirement or for uniformly instructing counties about it. *See* Mot. at 4–5, 9; Dkt. 70-5 at 16 (arguing that district court could not "enjoin[] State Defendants to provide guidance" to county officials). Now, however, State Defendants complain that the injunction against the counties will require them to provide different guidance to different counties. Opp. at 11. This was not "happenstance," as State Defendants argue, Opp at 9; it was their deliberate, tactical choice to prevent statewide relief. State Defendants are solely responsible for any alleged concerns about non-uniform application of state law.

State Defendants also rely on *Virginia House of Delegates v. Bethune-Hill*, Opp. at 7, where the Court held there was *no* appellate standing after considering

only whether state law had delegated the House of Delegates to represent the state's interest on appeal of *final* judgment of unconstitutionality.  139 S. Ct. 1945, 1950 (2019).  The Court did not hold anything about state standing *per se*.  State Defendants' other authorities are even less relevant.  *See Massachusetts v. EPA*, 549 U.S. 497 (2007) (considering state standing to challenge administrative regulation); *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592 (1982) (no analysis of appellate standing in decision considering whether Puerto Rico had *parens patriae* standing in suit against private employers); *Coleman v. Miller*, 307 U.S. 433 (1939) (considering state senators' standing to challenge legislative process); *Diamond v. Charles*, 476 U.S. 54 (1986) (dismissing intervenor physician's challenge of permanent injunction of state abortion law for lack of appellate standing, and noting in dicta that state could have appealed); *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787 (2015) (considering Arizona Legislature's standing to challenge congressional maps).[2]

---

[2] Intervenors' authorities are even more remote.  *See Merrill v. People First of Ala.*, 141 S. Ct. 190 (2020) (granting, without analysis, stay sought by enjoined state official); *People First of Ala. v. Merrill*, 815 F. App'x 505, 510, n.7 (11th Cir. 2020) (no analysis of appellate standing); *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. __,142 S. Ct. 2191, 2201 (2022) (same); *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers) (same); *Hand v. Scott*, 888 F.3d 1206 (11th Cir. 2018) (same); *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1303 (11th Cir. 2022) (dismissing appeal for lack of appellate standing where petitioning party "suffered no injury from the judgment in favor of" another party).

### C.    State Defendants' Remaining Arguments Are Hypotheticals That Do Not Support Standing.

State Defendants worry that, without the kind of super-standing for which they advocate, states might face a risk of "collusive litigation": plaintiffs could sue only "selected" counties "sympathetic" to their positions, and if they declined to appeal, the state would have no forum in which to "defend its statutes." Opp. at 9-10. They claim this litigation might be an example, Opp. at 3, 10, but that example proves the weakness of the argument. Every County Defendant in this case *denied* the allegations and requests for relief in Plaintiffs' complaints—hardly behavior sympathetic to Plaintiffs.[3] And, of course, State Defendants had no need to intervene here, as Plaintiffs sued them directly; had they not successfully disclaimed responsibility below, they would have appellate standing now.

State Defendants argue that "[h]ad Plaintiffs appealed first, State Defendants could have filed a protective cross-appeal." Opp. at 15. This is not true. While State Defendants might, in any initial appeal by Plaintiffs, defend based on whatever alternative grounds they raised in the trial court to oppose an injunction, as the prevailing party they would still have no standing (or needs) to file a separate cross-appeal. *Gonzalez v. Batmasian*, No. 17-13740-JJ, 2017 WL 7788205, at *1 (11th

---

[3] The Defendant Counties also do not all lean in the same political direction. *See* https://results.enr.clarityelections.com/GA/105369/web.264614/#/access-to-races (e.g., Hall and Columbia counties).

Cir. Dec. 14, 2017) (dismissing cross-appeal upon consideration of responses to jurisdiction question, and collecting cases); *accord Am. Gen. Life Ins. Co. v. Schoenthal Fam.*, LLC, 555 F.3d 1331, 1343 (11th Cir. 2009).  But in any event, it did not happen.

State Defendants similarly argue that "if [the State] had not been named as a defendant but rather had intervened," the State may have had standing to appeal a constitutional issue.  Opp. at 16.  But not only did State Defendants *not* intervene, they argued below that a preliminary injunction on the date-of-birth requirement could and would not affect them because they had no control over its enforcement. State Defendants *ran away* from the issues.  They cannot now argue in favor of standing based on a contrary-to-fact hypothetical.

