Nos. 23-13085 and 23-13095

In the United States Court of Appeals
for the Eleventh Circuit

---

IN RE: GEORGIA SENATE BILL 202

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

Master Case No. 1:21-mi-55555-JPB

---

## PLAINTIFFS-APPELLEES'
## REPLY BRIEF IN SUPPORT OF CROSS-APPEAL

---

FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
(415) 875-2300

LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Ste 900
Washington, D.C. 20005
(202) 662-8600

THE LAW OFFICE OF BRYAN SELLS,
LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212

LAW OFFICES OF GERRY WEBER, LLC
PO Box 5391
Atlanta, GA 31107
(404) 522-0507

*Attorneys for Plaintiffs-Appellees-Cross-Appellants Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek Tribe*

*Additional Counsel Information on Front Pages*

*Attorneys for Plaintiffs-Appellees-Cross-Appellants Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek Tribe:*

Laurence F. Pulgram
Armen Nercessian
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
(415) 875-2300

Catherine McCord
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY 10010
(212) 430-2690

Julie M. Houk
Jennifer Nwachukwu
Heather Szilagyi
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
(202) 662-8600

Bryan L. Sells
THE LAW OFFICE OF BRYAN SELLS, LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212

Gerald Weber
LAW OFFICES OF GERRY WEBER, LLC
PO Box 5391
Atlanta, GA 31107
(404) 522-0507

*Attorneys for Plaintiffs-Appellees-Cross-Appellants Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, Georgia Muslim Voter Project, Latino Community Fund of Georgia, The Arc of the United States, and Women Watch Afrika:*

Sophia Lin Lakin
Davin M. Rosborough
Jonathan Topaz
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7836

Leah C. Aden
Alaizah Koorji
John S. Cusick
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Anuja Thatte
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
700 14th Street, NW
Washington, DC 20005
(202) 682-1300

Bradley E. Heard
Pichaya Poy Winichakul
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30031
(404) 521-6700

Cory Isaacson
Caitlin May
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, GA 30357

(678) 981-5295

Debo P. Adegbile
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Tania Faranasso
Laura E. Powell
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6000

George P. Varghese
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3, Plaintiffs-Appellees Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek Tribe certify that the following persons and entities have an interest in the outcome of this appeal:

