# In the
# United States Court of Appeals
## For the Eleventh Circuit

––––––––––––––––––––––

No. 23-13085

––––––––––––––––––––––

In re:

GEORGIA SENATE BILL 202.

––––––––––––––––––––––

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-mi-55555-JPB

––––––––––––––––––––––

ORDER:

The parties are DIRECTED to file supplemental briefs addressing the following questions:

1. In *League of Women Voters of Florida, Inc. v. Florida Secretary of State*, 66 F.4th 905 (11th Cir. 2023), we held that several state parties, including a state secretary of state, attorney general, and several supervisors of elections, had standing to appeal an injunction that ran against a non-appealing party. In *Schultz v. Alabama*, 42 F.4th 1298 (11th Cir. 2022), by contrast, we held that state appellants, including sitting state-court judges, lacked standing to appeal an injunction that ran against a non-appealing party. Which case

2 Order of the Court 23-13085

governs the appellate standing of the state defendants here, and why?

2. Please address whether, or how, the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), affects the parties' standing in this case, both on appeal and in the district court.

The parties shall file supplemental briefs of no more than 5000 words on or before Monday, April 6, 2026.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION