FENWICK

One Front Street
33rd Floor
San Francisco, CA 94111

415.875.2300
Fenwick.com

Laurence F. Pulgram
lpulgram@fenwick.com | 415.875.2390

May 29, 2026

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: In re Georgia Senate Bill 202, No. 23-13085 –
Plaintiffs-Appellees' Response to Notice of Supplemental Authority

Dear Mr. Smith:

Intervenor-Appellants' letter improperly raises a new argument: That the Civil Rights Act (CRA) must be construed to invalidate only immaterial paperwork requirements for which discriminatory intent is proven.

Courts interpreting the CRA have consistently ruled to the contrary. *See, e.g.*, *Vote.org v. Callanen*, 89 F.4th 459, 486 (5th Cir. 2023) (repudiating discriminatory intent requirement; upholding Materiality Provision under Congress's authority to enforce the Fifteenth Amendment "to capture the hard-to-predict variations in 'trivial reasons'"). "Congress may enact so-called prophylactic legislation that proscribes facially constitutional conduct in order to prevent and deter unconstitutional conduct." *Id.* (citation omitted). Congress had authority to prohibit all literacy tests in the CRA, regardless of discriminatory intent, because they "unduly lend themselves to discriminatory application." *Oregon v. Mitchell*, 400 U.S. 112, 216 (1970) (Harlan, J., concurring in part) as quoted in *City of Boerne v. Flores*, 521 U.S. 507, 520 (1997).

This precedent is undisturbed by *Louisiana v. Callais*, 146 S. Ct. 1131 (2026), which does not address the CRA or its Materiality Provision. The Court's constitutional analysis of Section 2 of the Voting Rights Act was derived from the Equal Protection Clause's prohibition on racial discrimination in the redistricting context, which is inapplicable to the CRA's protection of all voters against disenfranchisement due to immaterial paperwork errors. Intervenors' logic—*sans* briefing—would threaten Congress's per se bans not only on immaterial paperwork, but also on literacy tests, differential election practices, and voter intimidation (52 U.S.C. § 10101(a)(2), (b)), in the voter registration phase as well as voting and ballot counting.

Independently, Intervenors' letter ignores that, in passing the CRA, Congress relied on the Elections Clause's investiture of plenary authority to Congress to control the manner of federal elections when it so chooses. *See* ECF No. 147 (NAACP Br. 46, n.13). Congress's "comprehensive" power to regulate pursuant to the Elections Clause is paramount, and may be

exercised at any time, and to any extent deemed expedient. *Arizona v. Inter Tribal Council of Ariz., Inc*., 570 U.S. 1, 8–9 (2013). Irrespective of the Fifteenth Amendment, Congress's power to enact the CRA's Materiality Provision remains unrefuted.

Sincerely,

FENWICK & WEST LLP

Laurence F. Pulgram
On behalf of Plaintiffs-Appellees

LFP:dw