## II.    INTERVENORS LACK STANDING TO APPEAL THE PRELIMINARY INJUNCTION.

Intervenors seek to piggyback on State Defendants' standing.  Dkt. 90 ("Intervenors' Opp.") at 5-6 (asserting that they "seek the same relief" as State Defendants, and citing *Diamond*, 476 U.S. at 64; *see also* Intervenors' Opp. at 6 (citing *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 140 S. Ct. 2367 (2020) (party-appellant had standing); *McConnell v. FEC*, 540 U.S. 93 (2003) (same)).  That argument fails *a fortiori* because State Defendants lack standing, as discussed above.  A party generally may not appeal to protect the rights of others.  *Hawes v. Gleicher*, 745 F.3d 1337, 1342 (11th Cir. 2014).

Intervenors argue (briefly) that they have "independent grounds" for appellate standing because they would have to "adjust their campaign strategy" and divert resources to "educat[e] voters about . . . the district court's order." Intervenors' Opp. at 6–7. The single authority they cite, *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790 (11th Cir. 2020), reiterates that "a non-specific interest in defending the validity of a generally-applicable state law is not sufficient to confer standing," affording standing only where the intervenor had already "divert[ed] personnel and time to educating voters about the modified law." *Id.* at 793–94. Intervenors' declaration at most vaguely speculates that they "will need" or "would need" to adjust *if* the injunction is upheld, conceding that they have not taken any action since the injunction took effect two months ago. Declaration of Elliot Echols (Dkt. 90-2) ¶¶ 9–14. The declaration also does not identify where, if at all, resources would be diverted *from*. In all events, the injunction requires election officials to count absentee ballots regardless of the presence or absence of a valid date-of-birth. This does not require educating the RNC's voters to do anything.

## CONCLUSION

For these reasons and those set forth in their motion to dismiss, Plaintiffs respectfully request that this Court dismiss Appellants' appeals for lack of jurisdiction.

Dated:  October 30, 2023

Laurence F. Pulgram
Armen Nercessian
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
(415) 875-2300

Bryan L. Sells
THE LAW OFFICE OF
BRYAN SELLS, LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212

Gerald Weber
LAW OFFICES OF
GERRY WEBER, LLC
PO Box 5391
Atlanta, GA 31107
(404) 522-0507

Respectfully Submitted,

Jon Greenbaum
Ezra D. Rosenberg
Julie M. Houk
Jennifer Nwachukwu
Heather Szilagyi
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
(202) 662-8600

*Attorneys for Plaintiffs-Appellees
Georgia State Conference of the
NAACP, Georgia Coalition for the
People's Agenda, Inc., League of
Women Voters of Georgia, Inc.,
GALEO Latino Community
Development Fund, Inc., Common
Cause, and the Lower Muskogee Creek
Tribe*

Leah C. Aden
Alaizah Koorji
John S. Cusick
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Cory Isaacson
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, GA 30357
(678) 981-5295

Anuja Thatte
NAACP LEGAL DEFENSE AND
EDUCATION FUND, INC.
700 14th Street, NW
Washington, DC 20005
(202) 682-1300

Sophia Lin Lakin
Davin M. Rosborough
Jonathan Topaz
Dayton Campbell-Harris
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7836

Bradley E. Heard
Pichaya Poy Winichakul
SOUTHERN POVERTY
LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30031
(404) 521-6700

Laura Elizabeth Powell
Tania C. Faransso
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
(202) 663-6000

George P. Varghese
Lucas Levite Fortier
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Debo Patrick Adegbile
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800

*Attorneys for Plaintiffs-Appellees Sixth
District of the African Methodist
Episcopal Church, Delta Sigma Theta
Sorority, Georgia ADAPT, and Georgia
Advocacy Office*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This motion complies with the type-volume limits of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure Rule 27(a)(2)(B) and 32(f) and Eleventh Circuit Rule 32-4, this motion contains 2,595 words.

2.      This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.


*/s/ Laurence Pulgram*
Laurence Pulgram