1. Abbott, Robert, *Defendant*

2. Abudu, Nancy, *Former Attorney for Plaintiffs-Appellees*

3. Adegbile, Debo, *Attorney for Plaintiffs-Appellees*

4. Aden, Leah, *Attorney for Plaintiffs-Appellees*

5. Advancement Project, *Attorneys for Plaintiffs-Appellees*

6. Ameri, Mana, *Attorney for Plaintiffs-Appellees*

7. American Civil Liberties Union Foundation of Georgia, Inc., *Attorneys for Plaintiffs-Appellees*

8. American Civil Liberties Union Foundation, Inc., *Attorneys for Plaintiffs-Appellees*

9. Andrews, Wanda, *Defendant*

10. Aquino, Nora, *Plaintiff-Appellee*

11.  Asian Americans Advancing Justice-Asian Law Caucus, *Attorneys for Plaintiffs-Appellees*

12.  Asian Americans Advancing Justice-Atlanta, *Plaintiff-Appellee*

13.  Augusta Georgia Law Department, *Attorneys for Defendant*

14.  Ausburn, Deborah, *Attorney for Defendants-Appellants*

15.  Awuku, George, *Defendant*

16.  Banks, Marques, *Attorney for Plaintiffs-Appellees*

17.  Banter, James, *Attorney for Defendant*

18.  Barkdull, Annika Boone, *Attorney for Defendants-Appellants*

19.  Barnes, Sherry, *Defendant*

20.  Barron, Richard, *Defendant*

21.  Bartolomucci, Christopher, *Attorney for Defendants-Appellants*

22.  Beausoleil, William, *Attorney for Plaintiffs-Appellees*

23.  Beck Owen & Murray, *Attorneys for Defendant*

24.  Begakis, Steven, *Attorney for Intervenors-Appellants*

25.  Belichick, Joseph, *Attorney for Plaintiffs-Appellees*

26.  Bell, Jordan, *Attorney for Defendant*

27.  Bennette, Matletha, *Attorney for Plaintiffs-Appellees*

28.  Bibb County Board of Elections, *Defendant*

29.  Bibb County Board of Registrars, *Defendant*

30. Black Voters Matter Fund, *Plaintiff-Appellee*

31. Blender, Matthew, *Defendant*

32. Bloodworth, Kristin, *Former Attorney for Defendant*

33. Boulee, Honorable Jean-Paul ("J.P."), *United States District Court Judge*

34. Bowman, Brad, *Attorney for Defendant*

35. Boyle, Donald, *Attorney for Defendants-Appellants*

36. Broder, Karl, *Attorney for Defendant*

37. Brooks, Jessica, *Defendant*

38. Brooks, Sofia, *Attorney for Plaintiffs-Appellees*

39. Brown, Marcia, *Defendant*

40. Bruning, Stephen, *Defendant*

41. Bruning, Steven, *Defendant*

42. Bryan, Bennett, *Attorney for Defendant*

43. Burwell, Kaye, *Attorney for Defendant*

44. Campbell-Harris, Dayton, *Attorney for Plaintiffs-Appellees*

45. Carr, Christopher M., Attorney General of the State of Georgia, *Attorney for Defendants-Appellants*

46. Carver, William, *Attorney for Intervenors-Appellants*

47. Cathey, Thomas, *Former Attorney for Defendant*

48. Chalmers, Adams, Backer & Kaufman, LLC, *Attorneys for Defendant*

49.   Chatham County Attorney, *Attorneys for Defendant*

50.   Chatham County Board of Elections, *Defendant*

51.   Chatham County Board of Registrars, *Defendant*

52.   Clarke County Board of Election and Voter Registration, *Defendant*

53.   Clayton County Board of Elections and Registration, *Defendant*

54.   Cobb County Board of Elections and Registration, *Defendant*

55.   Cochran, Ken, *Defendant*

56.   Columbia County Board of Elections, *Defendant*

57.   Columbia County Board of Registrars, *Defendant*

58.   Common Cause, *Plaintiff-Appellee*

59.   Consovoy McCarthy PLLC, *Attorney for Intervenors-Appellants*

60.   Cramer, Raisa, *Former Attorney for Plaintiffs-Appellees*

61.   Crawford, Teresa, *Defendant*

62.   Crowell & Moring, LLP, *Attorneys for Plaintiffs-Appellees*

63.   Cushman, Ann, *Defendant*

64.   Cusick, John, *Attorney for Plaintiffs-Appellees*

65.   Dasgupta, Riddhi, *Attorney for Defendants-Appellants*

66.   Dave, Charles, *Defendant*

67.   Davenport, Jennifer, *Attorney for Defendant*

68.   Davis Wright Tremaine LLP, *Attorneys for Plaintiffs-Appellees*

69. Davis, Britton, *Former Attorney for Plaintiffs-Appellees*

70. Day, Stephen, *Defendant*

71. DeKalb County Board of Registrations and Elections, *Defendant*

72. DeKalb County Law Department, *Attorneys for Defendant*

73. Delta Sigma Theta Sorority, Inc., *Plaintiff-Appellee*

74. Denmark, Emilie, *Attorney for Defendant*

75. Dentons US LLP, *Attorney for Intervenors-Appellants*

76. Deshazior, Zurich, *Defendant*

77. DeThomas, Courtney, *Attorney for Plaintiffs-Appellees*

78. Dianis, Judith, *Attorney for Plaintiffs-Appellees*

79. Dickey, Gilbert, *Attorney for Intervenors-Appellants*

80. Dicks, Terence, *Defendant*

81. Dimmick, Brian, *Attorney for Plaintiffs-Appellees*

82. DiStefano, Don, *Defendant*

83. Doss, Travis, *Defendant*

84. Dozier, Shauna, *Defendant*

85. Drennon, Baxter, *Attorney for Intervenors-Appellants*

86. Duffey, William, Jr., *Defendant-Appellant*

87. Duffie, Wanda, *Defendant*

88. Durbin, Jauan, *Plaintiff-Appellee*

89. Durso, Katherine, *Defendant*

90. Edwards, Gregory, District Attorney for Dougherty County, *Defendant*

91. Elias Law Group LLP, *Attorneys for Plaintiffs-Appellees*

92. Ellington, Thomas, *Defendant*

93. Enjeti-Sydow, Anjali, *Plaintiff-Appellee*

94. Evans, James, *Attorney for Defendant*

95. Evans, Rachel, *Attorney for Plaintiffs-Appellees*

96. Evans-Daniel, Karen, *Defendant*

97. Eveler, Janine, *Defendant*

98. Exousia Lighthouse International C.M., Inc, *Former Plaintiff*

99. Faith In Action Network, *Former Plaintiff*

100. Falk, Donald, *Attorney for Defendants-Appellants*

101. Fambrough, Willa, *Defendant*

102. Faransso, Tania, *Attorney for Plaintiffs-Appellees*

103. Farrell, Gregory, *Attorney for Plaintiffs-Appellees*

104. Feldsherov, Ilya, *Former Attorney for Plaintiffs-Appellees*

105. Fenwick & West, LLP, *Attorneys for Plaintiffs-Appellees*

106. Field, Brian, *Attorney for Defendants-Appellants*

107. First Congregational Church, United Church of Christ Incorporated,

*Plaintiff-Appellee*

108. Fogelson, Matthew, *Attorney for Plaintiffs-Appellees*

109. Forsyth County Board of Voter Registrations and Elections, *Defendant*

110. Fortier, Lucas, *Former Attorney for Plaintiffs-Appellees*

111. Foster, Mikayla, *Attorney for Plaintiffs-Appellees*

112. Freeman Mathis & Gary, LLP, *Attorneys for Defendant*

113. Fulton County Attorney's Office, *Attorneys for Defendant*

114. Fulton County Registration and Elections Board, *Defendant*

115. Galeo Latino Community Development Fund, Inc., *Plaintiff-Appellee*

116. Gammage, Keith, *Defendant*

117. Garabadu, Rahul, *Former Attorney for Plaintiffs-Appellees*

118. Gartland, Pat, *Defendant*

119. Gay, Nancy, *Defendant*

120. Geiger, Debra, *Defendant*

121. Georgia Adapt, *Plaintiff-Appellee*

122. Georgia Advocacy Office, *Plaintiff-Appellee*

123. Georgia Coalition for the People's Agenda, Inc., *Plaintiff-Appellee*

124. Georgia Department of Law, *Attorneys for Defendants-Appellants*

125. Georgia Latino Alliance for Human Rights, Inc., *Plaintiff-Appellee*

126. Georgia Muslim Voter Project, *Plaintiff-Appellee*

127. Georgia Republican Party, Inc., *Intervenor-Appellant*

128. Georgia State Conference of the NAACP, *Plaintiff-Appellee*

129. Georgia State Election Board, *Defendant*

130. Ghazal, Sara, *Defendant*

131. Gibbs, Fannie, *Plaintiff-Appellee*

132. Gillon, Thomas, *Defendant*

133. Givens, Diane, *Defendant*

134. Gossett, David, *Attorney for Plaintiffs-Appellees*

135. Greater Works Ministries Network, Inc., *Former Plaintiff*

136. Green, Tyler, *Attorney for Intervenors-Appellants*

137. Greenberg Traurig, LLP, *Attorneys for Defendant*

138. Groves, Angela, *Attorney for Plaintiffs-Appellees*

139. Gwinnett County Board of Registrations and Elections, *Defendant*

140. Gwinnett County Department of Law, *Attorneys for Defendant*

141. Hall Booth Smith, P.C., *Attorney for Intervenors-Appellants*

142. Hall County Board of Elections and Registration, *Defendant*

143. Hall County Government, *Attorneys for Defendant*

144. Hall, Dorothy, *Defendant*

145. Hall, John, *Attorney for Intervenors-Appellants*

146. Hamilton, Brittni, *Attorney for Plaintiffs-Appellees*

147. Hancock, Jack, *Attorney for Defendant*

148.  Hart, Ralph, *Attorney for Defendant*

149.  Hart, Twyla, *Defendant*

150.  Hasselberg, Emily, *Attorney for Plaintiffs-Appellees*

151.  Hayes, Vilia, *Attorney for Plaintiffs-Appellees*

152.  Haynie, Litchfield & White, PC, *Attorneys for Defendant*

153.  Hazard, Joel, *Defendant*

154.  Heard, Bradley, *Attorney for Plaintiffs-Appellees*

155.  Heimes, Marianne, *Defendant*

156.  Henseler, James, *Attorney for Plaintiffs-Appellees*

157.  Herren, Thomas, *Attorney for Plaintiffs-Appellees*

158.  Hiatt, Alexandra, *Attorney for Plaintiffs-Appellees*

159.  Ho, Dale, *Former Attorney for Plaintiffs-Appellees*

160.  Hodge, Malinda, *Defendant*

161.  Houk, Julie, *Attorney for Plaintiffs-Appellees*

162.  Hoyos, Luis, *Attorney for Plaintiffs-Appellees*

163.  Hughes Hubbard & Reed, *Attorneys for Plaintiffs-Appellees*

164.  Hughes, Aileen, *Attorney for Plaintiffs-Appellees*

165.  Hull Barrett, PC, *Attorneys for Defendant*

166.  Ingram, Randy, *Defendant*

167.  Isaacson, Cory, *Attorney for Plaintiffs-Appellees*

168. Jacoutot, Bryan, *Attorney for Defendants-Appellants*

169. Jaffe, Erik, *Attorney for Defendants-Appellants*

170. Jahangiri, Mahroh, *Former Attorney for Plaintiffs-Appellees*

171. Jaikumar, Arjun, *Former Attorney for Plaintiffs-Appellees*

172. James-Bates-Brannan-Groover-LLP, *Attorneys for Defendant*

173. Jarrard & Davis, LLP, *Attorneys for Defendant*

174. Jasrasaria, Jyoti, *Former Attorney for Plaintiffs-Appellees*

175. Jaugstetter, Patrick, *Attorney for Defendant*

176. Jedreski, Matthew, *Attorney for Plaintiffs-Appellees*

177. Jester, Alfred, *Defendant*

178. Jester, Nancy, *Defendant*

179. Jhaveri, Sejal, *Attorney for Plaintiffs-Appellees*

180. Johnson, Aaron, *Defendant*

181. Johnson, Ben, *Defendant*

182. Johnson, Darlene, *Defendant*

183. Johnson, Melinda, *Attorney for Plaintiffs-Appellees*

184. Johnston, Janice, *Defendant*

185. Joiner, Amelia, *Attorney for Defendant*

186. Kanu, Nkechi, *Attorney for Plaintiffs-Appellees*

187. Kaplan, Mike, *Defendant*

188. Kastorf Law, LLC, *Attorneys for Plaintiffs-Appellees*

189. Kastorf, Kurt, *Attorney for Plaintiffs-Appellees*

190. Kaufman, Alex, *Attorney for Intervenors-Appellants*

191. Keker Van Nest & Peters LLP, *Attorneys for Plaintiffs-Appellees*

192. Kemp, Brian, Governor of the State of Georgia, *Defendant-Appellant*

193. Kennedy, David, *Defendant*

194. Kennedy, Kate, *Attorney for Plaintiffs-Appellees*

195. Keogh, William, *Attorney for Defendant*

196. Khan, Sabrina, *Attorney for Plaintiffs-Appellees*

197. Kim, Danielle, *Attorney for Plaintiffs-Appellees*

198. Kingsolver, Justin, *Attorney for Plaintiffs-Appellees*

199. Klein, Spencer, *Attorney for Plaintiffs-Appellees*

200. Knapp, Halsey, *Attorney for Plaintiffs-Appellees*

201. Koorji, Alaizah, *Attorney for Plaintiffs-Appellees*

202. Krevolin & Horst, LLC, *Attorneys for Plaintiffs-Appellees*

203. Kucharz, Kevin, *Attorney for Defendant*

204. Lakin, Sophia, *Attorney for Plaintiffs-Appellees*

205. Lam, Leo, *Attorney for Plaintiffs-Appellees*

206. Lang, Antan, *Defendant*

207. LaRoss, Diane, *Attorney for Defendants-Appellants*

208.  Latino Community Fund of Georgia, *Plaintiff-Appellee*

209.  Lauridsen, Adam, *Attorney for Plaintiffs-Appellees*

210.  Law Office of Gerald R Weber, LLC, *Attorneys for Plaintiffs-Appellees*

211.  Lawyers' Committee for Civil Rights Under Law, *Attorneys for Plaintiffs-Appellees*

212.  League of Women Voters of Georgia, Inc., *Plaintiff-Appellee*

213.  Leung, Kimberly, *Attorney for Plaintiffs-Appellees*

214.  Lewis, Anthony, *Defendant*

215.  Lewis, Joyce, *Attorney for Plaintiffs-Appellees*

216.  Lin, Stephanie, *Attorney for Plaintiffs-Appellees*

217.  Lindsey, Edward, *Defendant*

218.  Lower Muskogee Creek Tribe, *Plaintiff-Appellee*

219.  Lowman, David, *Attorney for Defendant*

220.  Ludwig, Jordan, *Attorney for Plaintiffs-Appellees*

221.  Luth, Barbara, *Defendant*

222.  Ma, Eileen, *Attorney for Plaintiffs-Appellees*

223.  Mack, Rachel, *Attorney for Defendant*

224.  Mahoney, Thomas, *Defendant*

225.  Manifold, Zach, *Defendant*

226.  Martin, Grace Simms, *Attorney for Defendant*

227. Mashburn, Matthew, *Defendant-Appellant*

228. May, Caitlin, *Attorney for Plaintiffs-Appellees*

229. McAdams, Issac, *Defendant*

230. McCandless, Spencer, *Former Attorney for Plaintiffs-Appellees*

231. McCarthy, Thomas, *Attorney for Intervenors-Appellants*

232. McClain, Roy, *Defendant*

233. McCord, Catherine, *Attorney for Plaintiffs-Appellees*

234. McFalls, Tim, *Defendant*

235. McFarland, Ernest, *Attorney for Plaintiffs-Appellees*

236. McGowan, Charlene, *Former Attorney for Defendants-Appellants*

237. Mcrae, Colin, *Defendant*

238. Melcher, Molly, *Attorney for Plaintiffs-Appellees*

239. Metropolitan Atlanta Baptist Ministers Union, Inc., *Plaintiff-Appellee*

240. Mijente, Inc., *Former Plaintiff*

241. Miller, Nicholas, *Attorney for Defendants-Appellants*

242. Milord, Sandy, *Attorney for Defendant*

243. Minnis, Terry, *Attorney for Plaintiffs-Appellees*

244. Mizner, Susan, *Attorney for Plaintiffs-Appellees*

245. Mocine-McQueen, Marcos, *Attorney for Plaintiffs-Appellees*

246. Momo, Shelley, *Attorney for Defendant*

247. Morrison, Tina, *Attorney for Plaintiffs-Appellees*

248. Mosbacher, Jennifer, *Defendant*

249. Motter, Susan, *Defendant*

250. Murchie, Laura, *Attorney for Plaintiffs-Appellees*

251. Murray, Karen, *Defendant*

252. NAACP Legal Defense and Education Fund, Inc., *Attorneys for Plaintiffs-Appellees*

253. National Association for the Advancement of Colored People, Inc., *Parent Corporation of Georgia State Conference of the NAACP*

254. National Republican Congressional Committee, *Intervenor-Appellant*

255. National Republican Senatorial Committee, *Intervenor-Appellant*

256. Natt, Joel, *Defendant*

257. Nemeth, Miriam, *Former Attorney for Plaintiffs-Appellees*

258. Nercessian, Armen, *Attorney for Plaintiffs-Appellees*

259. New Birth Missionary Baptist Church, Inc., *Plaintiff*

260. Newland, James, *Defendant*

261. Nguyen, Candice, *Attorney for Plaintiffs-Appellees*

262. Nguyen, Phi, *Former Attorney for Plaintiffs-Appellees*

263. Nkwonta, Uzoma, *Attorney for Plaintiffs-Appellees*

264. Noa, Jack, *Defendant*

265. Noland Law Firm, LLC, *Attorneys for Defendant*

266. Noland, William, *Attorney for Defendant*

267. Norris, Cameron, *Attorney for Intervenors-Appellants*

268. Norse, William, *Defendant*

269. Nwachukwu, Jennifer, *Attorney for Plaintiffs-Appellees*

270. O'Brien, James, *Defendant*

271. O'Connor, Eileen, *Attorney for Plaintiffs-Appellees*

272. O'Lenick, Alice, *Defendant*

273. Olm, Rylee, *Attorney for Plaintiffs-Appellees*

274. Oxford, Neil, *Attorney for Plaintiffs-Appellees*

275. Paik, Steven, *Plaintiff-Appellee*

276. Pant, Shontee, *Attorney for Plaintiffs-Appellees*

277. Paradise, Loree, *Former Attorney for Defendants-Appellants*

278. Parker, Warrington, *Attorney for Plaintiffs-Appellees*

279. Pelletier, Susan, *Former Attorney for Plaintiffs-Appellees*

280. Petrany, Stephen, *Attorney for Defendants-Appellants*

281. Porter, Megan, *Former Attorney for Plaintiffs-Appellees*

282. Powell, Laura E., *Attorney for Plaintiffs-Appellees*

283. Prince, Joshua, *Former Attorney for Defendants-Appellants*

284. Pulgram, Laurence, *Attorney for Plaintiffs-Appellees*

285. Pullar, Patricia, *Defendant*

286. Qadir, Hunaid, *Defendant*

287. Radzikinas, Carla, *Defendant*

288. Raffensperger, Brad, Secretary of State of Georgia, *Defendant-Appellant*

289. Raffle, Rocky, *Defendant*

290. Ramahi, Zainab, *Attorney for Plaintiffs-Appellees*

291. Rich, James, *Attorney for Plaintiffs-Appellees*

292. Richardson, Jasmyn, *Attorney for Plaintiffs-Appellees*

293. Richmond County Board of Elections, *Defendant*

294. Ringer, Cheryl, *Former Attorney for Defendant*

295. Rise, Inc., *Plaintiff-Appellee*

296. Rodriguez, Anthony, *Defendant*

297. Rosborough, Davin, *Attorney for Plaintiffs-Appellees*

298. Rosenberg, Ezra, *Attorney for Plaintiffs-Appellees*

299. Rosenberg, Steven, *Former Attorney for Defendant*

300. Rusciano, Megan, *Attorney for Plaintiffs-Appellees*

301. Russ, John, *Attorney for Plaintiffs-Appellees*

302. Ruth, Kathleen, *Defendant*

303. Ryan, Elizabeth, *Attorney for Plaintiffs-Appellees*

304. Sabzevari, Arash, *Attorney for Defendant*

305. Sachdeva, Niharika, *Attorney for Plaintiffs-Appellees*

306. Samuel Dewitt Proctor Conference, Inc., *Former Plaintiff*

307. Sankofa United Church of Christ Limited, *Former Plaintiff*

308. Schaerr | Jaffe LLP, *Attorneys for Defendants-Appellants*

309. Schaerr, Gene, *Attorney for Defendants-Appellants*

310. Scott, William, *Former Attorney for Defendant*

311. Seals, Veronica, *Defendant*

312. Segarra, Esperanza, *Former Attorney for Plaintiffs-Appellees*

313. Sells, Bryan, *Attorney for Plaintiffs-Appellees*

314. Shah, Niyati, *Attorney for Plaintiffs-Appellees*

315. Sheats, Gala, *Defendant*

316. Shelly, Jacob, *Attorney for Plaintiffs-Appellees*

317. Shirley, Adam, *Defendant*

318. Sieff, Adam, *Attorney for Plaintiffs-Appellees*

319. Silas, Tori, *Defendant*

320. Sixth District of the African Methodist Episcopal Church, *Plaintiff-Appellee*

321. Smith, Casey, *Attorney for Plaintiffs-Appellees*

322. Smith, Dele, *Defendant*

323. Smith, Mandi, *Defendant*

324. Solh, Chahira, *Attorney for Plaintiffs-Appellees*

325. Solomon, Elbert, *Plaintiff-Appellee*

326. Sosebee, Charlotte, *Defendant*

327. Southern Poverty Law Center, *Attorneys for Plaintiffs-Appellees*

328. Sowell, Gregory, *Attorney for Defendant*

329. Sparks, Adam, *Attorney for Plaintiffs-Appellees*

330. Squiers, Cristina, *Attorney for Defendants-Appellants*

331. Stewart Melvin & Frost, LLP, *Attorneys for Defendant*

332. Strawbridge, Patrick, *Attorney for Intervenors-Appellants*

333. Sumner, Stuart, *Attorney for Intervenors-Appellants*

334. Sung, Connie, *Attorney for Plaintiffs-Appellees*

335. Swift, Karli, *Defendant*

336. Szilagyi, Heather, *Attorney for Plaintiffs-Appellees*

337. Tatum, Tobias, *Attorney for Defendants-Appellants*

338. Taylor English Duma LLP, *Attorneys for Defendants-Appellants*

339. Taylor, Wandy, *Defendant*

340. Thatte, Anuja, *Attorney for Plaintiffs-Appellees*

341. The ACLU Foundation Disability Rights Program, *Attorneys for Plaintiffs-Appellees*

342. The Arc of the United States, *Plaintiff-Appellee*

343.  The Concerned Black Clergy of Metropolitan Atlanta, Inc., *Plaintiff-Appellee*

344.  The Georgia State Election Board, *Defendant*

345.  The Justice Initiative, Inc., *Plaintiff-Appellee*

346.  The Law Office of Bryan L. Sells, LLC, *Attorneys for Plaintiffs-Appellees*

347.  The New Georgia Project, *Plaintiff-Appellee*

348.  The Republican National Committee, *Intervenor-Appellant*

349.  The State of Georgia, *Defendant-Appellant*

350.  The United States of America, *Plaintiff-Appellee*

351.  The Urban League of Greater Atlanta, Inc., *Former Plaintiff-Appellee*

352.  Thomas, Ethan, *Attorney for Plaintiffs-Appellees*

353.  Thompson, Grace, *Attorney for Plaintiffs-Appellees*

354.  Till, Ann, *Defendant*

355.  Topaz, Jonathan, *Attorney for Plaintiffs-Appellees*

356.  Trent, Edward, *Attorney for Defendants-Appellants*

357.  Tucker, William, *Attorney for Plaintiffs-Appellees*

358.  Tyson, Bryan, *Attorney for Defendants-Appellants*

359.  Uddullah, Angelina, *Plaintiff-Appellee*

360.  Unger, Jess, *Attorney for Plaintiffs-Appellees*

361.  United States Department of Justice, *Attorneys for Plaintiffs-Appellees*

362. Van Stephens, Michael, *Attorney for Defendant*

363. Vander Els, Irene, *Former Attorney for Defendant*

364. Varghese, George, *Attorney for Plaintiffs-Appellees*

365. Varner, Johnny, *Defendant*

366. Vasquez, Jorge, *Former Attorney for Plaintiffs-Appellees*

367. Vaughan, Elizabeth, *Former Attorney for Defendants-Appellants*

368. Waite, Tristen, *Attorney for Defendant*

369. Wakschlag, Shira, *Attorney for Plaintiffs-Appellees*

370. Wang, Emily, *Attorney for Plaintiffs-Appellees*

371. Wardenski, Joseph, *Former Attorney for Plaintiffs-Appellees*

372. Ward-Packard, Samuel, *Attorney for Plaintiffs-Appellees*

373. Webb, Brian K., *Attorney for Defendants-Appellants*

374. Weber, Gerald, *Attorney for Plaintiffs-Appellees*

375. Weigel, Daniel, *Former Attorney for Defendants-Appellants*

376. Wesley, Carol, *Defendant*

377. White, Daniel, *Attorney for Defendant*

378. White, William, *Attorney for Intervenors-Appellants*

379. Wiggins, Larry, *Defendant*

380. Wilberforce, Nana, *Attorney for Plaintiffs-Appellees*

381. Wilborn, Eric, *Attorney for Defendant*

382.   Willard, Russell D., *Attorney for Defendants-Appellants*

383.   Williams, Gilda, *Former Attorney for Plaintiffs-Appellees*

384.   Williams, Tuwanda, *Former Attorney for Defendant*

385.   Wilmer Cutler Pickering Hale and Dorr LLP, *Attorneys for Plaintiffs-Appellees*

386.   Wilson, Jacob, *Attorney for Defendant*

387.   Wilson, Melanie, *Attorney for Defendant*

388.   Wingate, Mark, *Defendant*

389.   Winichakul, Pichaya, *Attorney for Plaintiffs-Appellees*

390.   Women Watch Afrika, *Plaintiff-Appellee*

391.   Woodfin, Conor, *Attorney for Intervenors-Appellants*

392.   Woolard, Cathy, *Defendant*

393.   Wurtz, Lori, *Defendant*

394.   Yoon, Meredyth, *Attorney for Plaintiffs-Appellees*

395.   Young, Sean, *Former Attorney for Plaintiffs-Appellees*

396.   Zatz, Clifford, *Attorney for Plaintiffs-Appellees*

Members of the above-named Plaintiff-Appellee groups and residents of the State of Georgia also have an interest in the outcome of this appeal.

Except Plaintiff-Appellee Georgia State Conference of the National Association for the Advancement of Colored People (whose parent corporation is

National Association for the Advancement of Colored People, Inc.), none of the above parties has a parent corporation, and no corporation owns 10% or more of any party's stock. No publicly traded company or corporation has an interest in the outcome of this case or appeal.

Per Eleven Circuit Rule 26.1-2(c), Plaintiffs-Appellees certify that the certificate of interested persons contained in this motion is complete.

Dated: December 20, 2024                      Respectfully Submitted,

                                              */s/ Laurence Pulgram*

Laurence F. Pulgram                           Julie M. Houk
Armen Nercessian                              Jennifer Nwachukwu
FENWICK & WEST LLP                            Heather Szilagyi
555 California Street                         LAWYERS' COMMITTEE FOR
San Francisco, CA  94104                      CIVIL RIGHTS UNDER LAW
(415) 875-2300                                1500 K Street NW, Suite 900
                                              Washington, D.C. 20005
Catherine McCord                              (202) 662-8600
FENWICK & WEST LLP
902 Broadway, Floor 18
New York, NY 10010                            Bryan L. Sells
(212) 430-2690                                THE LAW OFFICE OF
                                              BRYAN SELLS, LLC
                                              PO Box 5493
Vilia Hayes                                   Atlanta, GA 31107
Neil Oxford                                   (404) 480-4212
Gregory Farrell                               Gerald Weber
HUGHES HUBBARD & REED LLP                     LAW OFFICES OF
One Battery Park Plaza                        GERRY WEBER, LLC
New York, NY 10004-1482                       PO Box 5391
(212) 837-6000                                Atlanta, GA 31107
                                              (404) 522-0507

*Attorneys for Plaintiffs-Appellees-*
*Cross-Appellants Georgia State*

C-22

*Conference of the NAACP, Georgia
Coalition for the People's Agenda,
Inc., League of Women Voters of
Georgia, Inc., GALEO Latino
Community Development Fund, Inc.,
Common Cause, and the Lower
Muskogee Creek Tribe*

Sophia Lin Lakin
Davin M. Rosborough
Jonathan Topaz
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7836

Leah C. Aden
Alaizah Koorji
John S. Cusick
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Anuja Thatte
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th Street, NW
Washington, DC 20005
(202) 682-1300

Bradley E. Heard
Pichaya Poy Winichakul
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30031
(404) 521-6700

Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, GA 30357
(678) 981-5295

Debo P. Adegbile
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Tania Faranasso
Laura E. Powell
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6000

George P. Varghese
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for Plaintiffs-Appellees-Cross-Appellants Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, Georgia Muslim Voter Project, Latino Community Fund of Georgia, The Arc of the United States, and Women Watch Afrika*

## <u>TABLE OF CONTENTS</u>

PAGE

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

I.    Plaintiffs' Injuries Are Traceable To, And Redressable By, An Order Against State Defendants. ........................................................................2

    A.    Plaintiffs' Injuries Can Be Redressed By Requiring State Defendants To Exercise Their Statutory Powers Over Absentee Ballots. ........................................................................4

    B.    Plaintiffs' Injury Is Traceable To The "Form And Substance" Of The Outer Envelope, Over Which The Secretary Of State Has Control; An Order Enjoining The Secretary To Use A Compliant Envelope Will Provide Redress. ............................10

    C.    Plaintiffs' Injury Can Also Be Redressed Through An Order Requiring The Secretary To Direct Counties To Correct And Recertify Tallies Computed In Violation Of Federal Law. .......14

    D.    Plaintiffs' Injuries Are Traceable To The SEB And Can Be Redressed Through An Order Requiring It To Ensure Compliance. ............................................................................17

II.   In The Alternative, State Defendants And Intervenors Fail To Demonstrate Standing, Warranting Dismissal Of Their Appeal.........20

CONCLUSION.....................................................................................................23

CERTIFICATE OF COMPLIANCE....................................................................27

CERTIFICATE OF SERVICE .............................................................................28

i

# <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                    **PAGE(S)**

*Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez,*
    458 U.S. 592 (1982)................................................................22

*Black Voters Matter Fund v. Raffensperger,*
    478 F. Supp. 3d 1278 (N.D. Ga. 2020)...............................................13

*Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.,*
    950 F.3d 790 (11th Cir. 2020) .......................................................23

*Democratic Party of Ga., Inc. v. Crittenden,*
    347 F. Supp. 3d 1324 (N.D. Ga. 2018)....................................14, 15, 16

*Garcia-Bengochea v. Carnival Corp.,*
    57 F.4th 916 (11th Cir. 2023) ........................................................4

*Georgia Republican Party, Inc. v. Georgia Secretary of State,*
    No. 20-14741-RR, 2020 WL 7488181 (11th Cir. Dec. 21, 2020).......................9

*Hollingsworth v. Perry,*
    570 U.S. 693 (2013)................................................................22

*Jacobson v. Florida Secretary of State,*
    974 F.3d 1236 (11th Cir. 2020) ................................................*passim*

*KH Outdoor, LLC v. Fulton Cnty.,*
    587 F. App'x 608 (11th Cir. 2014).....................................................4

*League of Women Voters of Fla., Inc. v. Florida Sec'y of State,*
    66 F.4th 905 (11th Cir. 2023) .....................................................5, 21

*League of Women Voters of Fla., Inc. v. Lee,*
    595 F. Supp. 3d 1042 (N.D. Fla. 2022) ...............................................21

*Lewis v. Governor of Ala.,*
    944 F.3d 1287 (11th Cir. 2019) .................................................16, 17

# TABLE OF AUTHORITIES
## (continued)

CASES                                                                    PAGE(S)

*Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*,
    148 F.3d 1231 (11th Cir. 1998) ................................................................4

*MacPhee v. MiMedx Grp., Inc.*,
    73 F.4th 1220 (11th Cir. 2023) .............................................................4

*Maine v. Taylor*,
    477 U.S. 131 (1986)................................................................................22

*Martin v. Crittenden*,
    347 F. Supp. 3d 1302 (N.D. Ga. 2018)........................................14, 15

*New Georgia Project v. Raffensberger*,
    484 F. Supp. 3d 1265 (N.D. Ga. 2020)........................................6, 7, 8

*Rose v. Raffensperger*,
    511 F. Supp. 3d 1340 (N.D. Ga. 2021) ...............................................8

*Schultz v. Alabama*,
    42 F.4th 1298 (11th Cir. 2022) ...................................................20, 21

STATUTES

O.C.G.A. § 21-2-31(1)................................................................................5, 18

O.C.G.A. § 21-2-31(2)....................................................................................18

O.C.G.A. § 21-2-31(7)....................................................................................18

O.C.G.A. § 21-2-33.1(a)............................................................................5, 19

O.C.G.A. § 21-2-33.1(f).................................................................................5

O.C.G.A. § 21-2-384(b).................................................................................13

# TABLE OF AUTHORITIES
### (continued)

**STATUTES**                                                              **PAGE(S)**

O.C.G.A. § 21-2-386(a)(1)(C) ....................................................................16

O.C.G.A. § 21-2-499(a) ................................................................5, 14, 15

**RULES**

11th Cir. Rule 28-1(g) ...............................................................................20

F.R.A.P. 28(a)(4) .......................................................................................20

**INTRODUCTION**

The District Court held that the Birthdate Requirement violates the Materiality Provision of the Civil Rights Act. That part of its holding was correct: the Birthdate Requirement wrongfully denies eligible Georgians the right to vote by unlawfully excluding their ballots based on immaterial paperwork errors. The District Court erred, however, by not enjoining the Georgia Secretary of State (the "Secretary") and State Election Board ("SEB," collectively with the Secretary, "State Defendants") to exercise their statutory authority to prevent further such violations. Because Plaintiffs' injuries from those violations are traceable to and redressable by State Defendants, this Court should reverse the District Court with respect to the State Defendants and remand with instructions for the entry of an appropriate injunction.

As they did below, State Defendants rely on *Jacobson v. Florida Secretary of State*, 974 F.3d 1236, 1254 (11th Cir. 2020), for the proposition that statewide officials cannot be held responsible when local (*e.g.*, county-level) election officials also play a role in administering election laws. But State Defendants read *Jacobson* too broadly, and it is easily distinguishable. The Florida Secretary in *Jacobson* had no statutory authority over the conduct at issue there, i.e., how counties determined the order of candidates on ballots. By contrast, in Georgia, both the Secretary and the SEB have significant power over county officials, and express statutory duties

1

with respect to vote counting and certification, that, if exercised, would prevent the exclusion of votes that results from enforcement of the illegal Birthdate Requirement. Because an injunction requiring them to exercise that authority is at least *likely* to redress Plaintiffs' injuries, the District Court should issue one.

But, if the Court finds that State Defendants are right that they have "nothing to do with" the Birthdate Requirement, then this Court should dismiss Defendants' appeal for lack of jurisdiction. By dodging an injunction against them, State Defendants prevailed and cannot be aggrieved parties with standing to appeal.

## ARGUMENT

## I.    PLAINTIFFS' INJURIES ARE TRACEABLE TO, AND REDRESSABLE BY, AN ORDER AGAINST STATE DEFENDANTS.

Plaintiffs showed in the opening brief on their cross-appeal that there are several distinct ways that State Defendants could redress the harm to Plaintiffs from enforcement of the Birthdate Requirement, and that their injuries are fairly traceable to the failure of State Defendants to exercise their statutory authority consistent with the Materiality Provision. *See* Plaintiffs' Opening Cross-Appeal Brief, DE 147 (23-13085), DE 127 (23-13095) ("Pls. OB") at 88-97.[1] In opposition, Defendants argue

---

[1] Citations to the record are indicated with "DE" (for docket entry), the number of the docket entry, and any page number generated by the relevant court's electronic filing system or, where appropriate, paragraph number or page-and-line number ranges, followed by the page number where the document is located in Plaintiffs' supplemental appendices in brackets, where applicable. Unless otherwise noted,

that the involvement of county officials in counting absentee ballots eclipses any role that they have concerning the Birthdate Requirement. State Defendants' Response and Reply Brief, DE 168 (23-13085), DE 144 (23-13095) ("SRB") at 55-56. But that contention distorts the applicable legal standards.

As long as the requested relief is reasonably *likely* to remedy the injury, then the injury is redressable by the party against whom the relief is sought. Proximate cause is not required. And Plaintiffs' injuries are traceable to and redressable by State Defendants if the miscounting of vote would stop, even as the indirect consequence of their compliance with an appropriate injunction. *See* Pls. OB at 89 (collecting cases). Remarkably, State Defendants do not dispute that, if the Secretary and SEB exercised the oversight that Plaintiffs requested, counties would in all likelihood comply. Instead, State Defendants simultaneously argue that they have a compelling interest in "uniformity" in the application of state election laws (to establish their standing to appeal) but are powerless to do anything that would actually promote uniformity (to defeat Plaintiffs' ability to obtain statewide relief). But the law does not support such an arbitrary and internally inconsistent approach.

---

citations to the record are to the District Court consolidated case docket, Case No. 1:21-mi-55555.

### A. Plaintiffs' Injuries Can Be Redressed By Requiring State Defendants To Exercise Their Statutory Powers Over Absentee Ballots.

As Plaintiffs explained in their opening cross-appeal brief, traceability does not require a defendant to be the *only*, or even proximate, cause of a plaintiff's injury. Pls. OB at 89 (collecting cases). Where, as here, an injury is fairly traceable to acts or omissions by multiple actors, one actor does not become immune from responsibility for it simply because another also plays a role. *Loggerhead Turtle v. Cnty. Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1247 (11th Cir. 1998); *accord MacPhee v. MiMedx Grp., Inc.*, 73 F.4th 1220, 1239-40 (11th Cir. 2023).

Nor does redressability require a defendant to be the *only* person capable of addressing the harm. The redressability component of Article III standing is met where it is "likely" that the plaintiff's injury-in-fact will be "redressed by a favorable decision." *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 927 (11th Cir. 2023) (citations omitted); *see also KH Outdoor, LLC v. Fulton Cnty.*, 587 F. App'x 608, 613 (11th Cir. 2014) (citing *Lujan*, 504 U.S. at 561) (similar).

An injunction against State Defendants will likely remedy the legal violations at issue. State Defendants do not assert that they lack authority to cause Georgia counties to comply with the Secretary's and SEB's directives to follow uniform procedures. This is not surprising, for there are consequences for counties that fail to follow such directives. These consequences include a county's votes not being

counted where errors go uncorrected (O.C.G.A. § 21-2-499(a)); civil penalties, public reprimands, or other remedial measures (O.C.G.A. § 21-2-33.1(a)(2)); and procedures for suspending and replacing county superintendents (O.C.G.A. § 21-2-33.1(a), (f); § 21-2-33.2(c), (e)).

Moreover, State Defendants admit that the Secretary "has a statutory obligation to uniformly administer elections according to the election code adopted by the Legislature." SRB at 52-53 (quoting *League of Women Voters of Fla., Inc. v. Florida Sec'y of State*, 66 F.4th 905, 945–46 (11th Cir. 2023)). They also cite O.C.G.A. § 21-2-31(1) for the proposition that the "State Election Board duties include promulgating rules and regulations 'to obtain uniformity' statewide in election administration," *id.* at 53, a result to which they claim to aspire. If State Defendants instructed counties to comply with federal law, this would likely redress the harm to Plaintiffs and voters in all Georgia counties.

Despite their clear statutory authority over administering elections, State Defendants invoke *Jacobson* to skirt all responsibility over uniform application of the Materiality Provision to SB 202's unlawful Birthdate Requirement. In *Jacobson*, this Court addressed a challenge to the order in which candidates appeared on ballot and held that there was no standing to obtain an injunction over candidate order against the Florida Secretary of State. 974 F.3d at 1254. But the Court's holding depended entirely on the specific grants and limitations of authority, concerning

ordering of candidates, under Florida law.  As it explained, "Florida law tasks the Supervisors, *independently of the Secretary*, with printing the names of candidates on ballots in the order prescribed by the ballot statute," *id.* at 1253 (emphasis added), and the Florida Secretary has "highly limited authority" over county officials, *id.* at 1256, with no way to assure compliance with ballot form directives except "through coercive judicial process" against them, *id.* at 1253.  By statute, the Florida counties had full and final control over the order of candidate names on the ballot, including, *expressly*, in relation to the Secretary of State.  The Secretary could not redress the injury even "as a practical matter."  *Id*. at 1255.  Given the law, no order from the Secretary would "significantly increase the likelihood" of a change in candidate order, as county officials could ignore it.  *Id*.

Georgia law is different from Florida law.  For example, it expressly empowers the Secretary and SEB to promulgate rules for counting ballots consistent with applicable law and to ensure county officials count votes lawfully before certifying that vote.  *See* Pls. OB at 91-97.  And under Georgia law, the Secretary promulgates the form of the absentee ballot package and the "uniform instructions" for preparing and returning them.  State Defendants' broad powers include "significant statutory authority to train local election officials and set election standards," and Georgia county election officials also must "implement any instructions issued by the State Election Board and Secretary of State."  *New*

6

*Georgia Project v. Raffensberger*, 484 F. Supp. 3d 1265, 1286 & n.15 (N.D. Ga. 2020) ("*NGP*").  State Defendants can exercise these powers to ensure statewide compliance with the Materiality Provision, whereas in *Jacobson*, the Florida Secretary lacked any such authority over the ordering of candidates on county ballots.

Defendants misconstrue cases that have interpreted and distinguished *Jacobson*.  For instance, State Defendants attempt to explain away *NGP*, which distinguished *Jacobson*, by arguing that the court there addressed *Jacobson* "only in assessing the plaintiffs' individual *injuries*" and not as to traceability and redressability.  SRB at 60.  This is incorrect.  *NGP* did distinguish *Jacobson* as to traceability and redressability, and at length:

> In support of the argument regarding redressability, the County Defendants specifically contend that Plaintiffs should have sued all one hundred and fifty-nine (159) counties in Georgia.  Because Plaintiffs did not do so, the County Defendants submit that Plaintiffs' injuries are not traceable to the Secretary, and thus, not redressable. However, upon review, the Court finds that *Jacobson*, upon which the County Defendants rely in support of their argument, is distinguishable.

*NGP*, 484 F. Supp. 3d at 1286 n.16 (citations omitted).  The court concluded that, "pursuant to Florida state law, the Florida Secretary of State did not have the power to redress the plaintiffs' injuries" in *Jacobson*, but that "Georgia law differs from Florida law on this point" because "the Georgia Secretary of State and the State

7

Election Board have broad powers to ensure the uniformity in the administration of election laws." *Id.* (In fact, it is this very interest in uniformity that State Defendants assert here to support their own standing to appeal.) Thus, as with the defendants in *NGP*, State Defendants' "reliance on *Jacobson* is inapposite." *See id.* The *NGP* court faithfully interpreted *Jacobson* and aptly distinguished it given the applicable Georgia election law.

State Defendants also attempt to distinguish *Rose v. Raffensperger*, 511 F. Supp. 3d 1340, 1354-57 (N.D. Ga. 2021), arguing that it did not "involve processing ballots or any other duties assigned to county registrars" and is therefore inapposite. SRB at 61. But, in fact, the court's holding in *Rose* turned, like the issues in this appeal, on the authority of the Georgia Secretary to remedy the injury alleged. In *Rose*, plaintiffs sued the Secretary for violations of the Voting Rights Act, alleging that statewide at-large elections diluted minority votes in elections for the Georgia Public Service Commission. *Rose*, 511 F. Supp. 3d at 1352-53. As in this case, the Secretary tried to shift the responsibility to other actors, arguing that "Plaintiffs' injuries are not traceable to him because the Commission districts are designed by the Georgia General Assembly." *Id* at 1356. The court disagreed, finding traceability as to the Secretary because, by law, "the Secretary is the person responsible for administering elections" and thus distinguishing *Jacobson*. *Id.*

Defendants also distort this Court's non-precedential order denying an emergency motion for an injunction pending appeal in *Georgia Republican Party, Inc. v. Georgia Secretary of State*, No. 20-14741-RR, 2020 WL 7488181 (11th Cir. Dec. 21, 2020). In that case, less than a month before the 2021 United States Senate runoff, the Georgia Republican Party and two Republican candidates filed a complaint seeking to modify the signature-matching process for absentee ballots conducted by county officials, contending that certain counties were excluding too few ballots. The plaintiffs had sued only the Georgia Secretary and members of the SEB, but they sought an injunction directing "(1) *Georgia election officials* to conduct a meaningful signature matching process; (2) that three *election officials* review the voter's signature on the absentee ballot to ensure that it matches the voter's reference signature; and (3) require that *observers from the parties* participating in the election be permitted to view the signature matching process." *Id.* at *1 (emphases added).

This Court denied the emergency motion because the injunction contemplated action *only* by *non*-parties: "the Secretary and the election board do not conduct the signature matching process, are not the election officials that review the voter's signature, and do not control whether the signature matching process can be observed . . . ." *Id.* at *2. Plaintiffs do not seek to require State Defendants to do anything they have no authority to do; only that they exercise the express statutory

powers they already have to prevent counties from enforcing the illegal Birthdate Requirement.

**B.** **Plaintiffs' Injury Is Traceable To The "Form And Substance" Of The Outer Envelope, Over Which The Secretary Of State Has Control; An Order Enjoining The Secretary To Use A Compliant Envelope Will Provide Redress.**

As explained in Plaintiffs' opening brief, one easy way the Secretary can remedy statewide the violation of the Materiality Provision is through that office's explicit statutory power over the form and substance of absentee ballots and envelopes.  Pls. OB at 91-93.  Defendants devote several pages to attacking Plaintiffs' request for this remedy as "belated."  SRB at 62-67; *see also* Intervenors' Response and Reply Brief, DE 169 (23-13085), DE 145 (23-13095) ("IRB") at 38-39.  It is not.[2]  In the same discussion, State Defendants acknowledge that Plaintiffs raised this as an appropriate form of relief during briefing on the preliminary injunction before the District Court.  SRB at 62.  State Defendants had an opportunity to respond, and indeed they filed a sur-reply that specifically addressed

---

[2] State Defendants also argue that Plaintiffs' "complaints did not plead" the relief sought in their preliminary injunction motion.  SRB at 62.  Not so.  Both Plaintiffs' operative complaints at the time the motion was filed alleged violations of the Birthdate Requirement (among numerous other aspects of S.B. 202) and broadly requested injunctive relief from the violations alleged.  *See* GA NAACP Amended Complaint, DE 35 (1:21-cv-01259) ¶ 236 & Prayer for Relief ¶ 6; AME Amended Complaint, DE 83 (1:21-cv-01284) ¶ 375 & Prayer for Relief ¶ 2.  Plaintiffs need not plead the exact terms of a requested injunction in the complaint, and State Defendants cite no authority in their argument to the contrary.

revision of the ballot return envelope form.  DE 607 at 6-7; *see also id.* at 7-8 (addressing SEB's suspension power).  Statewide amendment to the envelope form was thus squarely before the District Court and this Court, and Defendants have been fully and fairly heard on the issue.[3]

Defendants concede that "the Secretary does provide a proposed form" for the absentee ballots and envelopes.  SRB at 66.  Indeed, they submitted that form into the record (DE 582-03 [SA975]), affirming that Georgia absentee voters "fill[] out a standard form made available by the Secretary" (DE 582 at 6)  They stated that each such "absentee-ballot return envelope specifically advises voters how the information will be used" and contains the following fields:

---

[3] Moreover, for this Court *not* to reach this issue now, after it was fully briefed below and squarely presented here, would be counterproductive.  Even if this relief were not recited in the proposed order with Plaintiffs' motion below, it is within the scope of the relief generally demanded in the complaint.  Hence, the District Court will, on summary judgment and/or at trial, have to address whether the Secretary's ability to change the absentee ballot envelope form is sufficient to satisfy redressability and traceability.  This Court's failure to address the issue would leave the District Court without guidance and increase the likelihood of another appeal that could be avoided.

**Voter Identification**

Print carefully. This information will be used to
verify your identity before counting your ballot.

My date of birth *(MM/DD/YYYY)* _____

Number of my Georgia driver's license or state identifi-
cation card issued by the Department of Driver Services

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

**OR**    ☐ I do not have a Georgia driver's license or ID.
The last 4 digits of my
Social Security No. are

**OR**    ☐ I do not have a Georgia driver's license or ID
or a Social Security Number **AND**
I have placed in this envelope a copy of one of
the forms of identification listed in the absentee
ballot instructions.

*Id.* at 8. An injunction to remove the "date of birth" field from the Secretary's form for return envelopes would thus prevent counties from disenfranchising voters based on incorrect or missing dates of birth, redressing Plaintiffs' harm statewide.

State Defendants contend, for the first time, that Georgia election law imbues the Secretary with authority only over the "form and substance" of the *instructions* for preparing and returning the ballot—and not the ballot return envelope itself. SRB at 65-66. State Defendants failed to raise this theory below, recognizing that there is a single form prepared by the Secretary that all voters complete.

In any event, the Secretary has the authority to cure the problem by correcting the form provided. S.B. 202 requires the absentee ballot package sent to electors to contain:

12

> [T]wo envelopes, the official absentee ballot, the uniform instructions for the manner of preparing and returning the ballot, *in form and substance as provided by the Secretary of State*, provisional absentee ballot information, if necessary, and a notice *in the form provided by the Secretary of State* of all withdrawn, deceased, and disqualified candidates and any substitute candidates pursuant to Code Sections 21-2-134 and 21-2-155 and nothing else.

O.C.G.A. § 21-2-384(b) (emphases added).  The text confers the Secretary authority to provide for the preparation and substance of *all* items listed, including the envelope and ballot forms, not just the "unform instructions" of the ballot.[4]

In fact, it is the Secretary, and only the Secretary, that creates the return envelope forms:  "Georgia's election code delegates authority to the Secretary of State to oversee the elections and prepare the form of the ***absentee ballots and envelopes***." *Black Voters Matter Fund v. Raffensperger*, 478 F. Supp. 3d 1278, 1305-06 (N.D. Ga. 2020) (emphasis added), *aff'd sub nom. Black Voters Matter Fund v. Sec'y of State for Georgia*, 11 F.4th 1227 (11th Cir. 2021) (holding plaintiffs' injuries were traceable to the Georgia Secretary but denying injunction on other grounds).  State Defendants argue the Secretary merely provides a "model envelope" that the countries are not required to use.  SRB at 66.  But they provide

---

[4] In arguing that the statute only confers authority to the Secretary to adjust the uniform rules (SRB at 65), State Defendants misread the statute.  The first italicized clause in the statute modifies not just the "uniform instructions" but all items in the list that precede the modifier, including the envelope and ballot forms.  By contrast, in the very same sentence the second italicized clause demonstrates that, where the Legislature intended the modifying clause to pertain to only one item in a list, it knew how to clearly identify a single item so limited.

no evidence that any ballot return form, other than the Secretary's, has ever been or would be created by any county. State Defendants apparently contend the Secretary has adopted the practice of propagating forms without statutory mandate. Regardless, that would not prevent the Courts from ordering him to conform the forms he does propagate to comply with the Materiality Provision and thereby redress Plaintiffs' injury.

### C. Plaintiffs' Injury Can Also Be Redressed Through An Order Requiring The Secretary To Direct Counties To Correct And Recertify Tallies Computed In Violation Of Federal Law.

An injunction ordering the Secretary to direct counties to count absentee ballots even without accurate birthdates is also likely to redress Plaintiffs' injuries. Pls. OB at 94-96. Georgia law empowers the Secretary to issue such an order and also to withhold certification of results, under O.C.G.A. § 21-2-499(a), if counties are non-compliant. Defendants gloss over this express statutory power (*see* SRB at 59; IRB at 39) and they ignore that courts have issued two similar injunctions that *did* successfully redress injuries from immaterial birthdate requirements. *See Democratic Party of Ga., Inc. v. Crittenden*, 347 F. Supp. 3d 1324, 1347 (N.D. Ga. 2018); *Martin v. Crittenden*, 347 F. Supp. 3d 1302, 1311 (N.D. Ga. 2018) (collectively, the "*Crittenden* cases"). There is no basis to conclude that relief would not be equally effective here.

14

Defendants argue that these cases are "inconsistent" with *Jacobson*. SRB at 59. They are not. Both cases enjoined the Georgia Secretary of State to use the existing powers of the office that could, and did, fully redress the plaintiffs' harm. In *Martin*, the Secretary was ordered "to delay certification until [ballots with a missing or incorrect birth year] have been counted." 347 F. Supp. 3d at 1311. In *Democratic Party*, the Secretary was similarly enjoined "from certifying the State Election results until she has confirmed that each county's returns include the counts for absentee ballots where the birth date was omitted or incorrect." 347 F. Supp. 3d at 1347. Nothing in *Jacobson* eliminated the Secretary's power to certify, or withhold certification of, county vote counts as a remedy for Plaintiffs' election-related injuries. *See also* O.C.G.A. § 21-2-499(a).

As Plaintiffs have explained, Georgia law gives the Secretary ultimate authority "to tabulate, compute, and canvass the votes cast for all candidates" and to "certify" the results. O.C.G.A. § 21-2-499(a). "In the event an error is found in the certified returns presented to the Secretary of State or in the tabulation, computation, or canvassing of votes as described in this Code section, the Secretary of State *shall* notify the county submitting the incorrect returns and *direct the county to correct and recertify such returns*." *Id.* (emphases added).

Defendants do not dispute that the Secretary has this power and duty, or that Plaintiffs expressly sought an order based on it below. Instead, they argue that

15

because the State Defendants cannot personally inspect each absentee ballot in its original envelope, the proposed injunction could prove ineffective.  SRB at 59.  But, as in the *Crittenden* cases, the state officers need not themselves perform the count before they certify the election.  They need only inquire of each county whether *the county* has counted in compliance with federal law and to withhold certification until the answer is "yes."[5]  The remote possibility that a rogue county supervisor might falsely certify compliance with the Secretary's order is no reason for a court not to enter an injunction in the first place.

State Defendants also invoke *Lewis v. Governor of Ala.*, 944 F.3d 1287 (11th Cir. 2019) (en banc), a wages case that has nothing to do with election laws, which was cited in *Jacobson*, 974 F.3d at 1254.  SRB at 58.  In *Lewis*, employee-plaintiffs sought declaratory and injunctive relief not against their own employers, who were allegedly underpaying them based on a state statute that purported to void a municipal minimum wage ordinance, but instead against the Alabama Attorney General.  *Id*. at 1292.  The Court held that plaintiffs failed to meet the redressability prong and therefore lacked standing because the statute did not grant the Attorney General any way to make the employers pay, nor had he ever enforced or threatened

---

[5] The Secretary should, of course, advise the counties of this obligation in advance of the election.  But even after an election and pending certification, a county can cure any failure to properly count, as any documents for rejected absentee ballot must, by law, be retained for at least two years.  O.C.G.A. § 21-2-386(a)(1)(C).

to enforce the law, much less against plaintiffs' employers.  With respect to the challenged state law, the employers were "absent third part[ies]" who could not conceivably be bound by any order against the Attorney General.  *Id.* at 1301.

*Lewis* has no application here.  The Georgia Secretary of State has an express role in certifying county election tallies, and he has express statutory authority and duty to provide the very redress Plaintiffs seek—i.e., correcting county errors and ensuring ballots have been lawfully counted before certifying counties' tabulations.  Unlike in *Lewis* and *Jacobson,* Plaintiffs here have not "manufacture[d] redressability" by relying on a "'notice' theory of redressability," under which a non-party's notice of a decision rendered against a defendant might by itself increase the non-party's likelihood to conform to a decision that does not strictly bind them.  SRB at 58; *Jacobson*, 974 F.3d at 1254.  Rather, Plaintiffs articulate a straightforward theory of redressability based on the Secretary's express authority to compel the counties' compliance with the Materiality Provision.

### D.    Plaintiffs' Injuries Are Traceable To The SEB And Can Be Redressed Through An Order Requiring It To Ensure Compliance.

Finally, as shown in Plaintiffs' opening brief, an injunction against the SEB is likely to preclude enforcement of the unlawful Birthdate Requirement statewide and therefore redress Plaintiffs' injury.  Pls. OB at 96-97.  While State Defendants argue that county officials directly count votes, they overlook the SEB's express

17

purpose of obtaining "uniformity in the practices and proce[dures]" among those very officials by "promulgat[ing] rules and regulations" and enforcing them. O.C.G.A. § 21-2-31(1). The SEB is obligated to ensure county officials follow applicable election law, and it can advance uniformity through several express powers created by statute. *See* Pls. OB at 96.

Rather than respond to Plaintiffs' arguments about the SEB's influence over election administration (and enforcement of the Birthdate Requirement, in particular), Defendants cherry-pick a single point regarding the SEB's power to suspend county election officials, arguing that suspension is speculative. *See* SRB at 67; IRB at 39. Defendants shortchange the agency's powers. Before reaching suspension, the ultimate enforcement mechanism, the SEB can and does issue rules and regulations to "obtain uniformity" and "legality" in election administration—rules that it must promptly provide to each county superintendent. O.C.G.A. § 21-2-31(1), (2).[6] As to ballot counting in particular, the SEB's duties include promulgating rules as to "what will be counted as a vote for each category of voting system used in this state," including absentee voting. O.C.G.A. § 21-2-31(7).

---

[6] Plaintiffs have never argued that the district court's injunction should instruct the SEB to suspend county officials or that suspension is the only way the SEB can redress Plaintiffs' injuries. *See, e.g.*, Pls. OB at 97 (Plaintiffs' argument on appeal that it is "likely that an injunction ordering the SEB to instruct counties not to enforce the Birthdate Requirement would redress Plaintiffs' injuries"); DE 595 at 12-13 (discussing the SEB's suspension power as an example of a distinction from Florida officials' authority).

Again, Defendants articulate no basis to expect that counties would not comply with the SEB's rules. Indeed, the SEB has the power to issue orders directing compliance with Georgia election law or its own regulations and to prohibit the actual or threatened commission of any conduct constituting a violation. O.C.G.A. § 21-2-33.1(a). The SEB's remedial actions include requiring respondents:

- To cease and desist from committing further violations;

- To pay a civil penalty not to exceed $5,000.00 for each violation of law or any rule or regulation promulgated under this chapter.

- To require that restitution be paid by any violator to a state, county, or city governing authority when it has suffered a monetary loss or damage as the result of a violation;

- To require violators to attend training as specified by the board; and

- To assess investigative costs incurred by the board against any violator found to have committed a violation.

*See id.* There are numerous tools available to the SEB by which the SEB can ensure elections are conducted in compliance with the District Court's ruling on the Birthdate Requirement. In all events, the SEB's claim that it has no power over counting absentee ballots conflicts with its claim to have standing to appeal based on its interest in uniformity of elections.

## II.    IN THE ALTERNATIVE, STATE DEFENDANTS AND INTERVENORS FAIL TO DEMONSTRATE STANDING, WARRANTING DISMISSAL OF THEIR APPEAL.

If this Court does not rule in favor of Plaintiffs on their cross-appeal, it should dismiss State Defendants' and Intervenors' appeal for lack of jurisdiction.  Despite Defendants' obligation as appellants to demonstrate standing to appeal, and contrary to this Court's rules requiring them to substantiate that standing, neither State Defendants nor Intervenors addressed standing in their opening briefs.  *See* 11th Cir. Rule 28-1(g) (requiring a statement of jurisdiction including all information enumerated in F.R.A.P. 28(a)(4)(A) through (D)).  State Defendants merely "relied on the jurisdictional briefing" they submitted in response to the Court's jurisdictional question.  DE 124 (23-13085) at 48-49 n.4.  Intervenors made no jurisdictional argument at all.  *See generally* DE 125 (23-13085).

State Defendants try to backfill their lack of standing on reply, but they cannot overcome the fundamental fact that they prevailed below and thus were not "aggrieved."  By claiming that they had no involvement in or responsibility over enforcement of S.B. 202's Birthdate Requirement, they convinced the District Court not to enter an injunction against them.  *See* DE 70 (23-13085) at 34-36.  As in *Schultz v. Alabama*, 42 F.4th 1298 (11th Cir. 2022), *cert. denied sub nom. Hester v. Gentry*, 143 S. Ct. 2610 (2023), appellants have no appellate standing where "the

20

injunction, by its very terms, does not require [appellants] to do anything . . . ." *Schultz*, 42 F.4th at 1317.

Contrary to Defendants' argument, *League of Women Voters of Fla. Inc. v. Florida Sec'y of State*, 66 F.4th 905, 945 (11th Cir. 2023), does not require a different result.  IRB at 11-12; SRB at 52.  In that case, unlike this case, the Florida Secretary of State had *not* prevailed below on the order appealed, and, indeed, plaintiffs had never sought an injunction against the Secretary with respect to that issue. *See League of Women Voters of Fla., Inc. v. Lee*, 595 F. Supp. 3d 1042, 1180–83 (N.D. Fla. 2022) (Secretary enjoined on other claims).

Moreover, the Florida Secretary of State never claimed to be beyond the Article III jurisdiction of the District Court, only later to claim an Article III right to participate on appeal, as State Defendants do here.  When this Court stated in *League of Women Voters* that a party "need not be bound by an injunction" to have appellate standing in some circumstances, it did not suggest that a party can pick and choose its jurisdictional rights or obligations according to its own changing preferences. Appellants avoided an injunction below by arguing that "the processing of absentee ballot has nothing to do with State Defendants."  DE 582 at 16.  They cannot reverse course now and claim appellate standing on that issue.  Nor can State Defendants bootstrap their way into standing based on a generalized interest in ensuring "uniformity" in the application of the Birthdate Requirement, *see* SRB at 52-53,

where they have both disclaimed any interest in the subject pre-injunction, and failed to exercise their ample statutory authority to enforce uniformity post-injunction.

State Defendants' reliance on *Maine v. Taylor*, 477 U.S. 131 (1986) is also misplaced. Again, unlike here, the state actor in *Taylor* neither prevailed on the order being appealed nor successfully disclaimed Article III jurisdiction in the court below. That case involved an appeal by the ***losing*** party from a "conclusive adjudication" of unconstitutionality, after the state had affirmatively intervened and submitted to the district court's authority. *Id.* at 137. *Taylor* is further distinguishable because it involved a state appeal that "fit[] squarely within the plain terms" of a statute authorizing appeals *to the Supreme Court. Id.* at 133.[7]

Finally, Intervenors have no standing as they seek to "piggy-back" on the purported standing of State Defendants. IRB at 13. As set forth in Plaintiffs' reply in support of their motion to dismiss (DE 97 (23-13085) at 42-43), Intervenors themselves do not have standing. "[A] non-specific interest in defending the validity

---

[7] State Defendants' other authorities are similarly unavailing. *Alfred L. Snapp & Son, Inc. v. Puerto Rico ex rel. Barez*, 458 U.S. 592 (1982) is a decision concerning whether Puerto Rico had *parens patriae* standing in suit against private employers, contained no analysis of appellate standing at all, and is thus inapposite. *Hollingsworth v. Perry*, 570 U.S. 693 (2013) is even less relevant. The Supreme Court there held that private parties seeking to appeal from a final judgment declaring a state law unconstitutional had ***no standing*** "to defend the constitutionality of a state statute when state officials have chosen not to." *Id.* at 716. If anything, *Hollingsworth* bolsters Plaintiffs' argument; as here, "the District Court had not ordered [the petitioners] to do or refrain from doing anything." *Id.* at 705–06.

22

of a generally applicable state law is not sufficient to confer standing," and it affords standing only where the intervenor had already "divert[ed] personnel and time to educating voters about the modified law." *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 793–94 (11th Cir. 2020). Intervenors' declaration does not identify any diverted personnel or resources, or what they might have been diverted from; at most, it speculates vaguely that they "will need" or "would need" to take action. Declaration of Elliot Echols, DE 90-2 (23-13085) ¶¶ 9–14.

Because State Defendants lack standing to appeal the District Court's preliminary injunction, and because Intervenors otherwise have no independent standing to appeal, their appeals should be dismissed.

## **CONCLUSION**

Continued enforcement of the Birthdate Requirement across the state is possible only through State Defendants' acquiescence and failure to exercise their statutory powers to stop it. Plaintiffs' injury—loss of the right to vote due an immaterial procedural hurdle—is therefore traceable to, and redressable by an order against, State Defendants. If this Court finds jurisdiction over this appeal, the District Court's order denying Plaintiffs' motion for preliminary injunction as to State Defendants should be reversed and remanded with instructions to enjoin those parties as set forth herein.

23

Dated: December 20, 2024

Respectfully Submitted,

 */s/ Laurence Pulgram*

Laurence F. Pulgram
Armen Nercessian
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
(415) 875-2300

Catherine McCord
FENWICK & WEST LLP
902 Broadway, Floor 18
New York, NY 10010
(212) 430-2690

Vilia Hayes
Neil Oxford
Gregory Farrell
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

Julie M. Houk
Jennifer Nwachukwu
Heather Szilagyi
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street NW, Suite 900
Washington, D.C. 20005
(202) 662-8600

Bryan L. Sells
THE LAW OFFICE OF
BRYAN SELLS, LLC
PO Box 5493
Atlanta, GA 31107
(404) 480-4212
Gerald Weber
LAW OFFICES OF
GERRY WEBER, LLC
PO Box 5391
Atlanta, GA 31107
(404) 522-0507

*Attorneys for Plaintiffs-Appellees-Cross-Appellants Georgia State Conference of the NAACP, Georgia Coalition for the People's Agenda, Inc., League of Women Voters of Georgia, Inc., GALEO Latino Community Development Fund, Inc., Common Cause, and the Lower Muskogee Creek Tribe*

24

Sophia Lin Lakin
Davin M. Rosborough
Jonathan Topaz
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7836

Leah C. Aden
Alaizah Koorji
John S. Cusick
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Anuja Thatte
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th Street, NW
Washington, DC 20005
(202) 682-1300

Bradley E. Heard
Pichaya Poy Winichakul
SOUTHERN POVERTY LAW
CENTER
150 E. Ponce de Leon Ave., Suite 340
Decatur, GA 30031
(404) 521-6700

Cory Isaacson
Caitlin May
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 570738
Atlanta, GA 30357
(678) 981-5295

Debo P. Adegbile
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800

Tania Faranasso
Laura E. Powell
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
(202) 663-6000

George P. Varghese
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Attorneys for Plaintiffs-Appellees-Cross-Appellants Sixth District of the African Methodist Episcopal Church, Delta Sigma Theta Sorority, Georgia ADAPT, Georgia Advocacy Office, Georgia Muslim Voter Project, Latino Community Fund of Georgia, The Arc*

*of the United States, and Women Watch
Afrika*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limits of Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) because, excluding the parts of the brief exempted by Federal Rules of Appellate Procedure Rule 32(f) and Eleventh Circuit Rule 32-4, this brief contains 5,514 words.

2.      This brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

 */s/ Laurence Pulgram*
Laurence Pulgram

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2024, I served this appellate cross-appeal reply brief by electronically filing it with this Court's ECF system, which constitutes service on all attorneys who have appeared in this case and are registered to use the ECF system.

                                        */s/ Laurence Pulgram*
                                        Laurence Pulgram